CASE NO. 2012-436645
INCIDENT NO./TRN: 9215757104

| THE STATE OF TEXAS | § | IN THE 364™ DISTRICT |
| --- | --- | --- |
| v. | § § § | COURT |
| DANIEL DUNN | § § | LUBBOCK COUNTY, TEXAS |
| STATE ID NO.: TX 7534709 | § | |

*FILED FOR RECORD DISTRICT CLERK LUBBOCK CO. BY [signature] DEPUTY — 2013 APR 12 PM 4: 22*

## ORDER OF DEFERRED ADJUDICATION

| Judge Presiding: | HON. Bradley S. Underwood | Date Order Entered: | 4/11/13 |
| --- | --- | --- | --- |
| Attorney for State: | Amber D. Waddell | Attorney for Defendant: | Bob Jones |

**Offense:**
Retaliation

| Charging Instrument: | Statute for Offense: |
| --- | --- |
| Indictment | § 36.06 |

**Date of Offense:**
October 13, 2012

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
| --- | --- | --- |
| 3rd Degree Felony | Guilty | N/A |

**Terms of Plea Bargain:**
Six (6) Years Deferred Adjudication

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
| --- | --- | --- | --- |
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

**ADJUDICATION OF GUILT DEFERRED;
DEFENDANT PLACED ON COMMUNITY SUPERVISION.**

**PERIOD OF COMMUNITY SUPERVISION: SIX (6) YEARS**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
| --- | --- | --- | --- |
| $ 0 | $ 219.00 | $ 0 | ☐ VICTIM (see below)  ☒ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements Does Not Apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was. <u>The requirements set out in this judgment in no way alter previous registration requirements for this Defendant, if any.</u>

| Time Credited: | DAYS NOTES: | | |
| --- | --- | --- | --- |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Lubbock** County, Texas. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates Defendant's guilt. The Court FINDS that, in this cause, it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on community supervision.

The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisio[ns] PROC. art. 42.12 § 9.

The Court ORDERS that Defendant is given credit noted above for the time spent incarcerated. The Cou[rt ORDERS] Defendant to pay all fines, court costs, and restitution as indicated above.

**DEFENDANT'S EXHIBIT 8**

 

The Court ORDERS that no judgment shall be entered at this time. The Court further ORDERS that Defendant be placed on community supervision for the adjudged period so long as Defendant abides by and does not violate the terms and conditions of community supervision. See TEX. CODE CRIM. PROC. art. 42.12 § 5(a).

### Furthermore, the following special findings or orders apply:

**Court Costs**          $ 219.—               **APO Fee**                 $60.00

                                               **Payment Start Date**      May 21, 2013

An additional fee of $25 is due if Court Costs not paid within 31 days of this judgment.

**Dismissals:** N/A

The Defendant shall submit a blood sample or other specimen, such as a Buccal swab, within one week of sentencing, to the Department of Public Safety under Subchapter G, Chapter 411, Government Code, for the purpose of creating a DNA record.

The Defendant waives any and all interest in any property seized in connection with this case, cash or property (real or personal, tangible or intangible) which is the subject of any civil forfeiture action.

IT IS FURTHER ORDERED that the imposition of the sentence of confinement be suspended and that any fine imposed be paid in the manner set out below and the Defendant, **DANIEL DUNN**, is hereby placed on Community Supervision for a period of **Six (6) Years Deferred Adjudication** under the terms and conditions of the Community Supervision Law of the State of Texas, upon the following terms and conditions:

(a)   Commit no offense against the laws of this or any other State or the United States;

(b)   Avoid injurious or vicious habits;

(c)   Avoid persons or places of disreputable or harmful character;

(d)   Report to the Supervision Officer as directed. Defendant is paroled to the Director of Lubbock Community Supervision, or his designees; Defendant shall report this day in person, and thereafter as directed by the Supervision Officer but at least once every month, in writing, on or before the 21st day of each month hereafter, and each of said days ordered to report is a separate condition of this community supervision;

(e)   Permit the Supervision Officer to visit him at his home or elsewhere;

(f)   Work faithfully at suitable employment as far as possible;

(g)   Remain within ~~Lubbock~~ DENTON County, Texas unless the Court consents in writing to a change residence; —JBD

(h)   Support all his dependents;

(i)   Report any change of address to the community supervision office of Lubbock County, Texas, in writing, within 24 hours;

(j)   Memorize the terms and conditions of this community supervision;

(k)   Make the following payments to the Supervision Officer of Lubbock County, Texas beginning **May 21, 2013**: the payment of each installment ordered is a separate condition of this community supervision;

   1) Community Supervision fee of **$60.00** per month;

(l)   The Defendant will report to the Community Supervision Office of Lubbock County, Texas at 8:30 a.m. and 1:00 p.m. Monday through Friday when not gainfully employed;

