IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20-CR-142 |
| | § | Judge Jordan |
| DANIEL AUSTIN DUNN | § | |
| a/k/a Whiskey.Tango10 | § | |
| a/k/a Osama bin Drinkin | § | |
| a/k/a @SirAustinOfDunn | § | |

## DANIEL DUNN'S RESPONSE TO GOVERNMENT'S MOTION TO REOPEN DETENTION HEARING

Comes now, Defendant Daniel Dunn, by and through his attorney of record, and files this Daniel Dunn's Response to Government's Motion to Reopen Detention Hearing. In support thereof, Defendant shows the following:

### INTRODUCTION

On June 9, 2020, Defendant was arrested. At his initial appearance, the Government moved for detention.[1]. Defendant was placed into custody pending his detention hearing, which was scheduled for June 15, 2020. Prior to the June 15, 2020 hearing, federal officers interviewed Defendant's girlfriend Bailey Decker, and spoke with his parents Judy and Rickey Dunn. The June 15, 2020 hearing, was rescheduled to Thursday June 18, 2020, due to a miscommunication with the jail housing Defendant.

On June 18, 2020, Defendant's detention hearing was held. The Government did not present any evidence in the form of exhibits at the hearing. The Government presented one

---

[1] It is unclear whether the Government provided a legitimate legal basis and evidence under 18 U.S.C. § 3142(f) to detain Defendant. Defendant was represented by a different attorney at his initial appearance. Undersigned counsel will be requesting the transcript from Defendant's initial appearance in order to make this determination.

Page **1** of **4**

witness, the case agent. The case agent testified regarding Defendant's criminal history, alleged previous actions, the instant case, Defendant's military service, and statements made during an interview with federal agents, by Defendant's girlfriend, Bailey Decker.

Defendant presented several favorable witnesses, and exhibits, related to Defendant's work history, ties to the community, residential history, lack of violent behavior or danger to the community, Defendant's (and his family's) financial assets, lack of criminal history, and other positive information that supports Defendant's request for release with conditions.

## APPLICABLE LAW AND LEGAL ARGUMENT

The Government now seeks to reopen the detention hearing because "it is the government's understanding that a thorough and accurate presentation of the defendant's relevant criminal history and prior involvement with law enforcement was not presented for the Court's consideration." This is false, and is not allowed by the law. Pursuant to 18 U.S.C. 3142(f), the Court *may* reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that information is material to whether there are conditions of release that will reasonably assure the appearance of Defendant.

All of the information mentioned or referred in the Government's Motion to Reopen Detention Hearing, was known to the Government prior to the detention hearing. The interview of Bailey Decker took place on June 12, 2020, six days prior to the detention hearing. All information surrounding her statement was in the possession of the Government at the time of the hearing. This is supported by the Government's own report, Bailey Decker's testimony, and the testimony of the case agent, who testified to statements made by Ms. Decker in her interview.

In their Motion to Reopen, the Government also mentions other alleging actions of Defendant. All of this information was previously known to the Government, and the related records were even provided to undersigned counsel by the Government, several days before the detention hearing. In addition, the case agent testified regarding these matters.

The Government cannot establish that any of the information provided in their Government's Motion to Reopen Detention Hearing was not known to them prior to the hearing. The evidence, and the testimony at the detention hearing prove that all of the information was known to the Government at the time of the detention hearing, and the related records were in the possession of the Government prior to the detention hearing.

The Government's Motion to Reopen Detention Hearing is an attempt for the Government to have a second bite at the apple, when it is not legally entitled to one. The Government was represented by competent, and trained counsel at the detention hearing. Government's counsel and undersigned counsel both had sufficient time to prepare and present their argument, evidence and witnesses. The information referred to in the Government's Motion to Reopen Detention Hearing was known to Government and in the possession of the Government, prior to the detention hearing. Failure to present said information, or issues with the way the information was presented or not presented, at the detention hearing, is not a legal basis to reopen the hearing. Further, the four corners of Government's Motion to Reopen Detention Hearing, is an attempt to circumvent the law by putting forth information to the Court in an inappropriate manner. By doing this, on it's face, the Government's Motion to Reopen Detention Hearing prejudices Defendant.

## PRAYER

Defendant requests that the Court deny the Government's Motion to Reopen Detention Hearing. All of the information in the Government's Motion to Reopen Detention Hearing, was known by the Government prior to the hearing, in addition to the related records, also being in the possession of the Government prior to the hearing.

Respectfully Submitted,

 /s/ Temani M. Adams
Temani M. Adams
Attorney for Daniel Dunn
TX State Bar No: 24084778
NY State Bar No. 5753355
TEMANI ADAMS PLLC
3824 Cedar Springs Road, Suite 179
Dallas, TX 75219
(469) 288-0888 Phone
(469) 288-0888 Fax
Temani@TemaniAdamsLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020 a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System. A copy of this motion was forwarded by that system to counsel for all parties.

 /s/ Temani Adams
Temani M. Adams