IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:20CR142 |
| | § | Judge Jordan |
| DANIEL AUSTIN DUNN | § § § | |

**GOVERNMENT'S MOTION TO STAY DEFENDANT'S PRETRIAL RELEASE**

On June 30, 2020, the Court reopened a detention hearing, during which it reviewed additional documents and heard from additional witnesses. At the conclusion of the hearing, the Court indicated that it would release the defendant on certain conditions pending trial. The Government made an oral motion to stay the release of the defendant, which the Court granted. The Government now formally requests a stay of the defendant's release pending the Government's appeal of the matter.

The Government has a right to appeal this Court's order of release:

> **(a) Review of a release order.** If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court--
> **(1)** the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release…

18 U.S.C. § 3145. Here, the Government does indeed plan to ask for such a review based on, among other things: (1) the nature of the offense and the public threats the defendant levied against law enforcement; (2) the defendant's failure to comply with conditions for a past instance of probation related to other violent offenses, including approximately 50 combined instances of failed or absent drug screenings; and (3) the history and

characteristics of the defendant, including but not limited to, his past violent behavior involving firearms and other dangerous weapons.

Although 18 U.S.C. § 3145 does not expressly authorize a stay pending the Government's appeal, the Fifth Circuit has reasoned that stays are appropriate pending review by the district judge:

> *Brigham* correctly argues that § 3145 does not expressly authorize a stay. Nevertheless, as previously discussed with regard to review of the dismissal order, given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered.

See *United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009); *see also United States v. Kerr*, 2020 WL 1158521, at *6-7 (N.D. Tex. Mar. 10, 2020) (magistrate judge relying on *Brigham* for authority to maintain the defendant's detention pending appeal to the district court). While this case dealt with the district court's power to order a stay, the Fifth Circuit's reasoning suggests that the magistrate judge should have the *same* stay authority. Without the ability to stay an order of release, the magistrate judge effectively undermines the district court's review, especially if the district court later disagrees on release.

Moreover, the detention statute itself, 18 U.S.C. § 3142, states that the Court has wide latitude in fashioning, timing, and modifying conditions of release as it deems appropriate: "(3) The judicial officer may ***at any time*** amend the order to impose ***additional or different conditions of release***." 18 U.S.C. § 3142(c)(3) (emphasis added).

Motion to Stay Defendant's Release
Page 2 of 4

Based on the above authorities, the Government asks this Court to stay the release pending the Government's appeal of the detention issue. Such a stay does not conflict with any law, as nothing in the law requires that the Court immediately release the defendant after its ruling. Nor does any law prohibit the Court from delaying release as needed.

For these reasons, the Government respectfully asks this Court to stay the release of the defendant pending the Government's appeal of the detention issue.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

*/s/ Christopher Eason*
Christopher A. Eason
Assistant United States Attorney
Oklahoma State Bar No. 20197
101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201
Fax: 972-509-1209
Email:   chris.eason@usdoj.gov

### CERTIFICATE OF CONFERENCE

This is to certify that an Assistant United States Attorney for the Government, Christopher Eason, and counsel for the defendant, Temani Me'Chelle Adams, have conferred on this motion, and Ms. Adams opposes it.

*/s/ Christopher Eason*
Christopher Eason

### CERTIFICATE OF SERVICE

I certify a true and correct copy of this motion was served on defense counsel by electronic filing (CM/ECF) on this 30th day of June 2020.

                                              */s/ Christopher Eason*
                                              Christopher Eason