IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20-CR-142 |
| | § | Judge Jordan |
| DANIEL AUSTIN DUNN | § | |
| a/k/a Whiskey.Tango10 | § | |
| a/k/a Osama bin Drinkin | § | |
| a/k/a @SirAustinOfDunn | § | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW Defendant **DANIEL AUSTIN DUNN**, by and through attorney of record, Temani Adams**,** respectfully files this motion in response to the Government's Motion for Protective Order and moves the Court to DENY the Government's motion and as grounds would show:

### I. PROCEDURAL HISTORY AND BACKGROUND

The Government filed its Motion for Protective Order in this case on June 23, 2020. The Government claims that the discovery material in this case should be subject to a protective order because the material contains private personal identification information of individuals as well as law enforcement sensitive material.

1

On June 24, 2020, this Court issued an Order stating that "Defendant shall file an expedited response" no later than July 1, 2020. The instant motion is in response to this Court's Order.

## II ARGUMENTS AND AUTHORITIES

Federal Rule of Criminal Procedure 16(d)(1) provides that, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." FED. R. CRIM. P. 16(d)(1). Federal Rule of Criminal Procedure 16(d)(1) grants courts discretion to permit a party seeking a protective order to make its showing ex parte, and requires that such showing be placed under seal if a protective order is ultimately issued. FED. R. CRIM. P. 16(d)(1); See also United States v. Carriles, 654 F. Supp. 2d 557, 563-64 (W.D. Tex. 2009).

Pursuant to Rule 16 (d)(1), as the party seeking a protective order, the Government bears the burden of showing good cause. See also United States v. Fallen, 498 F.2d 172, 175 (8th Cir. 1974); United States v. Isa, 413 F.2d 244, 248 (7th Cir. 1969); United States v. Carriles, 654 F. Supp. 2d 557, 566 (W.D. Tex. 2009). Additionally, a court must consider whether the imposition of the protective order would prejudice the defendant. Carriles at 566.

Defendant objects to the Government's request for Protective Order because the Government has not cited to any legal authority or basis that would support its request for a protective order. The Government has not met its burden of showing good cause for the protective order. Furthermore, the Government has not isolated what discovery material contains private and personal information of individuals. The Government is essentially requesting a protective order simply because it wants one, and that is not a valid reason under the law. Additionally, the Government has not shown this Court why any personal identification information of individuals or law enforcement sensitive

2

material should be subject to a protective order at the expense of Defendant's constitutional right to plan a full and competent defense.

Without providing any legal authority to support its position, the Government's Motion for Protective Order requests the following:

> **a. Defense counsel shall maintain the discovery material in accordance with the terms of this protective order and shall use the discovery material and shall use the discovery material solely and exclusively in connection with this case (including the preparation, trial, and, if necessary, appeals or other related legal proceedings) and for no other purpose;**
> **b. Only the following individuals may access and view the discovery material: (1) defense counsel; (ii) the defendant, for the sole purpose of assisting in the preparation of their defense and only in the presence and under the direct supervision of defense counsel; and (iii) such members of defense counsel's staff, defense expert witnesses, and such members of defense counsel's staff, defense expert witnesses, and consultants as are necessary for the purpose of preparing the defendant's defenses, and only while the staff members, expert witnesses, or consultants are operating under the direct supervision and control of defense counsel;**
> **c. Defense counsel may print, copy, and/or duplicate discovery material only if the printed items, copies and or duplicates, are kept under the same control as the original discovery material;**

**1.** Defendant objection to Section (b)(ii) of the Government's request for protective order because it is impossible for the undersigned counsel and Defendant to comply with said orders. The United States and the Eastern District of Texas are in the midst of a pandemic. As of May 22, 2020, coronavirus disease, also known as COVID-19, has resulted in the deaths of 95,883 Americans.[1]

---

1   https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html.

COVID-19 has no known cure or vaccine, and science about the virus that causes the disease is in its infancy.

Defendant is currently detained in the Collin County jail.  In an effort to minimize possible exposure to novel coronavirus COVID 19 to the facility, staff and inmates, and others, attorney visits at Collin County Jail are now non-contact and only after a screening.  A non-contact attorney visit requires the attorney to speak with the client, in a small room, using a telephone, with a glass partition between the two.  There is no way Defendant can possibly review the electronic documents, the subject of the Government's protective order, via the aforementioned set up currently utilized by Collin County Jail.  "[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." Crane v. Kentucky, 476 U.S. 683, 690, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986).  Requiring the Defendant and his counsel to comply with the Government's request would necessarily impair Defendant's opportunity to prepare a defense.

2. Defendant objects to Section b (iii) of the Government's Motion which states in pertinent part: "(iii) such members of defense counsel's staff, defense expert witnesses, and such members of defense counsel's staff, defense expert witnesses, and consultants as are necessary for the purpose of preparing the defendant's defenses, and only while the staff members, expert witnesses, or consultants are operating under the direct supervision and control of defense counsel." This provision of the Government request for protection is vague and overly broad such that the undersigned counsel has no way of knowing what the Government defines as  "direct supervision" or "control."

If the Government is requesting that the undersigned counsel be physically present when any of the individuals outlined here are reviewing the evidence, this requirement would place an

unnecessary burden and hardship on Defendant and compromise his efforts to prepare a defense strategy.

Due to the highly contagious nature of COVID-19, many individuals the undersigned counsel would ordinarily engage in preparing a competent defense strategy, are now working remotely in order to maintain social distancing goals promulgated by the Centers for Disease Control and prevention safety guidelines.  It will be virtually impossible for the undersigned to comply the Government's request should this Court issue such an Order.

3.  For the same reasons outlined above, Defendant objects to Section c of the Government's Motion which states "Defense counsel may print, copy, and/or duplicate discovery material only if the printed items, copies and or duplicates, are kept under the same control as the original discovery material." As discussed *supra*, the unique circumstance presented by COVID-19, have changed the way the bureau of prisons, local jails, and most working citizens conduct business.  Because of social distancing guidelines, remote distance work arrangements, and the Collin County jail rules, the Government's  requests for a Protective Order present a hardship and undue burden on the Defendant compromising his right to prepare a competent and full defense.

### III. PRAYER FOR RELEIF

**WHEREFORE, PREMISES CONSIDERED,** Defendant Dunn by and through his attorney of record, Temani Adams, moves this Honorable Court to DENY the Government's Motion for Protective Order.

    Respectfully Submitted,

    /s/ Temani M. Adams
Temani M. Adams
Attorney for Daniel Dunn
TX State Bar No: 24084778
NY State Bar No. 5753355
TEMANI ADAMS PLLC
3824 Cedar Springs Road, Suite 179
Dallas, TX 75219
(469) 288-0888 Phone
(469) 288-0888 Fax
Temani@TemaniAdamsLaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2020 a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System. A copy of this motion was forwarded by that system to counsel for all parties.

/s/ Temani Adams
Temani M. Adams