(m)  Defendant shall submit a urine specimen to be tested for alcohol, narcotics, dangerous drugs, or any other tests whenever instructed by the Court and/or the supervision officer **to be paid by the defendant**;

(n)   Defendant must complete **160 hours of Community Service** at the direction of the Community Supervision Office. Twenty (20) hours are mandatory at 4 hours per month (beginning next month). The remaining are to be imposed at the Community Supervision Office's discretion;




(o) Defendant shall be evaluated to determine his/her educational skill level. If the defendant's educational level is found to be less than the average skill of students who have completed the sixth grade in this State, the defendant shall enroll in classes for the purpose of achieving the required skill level. If it is determined that the defendant does not have the intellectual capacity to achieve the required level than he/she will no longer be required to attend the said classes. **If the Defendant has not completed his/her high school education, he/she will either take the courses necessary to complete his/her high school education or achieve a General Equivalency Degree (GED);**

(p) Defendant shall attend and complete any drug, alcohol, or any other program as directed and deemed necessary by the Supervision Officer;

(q) Defendant shall maintain total abstinence from the use or possession of alcoholic beverages and any narcotics, <u>substances not meant for human consumption,</u> or dangerous drugs not prescribed by a physician and cooperate fully with the Community Supervision Officer and any other agency contracted therewith to achieve rehabilitation of said Offender;

(r) Defendant shall not enter any store, bar, club, restaurant, or any other business which has as a primary source of its income the sale of alcoholic beverages;

(s) A curfew will be imposed between the hours of 11:00 P.M. and 6:00 A.M.; Defendant will be at home or at a Community based facility each night and remain there unless his work requires him to be elsewhere;

(t) If a Probationer desires to leave the State of Texas, the probationer shall deposit cash in an amount sufficient to cover any costs of extraditing probationer back to the State of Texas. Said cash must be deposited with the Lubbock County Treasurer's Office before any transfer is authorized and shall be returned to probationer upon termination of supervision or return of supervision to the State of Texas. This money will be used only for the purpose of extraditing probationer back to Texas, should extradition become necessary, unless otherwise agreed upon by the probation and the Lubbock County Community Supervision and Corrections Department;

(u) Defendant shall have a PSI Done within **Two (2) Weeks** of this judgment and comply with the recommendations of the Community Supervision Officer;

(v) Defendant is not to contact **ETHAN HOLLAND** either directly or indirectly, or by any other means. Further, defendant is not to come within 100 yards of **ETHAN HOLLAND**, his place of residence, school, or place of employment.

(w) The Defendant shall not possess or carry firearms during this probationary period;

(x) Defendant shall pay for, attend and successfully complete before the 180th day after the beginning date of this community supervision, the Thinking for a Change course through Adult Probation Supervision office;

(y) Defendant shall undergo a MHMR evaluation, and submit to treatment as recommended by the Community Supervision Officer;

(z) The Court further finds the Defendant meets the requirements for a person eligible for Intensive Supervision and that said Defendant is in need of such supervision,

IT IS THEREFORE ORDERED THAT in addition to the conditions of community supervision above, the Defendant shall receive INTENSIVE SUPERVISION from the Supervision Officer of Lubbock County, for One (1) year commencing on the \_\_11\_\_ day of \_\_April\_\_, A.D. \_\_2013\_\_, after which time the Defendant will continue to serve his remaining term of community supervision.

The additional terms and conditions to be imposed while Defendant is receiving Intensive Supervision shall be:

1. Avoid persons or places where narcotic drugs are possessed, sold, or used and not associate with persons who possess, sell, or use narcotic drugs and not associate with persons of criminal record;

2. Report to the Supervision Officer as directed no less than once per week for each and every week while receiving Intensive Supervision;

3. Attend and complete any drug, alcohol, or any other program as directed and deemed necessary by the Supervision Officer;

4. Maintain total abstinence from the use or possession of alcoholic beverages and any narcotics or dangerous drugs not prescribed by a physician and cooperate fully with the Supervision Officer and any other agency contracted therewith to achieve rehabilitation of said Defendant;

5. Submit a urine specimen to be tested for alcohol, narcotics, dangerous drugs, or any other tests whenever instructed by the Court and/or the Supervision Officer;

6. A curfew will be imposed between the hours of 11:00 P.M. and 6:00 A.M.; Defendant will be at home or at a Community based facility each night and remain there unless his work requires him to be elsewhere;

The Supervision Officer is hereby ordered to conduct a Post Sentence Investigation in the event that a pre-sentence is not available for the Court and to provide the Court with additional reports on the progress and conduct of the Defendant while receiving Intensive Supervision.

Signed and entered on this the ___11___ day of ___April___, 2013.

x_____
Bradley S. Underwood
JUDGE PRESIDING

UNDER EXCHANGE OF BENCHES