# EXHIBIT A

Government's
Exhibit No. A
4:20CR142
U.S. v Dunn

**12-30853** Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

P.O. BOX 2000
LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Reported Date
09/01/2012
Rpt/Incident Typ
DRUNK
Member#/Dept ID#
FREEMAN,ADAM GARRETT

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | CAD Call No |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-30853 | ORIG | 09/01/2012 | 02:54 | 120900131 |

| Status | Rpt/Incident Typ |
|---|---|
| INVESTIGATE | DRUNKENNESS |

| Location | City |
|---|---|
| 3703 30TH ST #A | Lubbock |

| ZIP Code | From Date | From Time | To Date | To Time |
|---|---|---|---|---|
| 79410 | 09/01/2012 | 02:54 | 09/01/2012 | 02:54 |

| Member#/Dept ID# | Assignment | Entered By |
|---|---|---|
| 132572/FREEMAN,ADAM GARRETT | HOMICIDE/AGG ASSAULT SQUAD | 162987 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| AUTOMATED RECORDS CENTER | Successful | Successful | 79155 |

| Approval Date | Approval Time |
|---|---|
| 05/05/2017 | 19:43:50 |

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 1 | PC42.12 | DISCHARGE OF FIREARM | A | | |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Link | Involvement | Invl No | Name | Race | Sex | DOB |
|---|---|---|---|---|---|---|
| ARR | ARR | 1 | DUNN,DANIEL AUSTIN | W | M | [redacted] |
| IP | IP | 1 | MARSHALL,CHRISTIAN WILLIAM | W | M | [redacted] |
| WI | WI | 1 | MARTINEZ,JESSICA | H | F | [redacted] |
| WI | WI | 2 | COLE,ALMON WILLIAM JR | W | M | [redacted] |

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 2 | PC49.02 | PUBLIC INTOXICATION | C | | |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Link | Involvement | Invl No | Name | Race | Sex | DOB |
|---|---|---|---|---|---|---|
| ARR | ARR | 1 | DUNN,DANIEL AUSTIN | W | M | [redacted] |
| IP | IP | 1 | MARSHALL,CHRISTIAN WILLIAM | W | M | [redacted] |
| WI | WI | 1 | MARTINEZ,JESSICA | H | F | [redacted] |
| WI | WI | 2 | COLE,ALMON WILLIAM JR | W | M | [redacted] |

12-30853 Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

## Person Summary

| Invl | Invl No | Type | Name | MNI |
|---|---|---|---|---|
| ARR | 1 | I | DUNN,DANIEL AUSTIN | 1364825 |
| Race: W | Sex: M | DOB: [redacted] | | |
| IP | 1 | I | MARSHALL,CHRISTIAN WILLIAM | 1323196 |
| Race: W | Sex: M | DOB: [redacted] | | |
| WI | 1 | I | MARTINEZ,JESSICA | 1405632 |
| Race: H | Sex: F | DOB: [redacted] | | |
| WI | 2 | I | COLE,ALMON WILLIAM JR | 810539 |
| Race: W | Sex: M | DOB: [redacted] | | |

## Summary Narrative

A1 WAS INTOXICATED IN A PUBLIC PLACE AND A DANGER TO HIMSELF AND OTHERS. A1 DISCHARGED A FIREARM INSIDE THE CITY OF LUBBOCK. A1 WAS ARRESTED, TRANSPORTED AND BOOKED INTO THE CITY HOLDING FACILITY.

12-30853 Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

## Arrestee 1: DUNN,DANIEL AUSTIN

| Involvement | Invl No | Type |
|---|---|---|
| Arrestee | 1 | Individual |

| Name | MNI | Race | Sex |
|---|---|---|---|
| DUNN,DANIEL AUSTIN | 1364825 | White | Male |

| DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | Skin | Build |
|---|---|---|---|---|---|---|---|---|
| | 22 | No | 6'02" | 170# | Blond or Strawberry | Blue | LIGHT | AVERAGE |

| PRN |
|---|
| 3736007 |

| Type | Address |
|---|---|
| HOME | 3703 30TH ST #A |

| City | State | ZIP Code | Date |
|---|---|---|---|
| Lubbock | TEXAS | 79410 | 09/01/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 24072229 | TEXAS |

| Type | ID No |
|---|---|
| Booking Number | 189726 |

| Type | ID No |
|---|---|
| SOCIAL SECURITY NUMBER | 1068 |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (806)850-3866 | 09/01/2012 |

| Mark Type | Mark Code |
|---|---|
| TATTOO CHEST | TATTOO |

| Description |
|---|
| ON RIBS/UNSPECIFIED |

| Mark Type | Mark Code |
|---|---|
| TATTOO CHEST | TATTOO |

| Description |
|---|
| UNSPECIFIED |

| Mark Type | Mark Code |
|---|---|
| TATTOO SHOULDER, NONSPECIFIC | TATTOO |

| Description |
|---|
| UNSPECIFIED |

| Relationship | Name | Sex |
|---|---|---|
| FATHER | DUNN,RICK | Male |

| Address | City |
|---|---|
| 165 LAKE TRAIL DR | DOUBLE OAK |

| State | Phone Type | Phone No |
|---|---|---|
| TEXAS | HOME | (214)498-4509 |

| Involvement | Arrest Type | Arrest Date | Arrest Time | Book Date | Book Time | Status |
|---|---|---|---|---|---|---|
| Arrested | On-View Arrests | 09/01/2012 | 05:11:00 | 09/01/2012 | 05:11:00 | Booked |

| Dispo | Arrest Location |
|---|---|
| Misdemeanor | 3703 30TH ST |

| City | Citation No | Place of Birth | City of Birth |
|---|---|---|---|
| Lubbock | 1253022 | FLORIDA | MIAMI |

| Charge | Level | Charge Literal |
|---|---|---|
| PC49.02 | MC | PUBLIC INTOXICATION |
| PC42.12 | MA | DISCHG OF FIREARM CE |

## Involved Party 1: MARSHALL,CHRISTIAN WILLIAM

| Involvement | Invl No | Type |
|---|---|---|
| Involved Party | 1 | Individual |

| Name | MNI | Race | Sex |
|---|---|---|---|
| MARSHALL,CHRISTIAN WILLIAM | 1323196 | White | Male |

| DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | Build | PRN |
|---|---|---|---|---|---|---|---|---|
| | 20 | No | 5'08" | 150# | Brown | Blue | THIN | 3736008 |

| Type | Address |
|---|---|
| ADDITIONAL | 3820 30TH ST |

| City | State | ZIP Code | Date |
|---|---|---|---|
| Lubbock | TEXAS | 79410 | 09/01/2012 |

| Type | Address |
|---|---|
| HOME | 5627 EMORY ST |

| City | State | Date |
|---|---|---|
| Lubbock | TEXAS | 09/01/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 25606335 | TEXAS |

12-30853

Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

| Phone Type | Phone No | Date | Phone Type | Phone No |
|---|---|---|---|---|
| CELL | (281)684-3530 | 09/01/2012 | CELL | (432)242-5229 |

Date: 09/01/2012

## Witness 1: MARTINEZ,JESSICA

| Involvement | Invl No | Type | Name |
|---|---|---|---|
| Witness | 1 | Individual | MARTINEZ,JESSICA |

| MNI | Race | Sex | DOB | Age | Juvenile? | PRN |
|---|---|---|---|---|---|---|
| 1405632 | Hispanic/Mexican/Latin | Female | [redacted] | 34 | No | 3736009 |

| Type | Address |
|---|---|
| HOME | 3707 30TH ST #B |

| City | State | ZIP Code | Date |
|---|---|---|---|
| Lubbock | TEXAS | 79410 | 09/01/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 17236237 | TEXAS |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (806)317-7267 | 09/01/2012 |

## Witness 2: COLE,ALMON WILLIAM JR

| Involvement | Invl No | Type | Name |
|---|---|---|---|
| Witness | 2 | Individual | COLE,ALMON WILLIAM JR |

| MNI | Race | Sex | DOB | Age | Juvenile? | PRN |
|---|---|---|---|---|---|---|
| 810539 | White | Male | [redacted] | 47 | No | 3736010 |

| Type | Address |
|---|---|
| ADDITIONAL | 6951 INDIANA AV |

| City | State | ZIP Code | Date |
|---|---|---|---|
| Lubbock | TEXAS | 79413 | 09/01/2012 |

| Type | Address |
|---|---|
| HOME | 3705 30TH ST #A |

| City | State | ZIP Code | Date |
|---|---|---|---|
| Lubbock | TEXAS | 79410 | 09/01/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 13916130 | TEXAS |

| Phone Type | Phone No | Date | Phone Type | Phone No |
|---|---|---|---|---|
| HOME | (806)789-5494 | 09/01/2012 | WORK | (806)797-8646 |

Date: 09/01/2012

## Modus Operandi

| Premise Type | Crime Code(s) |
|---|---|
| RESIDENCE - ALL TYPES | LIQUOR LAWS |

## Narrative

A1'S CHARGES: PC 42.12 DISCHARGE FIREARM IN MUNIC MA
PC 49.02 PI #1253022 MC

I RECEIVED A POLICE RADIO CALL TO 3703 30TH ST #A IN REFERENCE TO A CIVIL DISTURBANCE INVOLVING SUBJECTS WITH FIREARMS.

A1 AND IP1 DATED THE SAME GIRL.
W1 AND W2 ARE A1'S NEIGHBORS.

UPON ARRIVAL, OFC ANDERSON WAS ON SCENE AND HAD SECURED A1'S BLACK TAURUS PISTOL. I OBSERVED A1 LYING IN HIS DRIVEWAY AND CLENCHING HIS CHEST. I APPROACHED A1 AND ASKED HIM IF HE HAD BEEN SHOT. A1 ADVISED HE HAD NOT BEEN SHOT. I ASKED A1 IF ANYBODY WAS INSIDE HIS RESIDENCE. A1 ADVISED THERE WERE NO OTHER PERSONS INSIDE HIS RESIDENCE. I ADVISED OFC ANDERSON TO ASSIST ME IN CLEARING THE RESIDENCE IN A PROTECTIVE SWEEP. OFC IRBY AND OFC JONES REMAINED OUTSIDE WITH A1 AND ADVISED EMS TO COME UP TO THE SCENE.

OFC ANDERSON AND I CONDUCTED A PROTECTIVE SWEEP OF A1'S RESIDENCE AND DID NOT LOCATE ANYBODY INSIDE.

I EXITED A1'S RESIDENCE AND ASKED HIM WHAT HAD HAPPENED. A1 WAS NOT RESPONDING TO MY QUESTIONS. EMS ARRIVED ON SCENE AND PLACED A1 ON A BACKBOARD AND STRETCHER. EMS

12-30853 Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

## Narrative

TOOK A1 TO THE AMBULANCE AND LOADED HIM IN THE PATIENT COMPARTMENT. EMS WAS ATTEMPTING TO CHECK A1'S VITAL SIGNS AND A1 BECAME AGGRESSIVE TOWARDS THEM. EMS REQUESTED OUR ASSISTANCE IN THE BACK OF THE AMBULANCE. OFC ANDERSON AND I ENTERED THE BACK OF THE AMBULANCE. OFC ANDERSON PLACED HIS TASER ON A1'S LEFT SIDE AND ADVISED HIM NOT TO ACT IN AN AGGRESSIVE MANNER AGAIN. A1 ADVISED HE UNDERSTOOD. A1 ADVISED HE DID NOT WANT TO GO TO THE HOSPITAL. EMS ASKED A1 THEIR QUESTIONS, TO WHICH A1 ANSWERED THEM CORRECTLY ACCORDING TO EMS. EMS ADVISED A1 WAS FREE TO EXIT THE AMBULANCE.

I OBSERVED A1 STAND UP AND START WALKING TOWARDS THE BACK OF THE AMBULANCE TO EXIT. I OBSERVED A1 PHYSICALLY SHAKING. I OBSERVED A1'S FEET AND LOWER LEGS TO HAVE NUMEROUS SCABS AND RED SPOTS. I OBSERVED TRACK MARKS ON A1'S RIGHT FOOT. I OBSERVED THESE TRACK MARKS TO BE CONSISTENT WITH TRACK MARKS ON SUBJECTS WHO INJECT ILLEGAL NARCOTICS. A1 EXITED THE AMBULANCE WITH ASSISTANCE FROM OFC ANDERSON. OFC ANDERSON AND I HAD A1 WALK TO HIS DRIVEWAY. I HAD A1 SIT DOWN ON HIS DRIVEWAY.

I ASKED A1 WHAT HAPPENED. A1 REFUSED TO TELL ME WHAT HAPPENED. A1 DEMANDED TO HAVE HIS PHONE IN HIS POSSESSION BEFORE HE WOULD TELL ME WHAT HAPPENED. I ADVISED A1 HE WAS BEING DETAINED IN ORDER TO INVESTIGATE THIS INCIDENT. A1 CONTINUALLY REFUSED TO PROVIDE INFORMATION ON THE INCIDENT.

BASED ON A1'S ACTIONS, MY OBSERVATIONS OF A1 AND THE TOTALITY OF THE CIRCUMSTANCES, I BELIEVED A1 TO BE INTOXICATED IN A PUBLIC PLACE AND A DANGER TO HIMSELF AND OTHERS. A1 CALLED 911 AND ADVISED HE FIRED HIS WEAPON, MAKING HIM A DANGER TO OTHERS. BASED ON THE TRACK MARKS AND A1'S ACTIONS, I BELIEVED A1 WAS INTOXICATED ON SOME SUBSTANCE OTHER THAN ALCOHOL. I BELIEVED A1 TO BE INTOXICATED ON AN ILLEGAL NARCOTIC. I ADVISED A1 TO PLACE HIS HANDS BEHIND HIS BACK. I PLACED A1 INTO HANDCUFFS AND DOUBLE LOCKED THEM. I HAD A1 STAND UP. I ESCORTED A1 TO MY PATROL VEHICLE. I HAD A1 SIT IN THE BACK SEAT OF MY PATROL VEHICLE.

WHILE ESCORTING A1 TO MY PATROL VEHICLE, I OBSERVED A1 TO BE WALKING WITHOUT ANY PROBLEMS WHERE AS HE APPEARED TO NEED ASSISTANCE WHEN WALKING FROM THE BACK OF THE AMBULANCE TO THE DRIVEWAY.

I HAD OFC ANDERSON MAKE CONTACT WITH W1 AND W2.

AFTER SEARCHING THE SCENE FOR EVIDENCE, I MADE CONTACT WITH A1 AGAIN AND ASKED HIM WHAT HAD HAPPENED. A1 ADVISED HE WAS AWAKENED BY A KNOCK ON HIS FRONT DOOR. A1 ADVISED HE WALKED TO THE DOOR WITH HIS TAURUS PISTOL IN HAND. A1 ADVISED HE ASKED WHO WAS AT THE DOOR. A1 ADVISED THE PERSON ON THE OTHER SIDE ADVISED THEY WERE THE POLICE. A1 ADVISED HE PLACED HIS PISTOL ON THE SPEAKER IN HIS LIVING ROOM. A1 ADVISED HE OPENED THE FRONT DOOR AND OBSERVED IP1 STANDING AT THE DOOR. A1 ADVISED IP1 FIRED ONE ROUND AT HIM. A1 ADVISED HE RAN TO HIS LIVING ROOM AND GRABBED HIS PISTOL. A1 ADVISED HE RAN OUTSIDE AND OBSERVED IP1 ENTERING HIS VEHICLE. A1 ADVISED HE FIRED TWO ROUNDS AT IP1, IN SELF DEFENSE. A1 ADVISED IP1 FLED THE SCENE WESTBOUND ON 30TH ST. A1 ADVISED HE CALLED 911 TO REPORT THE INCIDENT. A1 ADVISED HE STARTED TO FEEL DIZZY AND COLLAPSED.

OFC ANDERSON ADVISED W1 AND W2 HEARD THREE TO FOUR GUN SHOTS, BUT DID NOT HEAR ANY VEHICLES LEAVING THE AREA. SEE OFC ANDERSON'S SUPPLEMENT FOR FURTHER.

I LOOKED AT A1'S PHONE TO FIND OUT IF A1 WAS ATTEMPTING TO HIDE SOMETHING. I OBSERVED A PHONE CALL PLACED AT APPROXIMATELY 0249 HOURS ON 090112, TO THE LUBBOCK POLICE DEPARTMENT NON EMERGENCY LINE FOR A DURATION OF APPROXIMATELY TWO SECONDS. I OBSERVED A 911 CALL PLACED AT APPROXIMATELY 0253 HOURS ON 090112, FOUR MINUTES AFTER

12-30853 Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

## Narrative

THE FIRST CALL. I ASKED A1 IF HE PLACED ANY PHONE CALLS DURING THE NIGHT, OTHER THAN THE 911 CALL. A1 ADVISED HE DID NOT. I CONFRONTED A1 WITH THE CALL HISTORY ON HIS PHONE. A1 ADVISED HE DID NOT KNOW HE CALLED THE NUMBER.

BASED ON A1'S VERSION OF THE INCIDENT, I BELIEVED A1 HAD LOST THE WINDOW OF SELF DEFENSE. DUE TO IP1 FIRING A SHOT AT A1 THEN FLEEING, ACCORDING TO A1, A1 DID NOT HAVE THE WINDOW OF SELF DEFENSE BY CHASING AFTER IP1 TO RETURN FIRE. I BELIEVED A1 HAD ATTEMPTED TO CONTINUE THE ALTERCATION, HAD THERE BEEN AN ACTUAL ALTERCATION OR DISTURBANCE, ONTO PUBLIC PROPERTY.

I HAD OFC IRBY, OFC JONES AND OFC AVEN GO TO IP1'S RESIDENCE TO ATTEMPT TO MAKE CONTACT WITH IP1. OFC IRBY ADVISED THE SUBJECTS INSIDE THE RESIDENCE HAD PLACED A NOTE ON THE FRONT DOOR, ADVISING THEY WOULD NOT ANSWER THE DOOR FOR ANY REASON AND TO CONTACT THEIR ATTORNEY. I HAD OFC IRBY COLLECT THE NOTE AND BRING IT TO ME. I COLLECTED THE NOTE AS EVIDENCE. I HAD OFC IRBY RETRIEVE A1'S FIREARM FROM HIS TRUNK. I COLLECTED THE FIREARM AS EVIDENCE. I COLLECTED THE MAGAZINE WHICH CONTAINED FOUR WINCHESTER ROUNDS AND FOUR HORNADY ROUNDS AS EVIDENCE. I COLLECTED A1'S PHONE AS EVIDENCE. I PLACED ALL ITEMS INTO THE PROPERTY ROOM AS EVIDENCE.

I HAD OFC ANDERSON TRANSPORT AND BOOK A1 INTO THE CITY HOLDING FACILITY FOR THE ABOVE LISTED CHARGES. I HAD OFC ANDERSON ISSUE AND INSTANTER CITATION 1253022 TO A1.

SGT HESTER COLLECTED A1'S REMAINING FIREARMS AND PLACED THEM INTO THE PROPERTY ROOM FOR SAFEKEEPING, DUE TO A1'S ACTIONS. THIS WAS NOT THE FIRST INCIDENT WHERE A1 HAS FIRED HIS WEAPON, OR BROUGHT IT OUTSIDE, IN REFERENCE TO IP1. THERE HAS NOT BEEN A SINGLE WITNESS TO VALIDATE OR CONFIRM A1'S VERSION OF ANY OF THE INCIDENTS. I BELIEVED A1'S FIREARMS NEEDED TO BE SECURED DUE TO HIS ACTIONS. SEE SGT HESTER'S SUPPLEMENT FOR FURTHER.

DVR UTILIZED AND MARKED AS EVIDENCE.

12-30853

Supplement No
0001

# LUBBOCK POLICE DEPARTMENT

Reported Date
09/01/2012
Rpt/Incident Typ

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Member#/Dept ID#
THORNESBERRY, MICHAEL C

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | From Date |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-30853 | 0001 | 09/01/2012 | 05:42 | 09/01/2012 |

| From Time | Member#/Dept ID# | Assignment |
|---|---|---|
| 02:45 | 117304/THORNESBERRY, MICHAEL CHASE | SOUTH NIGHT ALPHA ZONE 4 |

| Entered By | Assignment | RMS Transfer | Prop Trans Stat |
|---|---|---|---|
| 162987 | AUTOMATED RECORDS CENTER | Successful | Successful |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 79155 | 05/05/2017 | 19:44:32 |

## Modus Operandi

Crime Code(s)
LIQUOR LAWS

## Narrative

POLICE RADIO CALL: CIVIL DISTURBANCE (AS CSO)

I ARRIVED AT SAID LOCATION AND MET WITH OFC FREEMAN. HE REQUESTED I TAKE PHOTOS OF THE SCENE.

I TOOK PHOTOS OF THE FOLLOWING:
-FRONT OF THE HOUSE
-CIGARETTES AND LIGHTER IN DRIVEWAY
-GLOVES AND FLASHLIGHT IN DRIVEWAY
-2 SHELL CASINGS IN THE FRONT YARD
-FRONT/ENTRY WAY
-BULLET HOLE IN THE ENTRY WAY WALL
-ENTRY HALLWAY
-LIVING ROOM
-DINING ROOM
-EXIT HOLE IN THE DINNING ROOM WALL
-KITCHEN AREA
-BULLET HOLE IN KITCHEN WALL
-GLASS THAT WAS BROKEN IN THE KITCHEN FLOOR
-MAIN HALLWAY
-BATHROOM
-SOUTHEAST BEDROOM
-MAIN BEDROOM
-THE FOUR FIREARMS THAT WERE TAKEN FROM THE HOUSE
-CLOSEUPS OF THE SHELL CASINGS FROM THE FRONT YARD

I WILL TURN IN MY FLASH CARD INTO THE ID DROP BOX AT THE FRONT DESK.

DVR NOT USED DUE TO JUST TAKING PHOTOS.

12-30853

Supplement No
0002

# LUBBOCK POLICE DEPARTMENT

Reported Date
09/01/2012
Rpt/Incident Typ

Member#/Dept ID#
ANDERSON,JUSTIN JAMES

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | From Date |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-30853 | 0002 | 09/01/2012 | 05:47 | 09/01/2012 |

| From Time | Member#/Dept ID# | Assignment | Entered By |
|---|---|---|---|
| 02:50 | 148070/ANDERSON,JUSTIN JAMES | NARCOTICS SQUAD 2 | 162987 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| AUTOMATED RECORDS CENTER | Successful | Successful | 79155 |

| Approval Date | Approval Time |
|---|---|
| 05/05/2017 | 19:45:05 |

## Modus Operandi

Crime Code(s)
LIQUOR LAWS

## Narrative

I RECEIVED A POLICE RADIO CALL TO 3702 30TH ST APT A, REFERENCE TWO SUBJECTS FIRING GUNS AT ONE ANOTHER. UPON ARRIVAL, I OBSERVED DANIEL DUNN LYING ON HIS CONCRETE DRIVEWAY. I DID NOT OBSERVE ANY OTHER SUBJECTS IN THE AREA. HIS VEHICLE WAS PARKED FACING SOUTHWEST AND HE WAS LYING NEAR THE LEFT REAR WHEEL OF HIS VEHICLE. I OBSERVED A HANDGUN LAYING ON THE GROUND NEAR DUNN'S RIGHT LOWER LEG. I ADVISED HIM TO NOT REACH FOR THE WEAPON. HE WAS ON THE PHONE WITH OUR DISPATCHERS AND I ADVISED HIM TO DISCONNECT THE CALL. I RETRIEVED THE HANDGUN AND MADE IT SAFE BY DROPPING THE MAGAZINE AND DISCHARGING THE LIVE ROUND OF AMMO OUT OF THE CHAMBER. I PLACED THE MAGAZINE AND AMMO ON THE GROUND BEHIND DUNN'S VEHICLE. I PLACED THE HANDGUN IN MY WAISTBAND FOR SAFEKEEPING. I ASKED DUNN OF HE HAD BEEN SHOT AND HE SAID THAT HE HAD NOT BEEN SHOT. HE WAS EXTREMELY INCOHERENT AND HE WAS BREATHING VERY FAST. HE TOLD ME THAT HE FELT "LIGHT-HEADED". I ASKED HIM TO SIT UP AND TELL ME WHAT HAD HAPPENED. HE WOULD NOT COOPERATE WITH MY REQUEST. HE INITIALLY TOLD ME HE HAD A ROOMMATE THAT WAS ARMED INSIDE THE RESIDENCE. HE LATER STATED THAT THERE WAS NOBODY INSIDE HIS RESIDENCE.

OFC. FREEMAN ARRIVED ON SCENE AND I ASSISTED HIM WITH DOING A PROTECTIVE SWEEP OF DUNN'S RESIDENCE TO MAKE SURE THERE WAS NOT ANOTHER SUBJECT INSIDE THE RESIDENCE. WE DID NOT OBSERVE ANYBODY INSIDE THE RESIDENCE. OFC. IRBY ARRIVED ON SCENE AND TOOK POSSESSION OF DUNN'S HANDGUN AND PLACED IT INTO THE TRUNK OF HIS PATROL VEHICLE. EMS ARRIVED ON SCENE AND BEGAN CHECKING DUNN FOR ANY INJURIES. THEY PLACED HIM ONTO A STRETCHER AND PUT HIM INTO THE BACK OF THE AMBULANCE. WHILE IN THE AMBULANCE, EMS PERSONNEL YELLED AT ME AND SAID THEY NEEDED ASSISTANCE WITH DUNN. DUNN WAS TRYING TO GET UP OFF OF THE STRETCHER. I RAN TO THE AMBULANCE AND TOLD DUNN TO COMPLY WITH THE EMS PERSONNEL BECAUSE THEY WERE TRYING TO HELP HIM. HE WAS YELLING AND TRYING TO GET UP. HE SEEMED VERY INCOHERENT. I TOOK MY LPD ISSUED X26 TASER AND REMOVED THE CARTRIDGE. I PLACED THE TASER AGAINST DUNN'S SIDE AND TOLD HIM IF HE DID NOT COMPLY I WOULD TASE HIM. DUNN IMMEDIATELY BECAME CALM AND SEEMED TO UNDERSTAND THE WARNING. TO THIS POINT, DUNN HAD BEEN VERY UNCOOPERATIVE. THE TASER SEEMED TO MAKE HIM COMPLIANT. DUNN THEN REFUSED ALL MEDICAL TREATMENT AND EXITED THE AMBULANCE. DUNN DID NOT APPEAR TO HAVE ANY INJURIES. I THEN BEGAN TO TALK TO DUNN AGAIN AND ASK HIM WHAT HAPPENED. HE WOULD NOT ANSWER ANY OF MY QUESTIONS. OFC. PLACED DUNN INTO HANDCUFFS AND PUT HIM INTO THE BACK SEAT OF HIS PATROL VEHICLE.

I MADE CONTACT WITH JESSICA MARTINEZ, THE RESIDENT OF 3707 30TH ST APT B. SHE ADVISED

12-30853 Supplement No 0002

# LUBBOCK POLICE DEPARTMENT

## Narrative

SHE HAD HEARD THREE GUN SHOTS. ONE GUNSHOT FOLLOWED BY TWO GUN SHOTS SEVERAL SECONDS AFTER THE FIRST ONE. SHE ADVISED THAT SHE HAD BEEN INSIDE HER RESIDENCE WHEN SHE HEARD THE SHOTS. I ASKED HER IF SHE HAD HEARD A VEHICLE LEAVING THE SCENE AND SHE SAID SHE HAD NOT. SHE ADVISED THAT SHE HAD NOT SEEN WHAT HAPPENED, ONLY HEARD THE GUN SHOTS. I THEN MADE CONTACT WITH ALMON WILLIAM COLE, THE RESIDENT OF 3705 30TH ST APT A. HE ADVISED HE HAD HEARD THREE TO FOUR GUN SHOTS, BUT HE HAD SEEN NOTHING. AFTER FURTHER INVESTIGATION, SGT. HESTER ADVISED OFC. FREEMAN TO WRITE THE INITIAL REPORT. OFC. FREEMAN ASKED ME IF I WOULD TRANSPORT AND BOOK DUNN INTO THE CITY OF LUBBOCK HOLDING FACILITY FOR HIM. I TRANSPORTED DUNN AND BOOKED HIM IN FOR OFC. FREEMAN.

12-30853

Supplement No
0003

# LUBBOCK POLICE DEPARTMENT

Reported Date
09/01/2012
Rpt/Incident Typ

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Member#/Dept ID#
HESTER,GRADY "ROSS"

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | From Date |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-30853 | 0003 | 09/01/2012 | 05:52 | 09/01/2012 |

| From Time | Member#/Dept ID# | Assignment |
|---|---|---|
| 02:53 | 17573/HESTER,GRADY "ROSS" | SOUTH DAY ALPHA ZONE 4 |

| Entered By | Assignment | RMS Transfer | Prop Trans Stat |
|---|---|---|---|
| 162987 | AUTOMATED RECORDS CENTER | Successful | Successful |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 79155 | 05/05/2017 | 19:45:44 |

## Modus Operandi

Crime Code(s)
LIQUOR LAWS

## Narrative

POLICE RADIO CALL TO 3703 30TH STREET REGARDING SHOTS BEING FIRED AT THIS LOCATION. I WENT TO THE SCENE BECAUSE THIS HAS BEEN AN ON-GOING PROBLEM AT THIS ADDRESS.

I ARRIVED AT THE SCENE. I SAW DANIEL DUNN BEING TREATED BY EMS AND HE WAS LAYING ON A STRETCHER. HE WAS THRASHING ABOUT AND WAVING HIS HANDS AND ARMS. HE WAS CRYING AND GASPING FOR AIR AND HE WAS SWEATING PROFUSELY. HE WAS HOLLERING AT NO ONE IN PARTICULAR. I BELIEVED HE WAS ON SOME SORT OF MEDICATION OR POSSIBLY UNDER THE INFLUENCE OF SOME ILLEGAL NARCOTIC OR HALLUCINOGENIC SUBSTANCE. HIS SPEECH WOULD TRAIL OFF INTO JIBERISH. HE WOULD LAPSE INTO A PROFANITY LACED TIRADE TOWARD OFFICERS AT THE SCENE. DUNN SAID HE WAS DIZZY AND I SAID HE THOUGHT HE WAS GOING TO PASS OUT.

HE WAS PLACED INTO THE AMBULANCE AND WAS BEING STABILIZED BY THE PARAMEDICS WHEN THEY ASKED FOR ASSISTANCE. DUNN WAS VERBALLY ABUSIVE AND REFUSED TO COOPERATE WITH THE PARAMEDICS. OFFICER ANDERSON PLACED HIS LPD ISSUED TASER ONTO THE RIGHT SIDE OF DUNN'S TORSO. DUNN STOPPED THRASHING ABOUT WHEN HE REALIZED THE TASER WAS PLACED ON HIM. DUNN TOLD THE PARAMEDICS THAT HE DID NOT WANT THEIR SERVICE AND THEY RELEASED HIM FROM THEIR CARE. ONCE HE GOT TO THE DRIVEWAY, HE COLLAPSED TO THE GROUND AND BURIED HIS HEAD INTO HIS HANDS.

DUNN SAID HE WAS A MARINE. I BELIEVED DUNN KNEW HE WAS ABOUT TO BE TRANSPORTED TO THE HOSPITAL AND HE KNEW THEY WOULD DRAW BLOOD AND WHATEVER SUBSTANCE HE WAS ON WOULD BE DISCOVERED. THIS WOULD PLACE HIS MARINE CORPS CAREER IN JEOPARDY..

DUNN REFUSED TO TELL OFFICERS AT THE SCENE WHAT HAPPENED. HE REFUSED TO COOPERATE AND ONLY WANTED HIS PHONE. I BELIEVED DUNN WAS AN OBVIOUS DANGER TO HIMSELF AND OTHER DUE TO HIS IMPAIRED PHYSICAL AND MENTAL STATE. HE WAS AN OBVIOUS DANGER TO HIMSELF AND OTHERS WHEN HE READILY ADMITTED TO OFFICERS AT THE SCENE THAT HE FIRED SHOTS FROM A HANDGUN IN THIS MUNICIPALITY.

I HAD OFFICERS DETAIN DUNN AND HE WAS PLACED IN THE BACKSEAT OF OFFICER FREEMAN'S CAR FOR HIS PROTECTION AND THE PROTECTION OF OTHERS.

ONCE DUNN CALMED DOWN, HE REPORTED A SUBJECT HAD COME TO HIS HOUSE AND FIRED A SHOT AT HIM THROUGH THE OPEN FRONT DOOR WHICH HE ANSWERED. DUNN SAID HE WENT AND GOT HIS GUN AND FIRED ROUNDS AT THE TRUCK THAT WAS FLEEING THE SCENE ON A PUBLIC ROADWAY EVEN THOUGH THE TRUCK WAS NO LONGER A THREAT TO HIM.

12-30853 Supplement No 0003

# LUBBOCK POLICE DEPARTMENT

## Narrative

THIS SCENARIO HAS BEEN A COMMON THEME AT THIS LOCATION WHERE DUNN IS THE REPORTED VICTIM AND THERE IS NO ONE ELSE AROUND TO VERIFY OR SUBSTANTIATE DUNN'S STORY OF VICTIMIZATION.

I DID SEE A BULLET HOLE IN THE FOYER WALL. HOWEVER THERE WERE NO BULLET HOLES IN EITHER OF THE DOORS. THIS LED ME TO BELIEVE THAT THE SHOT CAME FROM INSIDE OF DUNN'S RESIDENCE AND NOT OUTSIDE FROM AN INTRUDER. THE FRONT WOODEN DOOR AND THE OUTSIDE GLASS DOOR WOULD NOT OPEN WIDE ENOUGH FOR THE BULLET TO PASS UNIMPEDED.

TWO DIFFERENT SETS OF WITNESSES HEARD THE SHOTS BUT DID NOT HEAR A TRUCK SPEEDING AWAY FROM THE SCENE. THERE WERE NO ACCELERATION MARKS FROM ANY TIRES IN FRONT OF DUNN'S RESIDENCE INDICATING A VEHICLE WAS SPEEDING AWAY FROM THE SCENE AS DUNN REPORTED. COMMON SENSE WOULD DICTATE THAT A DRIVER WOULD SPEED AWAY FROM A SCENE WHERE HE IS BEING SHOT AT. DUNN HAD RECENTLY BROKEN UP WITH HIS GIRLFRIEND. IN READING THE TEXT MESSAGES BETWEEN DUNN AND HIS GIRLFRIEND, AT ONE POINT SHE CALLED DUNN "CRAZY".

I BELIEVE DUNN STAGED THIS INCIDENT IN AN EFFORT TO DRAW ATTENTION TO HIMSELF AND ALSO TO WIN BACK HIS GIRLFRIEND.

TWO SPENT SHELL CASING WERE FOUND NEAR WHERE DUNN'S TRUCK WAS PARKED. THESE WHERE PHOTOGRAPHED BY OFFICER MICHAEL THORNSBERRY AND I TOOK POSSESSION OF THE CASINGS. I ALSO TOOK POSSESSION OF FOUR RIFLES IN THE HOUSE FOR SAFEKEEPING. I TOOK POSSESSION OF DUNN'S GEORGIA CONCEALED HAND GUN LICENSE BECAUSE OF HIS WILLINGNESS TO VIOLATE HANDGUN STATUTES OF THIS STATE.

I WILL TURN THESE ITEMS INTO THE LPD PROPERTY ROOM. DUNN WAS GIVEN A RECEIPT FOR THE ITEMS IN SAFEKEEPING.

12-30853

Supplement No
0004

# LUBBOCK POLICE DEPARTMENT

Reported Date
09/12/2012
Rpt/Incident Typ

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Member#/Dept ID#
MOUDY,JOE FOSTER

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-30853 | 0004 | 09/12/2012 | 08:50 |

| Location | City |
|---|---|
| 916 TEXAS AV | Lubbock |

| From Date | From Time | Member#/Dept ID# |
|---|---|---|
| 09/12/2012 | 00:01 | 112604/MOUDY,JOE FOSTER |

| Assignment | Entered By | Assignment | RMS Transfer |
|---|---|---|---|
| MOBILE OPERATIONS SQUAD | 162987 | AUTOMATED RECORDS CENTER | Successful |

| Prop Trans Stat | Approving Officer | Approval Date | Approval Time |
|---|---|---|---|
| Successful | 79155 | 05/05/2017 | 19:46:16 |

## Modus Operandi

| Crime Code(s) |
|---|
| LIQUOR LAWS |

## Narrative

**EVIDENCE:**

Apple iPhone
Carrier: 214-850-3866
IMEI: 01 300800 793797 0

**NARRATIVE:**

On 09/07/2012, Det. J. Steen brought the above listed phone to the ID Section for processing. Det. Steen provided a signed consent to search form for the above listed phone. I will turn the signed consent to search form into Records as a trailing document.

I imaged the phone using Susteen's SecureView 3.5 and Paraben's Device Seizure. I generated a Susteen report and a Paraben report for the above listed phone.

The Susteen report and the Paraben report were placed on the ID Section server.

I returned the phone to Det. Steen.

**12-30853** Supplement No 0005

# LUBBOCK POLICE DEPARTMENT

Reported Date
09/13/2012
Rpt/Incident Typ

P.O. BOX 2000
LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Member#/Dept ID#
STEEN,JEREMY MICHAEL

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | From Date |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-30853 | 0005 | 09/13/2012 | 10:30 | 09/13/2012 |

| From Time | Member#/Dept ID# | Assignment |
|---|---|---|
| 10:30 | 117469/STEEN,JEREMY MICHAEL | CRIMES AGAINST CHILDREN SQUAD |

| Entered By | Assignment | RMS Transfer | Prop Trans Stat |
|---|---|---|---|
| 162987 | AUTOMATED RECORDS CENTER | Supplement Transfer Complete | Successful |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 79155 | 05/05/2017 | 19:48:36 |

## Involved Party 2: CARLSON,HAILEY MARIE

| Involvement | Invl No | Type |
|---|---|---|
| Involved Party | 2 | Individual |

| Name | MNI | Race | Sex |
|---|---|---|---|
| CARLSON,HAILEY MARIE | 1186769 | White | Female |

| DOB | Age | Juvenile? | RMS Transfer | PRN |
|---|---|---|---|---|
| [redacted] | 20 | No | Successful | 3736014 |

| Type | Address |
|---|---|
| ADDITIONAL | 1514 SEQUOIA DR |

| City | State | ZIP Code | Date |
|---|---|---|---|
| KRUM | TEXAS | 76249 | 09/13/2012 |

| Type | Address |
|---|---|
| ADDITIONAL | 3416 29TH ST |

| City | State | ZIP Code | Date |
|---|---|---|---|
| Lubbock | TEXAS | 79410 | 09/13/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 27147400 | TEXAS |

| Type | ID No |
|---|---|
| SOCIAL SECURITY NUMBER | [redacted]0761 |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (214)507-5272 | 09/13/2012 |

## Modus Operandi

## Narrative

**************************************************************************************

All Related Cases: **12-26438, 12-26671, 12-26219, 12-24632, 12-24633, 12-28034 and 12-28277, 12-29465**

**************************************************************************************

Relationships:

**Christian Marshall and Hailey Carlson use to date.**
**Daniel Dunn and Hailey Carlson dated after she ended the relationship with Christian.**
**Hailey has now ended the relationship with Daniel.**
**Rick Dunn is Daniel Dunn's father.**
**Barry Carlson is Hailey Carlson's father.**

**************************************************************************************

**September 3, 2012**

I had multiple voicemails on my office phone today apparently regarding this case. There were messages from Rick Dunn, Daniel Dunn and Barry Carlson. I called each of them back and left voice messages for them to return my call.

I never heard back from any of the callers.

**September 5, 2012**

I received a call from Hailey Carlson. She asked if I knew what was going on and why Daniel was arrested. I

12-30853 Supplement No 0005

# LUBBOCK POLICE DEPARTMENT

## Narrative

checked the LPD name file and located no new case numbers under Daniel's name. She stated something happened between Chris and Daniel and she was unsure of the details, but knew that shots had been fired. She further stated she had text messages from Chris talking about the incident. I told Hailey I would most likely be assigned the case and I would call and let her know what was going on when I could locate the case.

**September 6, 2012**
I received a call from Rick Dunn, Daniel's father. Rick was upset with Daniel being arrested and told me he was going to record our conversation. I allowed Rick to continue and he explained he felt Daniel was wrongfully arrested and threatened internal investigations as well as military investigations and Congressional hearings. He stated the feds were now involved and, in my opinion, attempted to intimidate me by his role in an unknown federal agency. I allowed Rick to give me his "suggestions" as he referred to them. I then advised Rick I would work this case as thoroughly as I had all the previous cases involving Daniel and every other case I am assigned to investigate. I advised Rick I would not answer the questions he demanded answers to nor would I provide him with the DVR videos and payroll check stubs of involved officers as he demanded.

I was able to locate this case searching Daniel's address. I provided Rick with the Case number. I observed the case to be assigned to a PSO. I requested Sgt English reassign the case to me and advised him I would investigate the case.

I then received a call from attorney Fred Stangl. He stated he was representing Christian (Chris) Marshall. He stated he had just had a meeting at his office with Chris and Officer Freeman regarding this case. I asked why Patrol Officer Freeman would go to his office and meet with him and Chris. He stated the night of this incident Officer Freeman responded to Chris' house and located a note taped to the front door. The note read they would not answer the door for the police and to contact Fred and provided the phone number. He stated Officer Freeman contacted him and requested to meet with Chris and his attorney, Fred. They met five (5) days later at Fred's office when Freeman was off duty. I asked Fred if Chris provided any sort of official statement to Officer Freeman to which Fred stated they just spoke and Freeman would fill me in on the details via an email. Fred stated Freeman knew I was working the previous cases and provided Fred with my contact information. Fred stated Chris denied any involvement whatsoever and was never even at Daniel's house at the time of the offense. He stated Chris left the note simply because he was tired of being harassed by patrol officers every time Daniel called the police. I advised Fred I needed to obtain an actual statement from Chris regarding this case. Fred agreed to meet with me at 1530 hours tomorrow (09/07/12) at his office.

I called and spoke with Hailey Carlson. I asked Hailey if she still had the text messages from Chris to which she stated she did. She agreed to come to the Lubbock police department tomorrow (09/07/12) at 1430 hours to provide a statement and allow me to view the text messaged and possibly have her phone imaged.

Around 2130 hours I received a call on my work cell phone from Hailey. She was concerned because she stated Chris had recently returned some of her belongings from when they were together. In these belongings was a shirt that she had bought for Chris when they were dating. She stated the shirt was covered in blood and she did not know why it was there, whose blood it was or why Chris gave her a bloody shirt.

**September 7, 2012**
I called Daniel Dunn and stated I wished to obtain a statement from him this morning regarding this case. He agreed and stated he would be at the police department at 1000 hours. A few moments later Daniel called back and stated he would not be there at 1000 hours and asked me to call his attorney Robert (Bob) Jones and provided me with the office number.

I called and spoke with Bob via telephone. I explained the importance of my obtaining a statement from Daniel. Bob agreed to allow Daniel to speak with me today in his office at 1000 hours. He stated he would not allow the statement to be recorded or written. I agreed.

I met with Daniel and Bob at Bob's office. We spoke privately in Bob's office. Daniel stated he had not consumed any alcohol or narcotics and was not intoxicated the night he was arrested. Bob advised Daniel has sought

12-30853 Supplement No 0005

# LUBBOCK POLICE DEPARTMENT

## Narrative

medical treatment for his skin condition. He stated Daniel did not and does not have track marks as patrol officers documented in their reports. He stated it is a skin condition similar to a staph infection. I observed Daniel to have a large number of open, red wounds all over his legs, arms and face. Daniel went to Covenant Medical Group, 7601 Quaker, and was diagnosed with a skin condition. Bob maintains these wounds were what patrol officers mistook as track marks. Bob provided me with a report from Covenant Medical Group. I will place that into the records section to be kept as evidence. I observed Daniel's entire body including arms, legs, hands, feet and toes for track marks. I did not observe any track marks. I did observe a large number of these open red wounds all over his body.

Furthermore, Bob advised he had Daniel take a urine drug test that same day, September 02, 2012. This was the day after Daniel was arrested. Those results were all negative for all narcotics. Bob also provided me with a copy of that record which will be placed into the records section as a trailing document to be kept as evidence. Bob further stated he had since sent Daniel to take a hair follicle test for narcotics. This test also revealed negative results for all narcotics. Bob stated he did not have a copy of that result, but would get me a copy as soon as possible.

I asked Daniel to tell me what happened during this incident. Daniel stated he was at home alone and asleep in his room. He stated he heard knocking at his door and grabbed his handgun. He stated he walked to the door and asked who it was. Daniel stated he was unable to see who it was through the peephole. Daniel stated the person on the other side of the door identified themselves as a Lubbock Police Officer. Daniel stated he put his firearm down and opened the door. Daniel stated as soon as he opened the door he saw Chris Marshall standing on the front porch less than five (5) feet from him. (Investigator's note: Daniel measured this by saying Chris was approximately the same distance from him as Bob Jones was currently sitting. This was less than five feet.) Daniel stated he was now able to clearly see Chris, even though he was unable to see him through the peephole. Daniel stated Chris immediately shot at him, narrowly missing his left arm. He stated the bullet lodged into the kitchen wall after passing through two other walls.

Daniel stated Chris then ran towards his pickup at which point Daniel retrieved his firearm and returned fire. Daniel fired two shots, both missing Chris.

Daniel stated he immediately called 911 at which point patrol officers responded. According to the patrol officer's investigation, they observed a phone call made to the nonemergency police number just four (4) minutes prior to the 911 call and ended a couple seconds into the phone call. This is inconsistent with Daniel's statement and would indicate he is fabricating the story. I asked Daniel about this call. He stated he did not place the call and it must have been dialed on accident. He explained he had called the jails and dispatch earlier that day to ascertain if Chris had been arrested. He stated the call was not a phone call, but a "facetime" call. He stated he would never try to "facetime" call dispatch as it does not work with landlines anyway. Daniel stated he must have redialed the last outgoing call by mistake.

Daniel agreed to have his phone imaged for me to verify this information. Daniel signed a consent to search digital evidence form.

Bob Jones further stated Daniel had a recorded phone call from Chris in which Chris threatens Daniel. Bob agreed to get me a copy of the recording as soon as possible.
I asked Daniel if the bullet that he claims Chris shot at him was still in the wall of his residence. Daniel stated as far as he knew it was. I explained there was no documentation advising patrol officers removed or even located the bullet. Daniel agreed to later sign a consent to search his residence and have the ID section go attempt to retrieve the round later today. I advised him I would contact him later today to schedule that. Bob Jones agreed and told Daniel to allow police to retrieve the bullet, but limit the search to only that. Daniel stated he understood.

I went to the LPD property room and checked out the handwritten note by Chris, Daniel's phone and Daniel's Georgia weapons carry license. I observed the note left by Chris. This note was found by Officer Freeman on the front door of Chris' residence the night of this incident. I observed the note to read "Dear Cops, We are not going to answer our door...For any reason. If you still feel the need to talk to someone about this call Fred Stangl at

12-30853 Supplement No 0005

# LUBBOCK POLICE DEPARTMENT

## Narrative

806-765-7370. Sorry for any inconvenience. "

I took Daniel's phone and the signed consent form to Detective Moudy in the ID section. Moudy stated he would image the phone and contact me when it is complete.

I asked Sgt English to assist me with the investigation and accompany Detective Leal in retrieving the bullet from Daniel's house. Sgt English stated he would call Daniel and coordinate it. Sgt English later advised me he called Daniel and received his voicemail. Sgt English never heard back from Daniel and again called him. Daniel this time answered the phone and told Sgt English he would need to speak with his attorney first. Daniel stated he would have Bob call Sgt English right back. Neither Daniel nor his attorney ever returned Sgt English's phone call.

Hailey Carlson showed up for her scheduled appointment. Upon speaking with Hailey she agreed to provide an audio statement. She stated she and Daniel are no longer dating. She stated she has asked Daniel to stop texting her; however, he still sends her messages and calls her. She stated Daniel's mother called her and told her Daniel was arrested. She told Hailey that Chris had gone to Daniel's house and shot at Daniel. She asked Hailey if she knew an attorney. Hailey stated this is the only information she knew about the incident.

Hailey stated on September 05, 2012 around 1142 hours Chris sent her a text message and told her Daniel was arrested and what Daniel had said to police. Hailey stated she has no idea how Chris would have all this information if he was not there. She agreed to allow me to image her phone and signed a consent to search form.

I spoke with Detective Moudy in the LPD ID section. He stated Daniel's phone was still being imaged and it would be another four (4) hours. Moudy stated he would not be able to get to Hailey's phone until Monday.

Hailey stated she needed her phone this weekend and did not want to leave it over the weekend. I photographed the text messages with my LPD issued camera. I will upload those images to the LPD server to be kept as evidence. I returned Hailey's phone to her.

Hailey also brought the aforementioned bloody shirt. She stated she asked Chris about the shirt and he explained the blood was from the night he was beat up in the depot district. As a precautionary measure, I took custody of the shirt and will place it into the LPD property room to be kept as evidence.

I will upload Hailey's statement to the LPD server to be kept as evidence. See that statement for further details and accuracy.

Attorney Bob Jones came to the Lubbock Police Department and dropped off a flash drive containing the recorded phone call and the remaining lab results. I uploaded the phone call to the LPD server to be kept as evidence. I reviewed the call and heard what appeared to be Chris and Daniel yelling and cursing at each other. There is no date or time stamp on the call. At the conclusion of the call it appears Chris threatens to stab Daniel. I observed the lab documents to show a negative result for all narcotics. I will place these results into the LPD records section as a trailing document to be kept as evidence.

I met with Fred Stangl and Chris Marshall at Fred's office. Chris agreed to provide an audio statement. Upon speaking with Chris, I advised him he was not under arrest and was free to leave at anytime. Furthermore, I advised Chris if at any point he wanted to end the interview or speak privately with his attorney, Fred, that he had that right. I explained I would exit the room with my recorder and allow them to speak in private. He stated he understood and agreed to speak with me.

Chris stated he had no idea what Daniel is talking about. He stated he has never been to Daniel's house, nor would he. Chris stated he fears Daniel and thinks he is not mentally stable. Chris said he believes Daniel would kill him if he went to his house. Chris denied ever going to Daniel's house that night and stated he was at home with some girls. He stated he did not know their names, but would work on getting me the names.

Chris explained he put the note on the door due to the police routinely knocking on his door at night because of

## LUBBOCK POLICE DEPARTMENT

### Narrative

false allegations by Daniel. He stated his mother suggested he put a note out and just not answer the door anymore.

I told Chris about the text message I saw on Hailey's phone. I asked Chris how he had so much information and details about this case if he was not there. Daniel previously told me he only spoke with his family about the incident, so Chris would have no way of knowing. Chris and Fred explained Officer Freeman contacted Fred via the number left on the note. Officer Freeman scheduled an appointment and met with Fred and Chris on September 5th. Officer Freeman spoke with them in length regarding this case and the details surrounding it. Officer freeman also advised Fred I was the primary detective working the previous cases and had knowledge of the situation. Freeman told them he would get with me and forward the information he obtained though this meeting.

I will upload Chris' statement to the LPD server to be kept as evidence. See his statement for further details and accuracy.

Following his statement, I offered Chris a polygraph examination. Fred stated he would talk with Chris about the polygraph and let me know.

**September 10, 2012**
Fred Stangl called and stated Chris would be willing to take a polygraph examination. I spoke with Cpl Treadway and she scheduled an appointment for Tuesday, September 18, 2012 at 0900 hours.

I located and marked Officer Freeman's DVR as evidence. Soon after Officer Freeman arrives on scene the body microphone is deactivated.

I was unable to locate any DVR for Officer Aven.

I located and marked Officer Irby's DVR as evidence. It appears as though Irby's video corrupts around minute 16. After this point I am unable to get it to play.

I located and marked Officer Anderson's DVR as evidence. His body microphone is also intermittent and is deactivated soon after his arrival on scene.

I located and marked Officer Brandon Jones' DVR as evidence. His body microphone is also intermittent during his time on scene.

**September 11, 2012**
Detective Moudy advised he had finished imaging and I could now release the phone. I went to the ID section and obtained the phone.

I reviewed the data from the phone image. I observed over 20, 000 text messages as well as photographs and phone logs. Prior to returning the phone I examined the actual phone. I first noticed the wallpaper on Daniel's iPhone to be a photograph of him and Hailey. This is peculiar as they have broken up and Daniel is not supposed to have any contact with Hailey. I then observed numerous photographs of Hailey and of Daniel and Hailey together. Daniel even had an entire photo album titled "Hailey" containing proactive photos of her.

I located numerous recent text messages between Daniel and Hailey. In those messages Daniel is attempting to convince Hailey to talk to him and explain why they should be together. Hailey did not appear very receptive and even tells Daniel she thinks he is crazy like Chris.

Lastly, I observed the phone call history of Daniel's phone. I observed the call to the nonemergency police number 896-775-2865 only four (4) minutes before he called 911. This call was placed as a facetime call and ended after a few seconds. Daniel previously stated this was an accidental redial of that number and stated he called that number earlier that day. However, I did not observe any recent calls to that number on his phone other

12-30853 Supplement No 0005

## LUBBOCK POLICE DEPARTMENT

### Narrative

than that one call. There was a call to the city jail and the county jail as he stated, but no call to dispatch. Therefore, the only way that number could have been called would have been for Daniel to punch the numbers via the keypad and then pressing the facetime button instead of the call button.

I went to speak with Daniel's attorney Bob Jones at his office. I returned Daniel's phone and his Georgia weapon's carry license to Bob. He stated he would return them to Daniel. I then asked Bob why Daniel was uncooperative on Friday regarding the ID section retrieving the bullet from his house. Bob stated he did receive another call from Daniel asking about it. Bob stated he again told Daniel that they had already discussed this and to allow the police to retrieve the bullet. I explained to Bob that Daniel never returned Sgt English's call and the bullet has still not been retrieved. I then expressed my concern to Bob that Daniel had perhaps fabricated this entire story. I explained my findings on Daniel's phone and stated it appeared as though Daniel may be trying to get Hailey's attention by this allegation. Bob stated he would speak with Daniel and call me later.

Bob Jones called my work cell phone and stated he had talked with Daniel. Bob stated Daniel did not "admit" to fabricating the entire story; however, he stated Daniel is moving out of Lubbock and wanted the investigation to cease. He stated Daniel wants to just let the whole thing go and leave it all behind him.

Due to the totality of the circumstances, I do not believe Daniel Dunn was intoxicated or on narcotics during this incident. Daniel has presented evidence to show that no narcotics were in his system. I believe Daniel's actions were a facade and done in an attempt to convince officers he was in "shock" and scared after allegedly being shot at. I do not believe Chris was ever even at Daniel's house and I believe Daniel has made these allegations in an attempt to win over Hailey.

I spoke with Municipal court and advised them of the evidence I have obtained and my concern for the citation of Public Intoxication instantered against Daniel Dunn. I requested they dismiss the citation in the interest of justice.

Furthermore, upon completion of this investigation I do not believe a polygraph examination of Christian is necessary at this time. I believe the evidence against Daniel has shown these allegations were fabricated in an attempt to win over Hailey. I will forward this information to the Lubbock CDA's office regarding the previous cases involving Chris and Daniel.

This case will be presented to the Lubbock CDA's office for the consideration of the charge of Discharging a Firearm within a Municipality.

Case Status: AA

12-30853

Supplement No
0006

# LUBBOCK POLICE DEPARTMENT

Reported Date
09/13/2012
Rpt/Incident Typ

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Member#/Dept ID#
STEEN,JEREMY MICHAEL

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | From Date |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-30853 | 0006 | 09/13/2012 | 10:50 | 09/13/2012 |

| From Time | Member#/Dept ID# | Assignment |
|---|---|---|
| 10:50 | 117469/STEEN,JEREMY MICHAEL | CRIMES AGAINST CHILDREN SQUAD |

| Entered By | Assignment | RMS Transfer | Prop Trans Stat |
|---|---|---|---|
| 162987 | AUTOMATED RECORDS CENTER | Successful | Successful |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 79155 | 05/05/2017 | 19:49:11 |

## Modus Operandi

## Narrative

Supplement written to index property

12-30853

Supplement No
0007

# LUBBOCK POLICE DEPARTMENT

Reported Date
09/14/2012
Rpt/Incident Typ

Member#/Dept ID#
FREEMAN,ADAM GARRETT

P.O. BOX 2000

LUBBOCK, TX 79457

Phone
(806) 775-2801 (PHN)

Fax
(806) 775-2662 (FAX)

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-30853 | 0007 | 09/14/2012 | 00:16 |

| Location | City |
|---|---|
| 1217 AVE K | Lubbock |

| ZIP Code | From Date | From Time | To Date | To Time |
|---|---|---|---|---|
| 79401 | 09/05/2012 | 15:00 | 09/05/2012 | 16:00 |

| Member#/Dept ID# | Assignment | Entered By |
|---|---|---|
| 132572/FREEMAN,ADAM GARRETT | HOMICIDE/AGG ASSAULT SQUAD | 162987 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| AUTOMATED RECORDS CENTER | Successful | Successful | 79155 |

| Approval Date | Approval Time |
|---|---|
| 05/05/2017 | 19:50:02 |

## Modus Operandi

Crime Code(s)
LIQUOR LAWS

## Narrative

ON THE NIGHT OF THIS INCIDENT, SGT HESTER WAS ON SCENE DUE TO THIS BEING ANOTHER CALL INVOLVING THE SAME SUBJECTS. SGT HESTER WAS AWARE OF THE NOTE LOCATED ON CHRIS MARSHALL'S DOOR. I ADVISED SGT HESTER I WANTED TO CONTACT FRED STANGL AND MEET WITH CHRIS IN REFERENCE TO THIS INCIDENT, DUE TO CHRIS NOT BEING A SUSPECT. SGT HESTER ADVISED I COULD MEET WITH FRED AND CHRIS REGARDING THIS INCIDENT IF THEY CHOSE TO MEET WITH ME. SGT HESTER WAS AWARE OF THE MEETING AND CLEARED ME TO SPEAK WITH FRED AND CHRIS.

ON 09-05-2012 AT APPROXIMATELY 0833 HOURS I CONTACTED FRED STANGL IN REFERENCE TO THIS CASE AND INCIDENT. I ADVISED FRED THERE WAS A NOTE LEFT ON CHRIS' DOOR ADVISING TO CONTACT HIM. I ADVISED FRED I NEEDED TO SPEAK WITH CHRIS REGARDING THIS INCIDENT. I ADVISED FRED FOR THIS INCIDENT, CHRIS WAS NOT LISTED AS A SUSPECT, BUT AS AN INVOLVED PARTY, BY MENTION OF HIS NAME ALONE. FRED ADVISED HE WOULD CONTACT CHRIS AND SET UP A TIME WHEN CHRIS WAS AVAILABLE.

FRED CALLED ME BACK AT APPROXIMATELY 1047 HOURS AND ADVISED CHRIS WAS WILLING TO MEET WITH ME. FRED ADVISED CHRIS HAD A FULL SCHEDULE OF CLASSES AND WOULD NOT BE AVAILABLE UNTIL THE AFTERNOON OF 09-06-2012. FRED OFFERED A MEETING TIME OF 1500 HOURS AND I ADVISED FRED THAT WOULD BE A GOOD TIME.

ON 09-06-2012 AT APPROXIMATELY 1500 HOURS, I MET WITH CHRISTIAN MARSHALL, IP1, AND HIS ATTORNEY, FRED STANGL, IN FRED'S OFFICE. I ADVISED BOTH FRED AND CHRIS THIS WAS IN NO WAY AN INTERROGATION. I ADVISED THEM I WAS THERE TO GATHER INFORMATION OF THE INCIDENT WHERE CHRIS HAD ALLEGEDLY FIRED AT DANIEL AND DANIEL RETURNED FIRE. I ADVISED THEM THIS MEETING WOULD NOT BE RECORDED. I ADVISED THEM BOTH I WAS AWARE CHRIS HAD BEEN LISTED AS A SUSPECT IN SEVERAL PRIOR AND PENDING CASES WITH DANIEL DUNN BEING LISTED AS THE VICTIM. I ADVISED THEM I WANTED THE MEETING AS AN INFORMATION GATHERING TO BETTER UNDERSTAND THE HISTORY BETWEEN CHRIS, DANIEL AND THEIR COMMON EX GIRLFRIEND, HAILEY. FRED ADVISED CHRIS HE COULD END THE INTERVIEW AT ANYTIME IF HE FELT THE NEED TO. FRED ADVISED CHRIS WAS FREE TO SPEAK TO ME ABOUT ANYTHING. FRED ADVISED ME HE DID NOT HAVE ANY LIMITATIONS ON WHAT I COULD ASK CHRIS ABOUT.

I ASKED CHRIS WHERE HE WAS THE NIGHT OF THIS INCIDENT. CHRIS ADVISED HE WAS AT A "FRAT"

12-30853 Supplement No 0007

# LUBBOCK POLICE DEPARTMENT

## Narrative

EVENT. CHRIS ADVISED HE HAD APPROXIMATELY EIGHT OTHER SUBJECTS WHICH COULD PROVE HE WAS AT THE EVENT. I ASKED CHRIS IF HE HAD GONE BY DANIEL'S RESIDENCE. CHRIS ADVISED HE HAD NEVER GONE BY DANIEL'S RESIDENCE AND WOULD NOT GO BY THERE EITHER. CHRIS ADVISED HE WAS SCARED TO DEATH OF DANIEL. CHRIS ADVISED HE HAD NO REASON TO GO TO DANIEL'S RESIDENCE. I ADVISED CHRIS OTHER OFFICERS HAD LOCATED HIS TRUCK, WHICH HAD BEEN DESCRIBED TO US BY DANIEL, AT HIS RESIDENCE, APPROXIMATELY TWO BLOCKS TO THE WEST OF DANIEL'S RESIDENCE. I ADVISED CHRIS THE OFFICERS STATED THE TRUCK WAS WARM AND HAD BEEN DRIVEN RECENTLY. CHRIS ADVISED HE HAD JUST RETURNED TO HIS RESIDENCE FROM THE "FRAT" EVENT. I ADVISED CHRIS WE ALSO CHECKED HIS VEHICLE FOR ANY BULLET HOLES ON THE OUTSIDE, BUT WERE UNABLE TO LOCATE ANY. WITHOUT BEING PROMPTED OR EVEN ASKED, CHRIS ADVISED HE DID NOT OWN A GUN. CHRIS ADVISED THE ONLY PEOPLE HE KNEW WHO HAD GUNS, OWNED SHOTGUNS FOR BIRD HUNTING. I DID NOT REVEAL THE TYPE OF BULLET HOLE LOCATED INSIDE DANIEL'S RESIDENCE PRIOR TO THAT. I ASKED CHRIS IF HE HAD ACCESS TO ANY OF THE SHOTGUNS HE MENTIONED. CHRIS ADVISED HE DID NOT HAVE ANY ACCESS TO THE SHOTGUNS. CHRIS ADVISED HE WOULD HAVE TO BEG FOR HIS FRIEND'S TO ALLOW HIM TO HAVE THE SHOTGUN OR BORROW IT. I BELIEVED CHRIS TO BE TELLING THE TRUTH REGARDING THE NIGHT OF THE INCIDENT.

I ASKED CHRIS WHY HE PUT A NOTE ON THE DOOR FOR POLICE TO CONTACT FRED. CHRIS ADVISED HE WAS TIRED OF BEING HARASSED BY PATROL OFFICERS IN THE MIDDLE OF THE NIGHT DUE TO DANIEL'S ACCUSATIONS. I ADVISED CHRIS I WOULD TRY TO RESPOND TO ANY CALLS TO EITHER HIS OR DANIEL'S HOUSE. FRED ADVISED CHRIS IT WOULD BE OKAY TO SPEAK WITH ME EVEN IF HE, FRED, WAS NOT PRESENT, AS LONG AS CHRIS WAS NOT A LISTED SUSPECT.

I ASKED CHRIS FOR SOME BACKGROUND INFORMATION ON HIS RELATIONSHIP WITH HAILEY. CHRIS ADVISED HE WENT BACK TO HIS PARENT'S HOUSE FOR THE SUMMER. CHRIS ADVISED HE AND HAILEY DECIDED TO END THEIR RELATIONSHIP. CHRIS ADVISED HIS PARENTS WERE HAPPY THE RELATIONSHIP WAS OVER. CHRIS ADVISED SHE STARTED TO DATE DANIEL. CHRIS ADVISED WHEN HE RETURNED TO TOWN, HAILEY CONTACTED HIM AND TOLD HIM SHE WAS NOT SURE SHE WANTED THE RELATIONSHIP TO BE OVER. CHRIS ADVISED HE AND HAILEY EVENTUALLY DECIDED TO END THE RELATIONSHIP FOR GOOD. CHRIS ADVISED HE HAS NOT BEEN IN CONTACT WITH HAILEY FOR SOME TIME, OTHER THAN TO RETURN PROPERTY TO HER OR RETRIEVE PROPERTY FROM HER. CHRIS ADVISED DANIEL STARTED TO BECOME AGGRESSIVE TOWARDS HIM WHEN HE, DANIEL, FOUND OUT HAILEY WAS TALKING TO HIM, CHRIS. CHRIS ADVISED HE FELT HAILEY WAS THE PROBLEM AND HE WAS GLAD TO BE DONE WITH THE RELATIONSHIP.

I ADVISED FRED AND CHRIS OF DANIEL'S ARREST. I ADVISED THEM AGAIN CHRIS WAS NOT BEING LISTED AS A SUSPECT. I ADVISED FRED AND CHRIS I DID NOT HAVE ANY FURTHER QUESTIONS. CHRIS LEFT THE OFFICE.

FRED AND I STAYED IN FRED'S OFFICE AFTER CHRIS HAD LEFT. FRED ADVISED HE DID NOT BELIEVE THERE TO BE ANY REASON FOR CHRIS TO NEED AN ATTORNEY IF HE WAS NOT BEING LISTED AS A SUSPECT. FRED ADVISED HE HAS ENCOURAGED CHRIS TO COOPERATE WITH POLICE IN THE FUTURE.

I DID NOT COLLECT ANY EVIDENCE FROM THIS MEETING.

I DID NOT UTILIZED MY DVR FOR THIS MEETING.

| 12-30853 | Supplement No 0008 |
|---|---|

# LUBBOCK POLICE DEPARTMENT

P.O. BOX 2000

LUBBOCK, TX 79457

Phone
(806) 775-2801 (PHN)

Fax
(806) 775-2662 (FAX)

Reported Date
10/23/2012

Rpt/Incident Typ

Member#/Dept ID#
STEEN, JEREMY MICHAEL

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | From Date |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-30853 | 0008 | 10/23/2012 | 15:00 | 10/23/2012 |

| From Time | Member#/Dept ID# | Assignment |
|---|---|---|
| 15:00 | 117469/STEEN, JEREMY MICHAEL | CRIMES AGAINST CHILDREN SQUAD |

| Entered By | Assignment | RMS Transfer | Prop Trans Stat |
|---|---|---|---|
| 162987 | AUTOMATED RECORDS CENTER | Successful | Successful |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 79155 | 05/05/2017 | 19:50:38 |

## Modus Operandi

## Narrative

ON OCTOBER 23, 2012, I RECEIVED NOTICE THAT THE CRIMINAL DISTRICT ATTORNEY WHARFF, FILED DISCHARGE OF A FIREARM IN A MUNICIPALITY AGAINST **DANIEL DUNN**.

1. ACTOR IS KNOWN.
2. ACTOR ADDRESS IS KNOWN.
3. THERE IS SUFFICIENT INFORMATION.
4. CDA HAS FILED CHARGES.

CASE STATUS: **CASE FILED**

**12-30853**

Supplement No
0009

# LUBBOCK POLICE DEPARTMENT

Reported Date
05/06/2020
Rpt/Incident Typ

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Member#/Dept ID#
SANCHEZ,LAUREN CASEY

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-30853 | 0009 | 05/06/2020 | 13:59 |

| Member#/Dept ID# | Assignment | Entered By |
|---|---|---|
| 163204/SANCHEZ,LAUREN CASEY | PROPERTY & EVIDENCE SQUAD | 163204 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| PROPERTY & EVIDENCE SQUAD | Successful | Successful | 105302 |

| Approval Date | Approval Time |
|---|---|
| 06/03/2020 | 08:13:24 |

## Narrative

On this day Daniel Austin Dunn retrieved the Taurus pistol that we were able to locate on this case. The other rifes taken on this case have not yet been located. The property was turned into a system that is no longer accessible, and unable to view the disposition and location of the other property associated with this case.

Nothing further.

12-33878

Supplement No
ORIG

# LUBBOCK POLICE DEPARTMENT

P.O. BOX 2000

LUBBOCK, TX 79457

Phone
(806) 775-2801 (PHN)

Fax
(806) 775-2662 (FAX)

Reported Date
09/23/2012

Rpt/Incident Typ
WEAPONS

Member#/Dept ID#
FREEMAN,ADAM GARRETT

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | CAD Call No |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-33878 | ORIG | 09/23/2012 | 02:30 | 120914375 |

| Status | Rpt/Incident Typ |
|---|---|
| INVESTIGATE | WEAPON LAW VIOLATIONS |

| Location | City |
|---|---|
| 3820 30TH ST | Lubbock |

| ZIP Code | Rep Dist | Area | Beat | From Date | From Time |
|---|---|---|---|---|---|
| 79410 | 005 | LU | LU | 09/23/2012 | 02:30 |

| Member#/Dept ID# | Assignment | Entered By |
|---|---|---|
| 132572/FREEMAN,ADAM GARRETT | HOMICIDE/AGG ASSAULT SQUAD | 162987 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| AUTOMATED RECORDS CENTER | Successful | Successful | 162987 |

| Approval Date | Approval Time |
|---|---|
| 07/07/2017 | 19:33:07 |

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 1 | PC36.06 | OBSTRUCTION OR RETAL | 3 | | |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| ARR | ARR | 1 | DUNN,DANIEL AUSTIN | W | M |

DOB
[redacted]

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| VIC | VIC | 1 | MARSHALL,CHRISTIAN WILLIAM | W | M |

DOB
[redacted]

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 2 | PC42.072 | STALKING | 3 | | |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| ARR | ARR | 1 | DUNN,DANIEL AUSTIN | W | M |

DOB
[redacted]

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| VIC | VIC | 1 | MARSHALL,CHRISTIAN WILLIAM | W | M |

DOB
[redacted]

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| VIC | VIC | 2 | HOLLAND,ETHAN TAYLOR | W | M |

DOB
[redacted]

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| VIC | VIC | 3 | JACKSON,BRANDON ALAN | W | M |

DOB
[redacted]

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 3 | PC46.02 | UNLAWFUL CARRYING WE | A | | |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| ARR | ARR | 1 | DUNN,DANIEL AUSTIN | W | M |

DOB
[redacted]

12-33878 Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 4 | PC49.02 | PUBLIC INTOXICATION | C | | |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| ARR | ARR | 1 | DUNN,DANIEL AUSTIN | W | M |

DOB [redacted]

## Person Summary

| Invl | Invl No | Type | Name | MNI |
|---|---|---|---|---|
| ARR | 1 | I | DUNN,DANIEL AUSTIN | 1364825 |
| VIC | 1 | I | MARSHALL,CHRISTIAN WILLIAM | 1323196 |
| VIC | 2 | I | HOLLAND,ETHAN TAYLOR | 1323189 |
| VIC | 3 | I | JACKSON,BRANDON ALAN | 1416144 |

| Name | Race | Sex | DOB |
|---|---|---|---|
| DUNN,DANIEL AUSTIN | W | M | [redacted] |
| MARSHALL,CHRISTIAN WILLIAM | W | M | [redacted] |
| HOLLAND,ETHAN TAYLOR | W | M | [redacted] |
| JACKSON,BRANDON ALAN | W | M | [redacted] |

## Vehicle Summary

| Invl | Type | License No | State | Lic Year | Year | Make | Model | Style | Color |
|---|---|---|---|---|---|---|---|---|---|
| ARR | 2 | 27WSZ8 | TX | | 2001 | DODG | R15 | PK | SIL |
| CRM | 2 | 08ZFS8 | TX | | 2008 | FORD | F25 | PK | BLK |

## Summary Narrative

A1 DAMAGED V1'S PROPERTY IN RETALIATION FOR A PREVIOUS CASE. A1 PLACED V2 AND V3 IN FEAR FOR THEIR LIVES AND PROPERTY ON MORE THAN ONE Occasion. A1 WAS IN POSSESSION OF AN ILLEGAL KNIFE. A1 WAS INTOXICATED IN A PUBLIC PLACE AND A DANGER TO HIMSELF AND OTHERS. A1 WAS ARRESTED, TRANSPORTED AND BOOKED INTO THE CITY HOLDING FACILITY.

12-33878

Supplement No: ORIG

# LUBBOCK POLICE DEPARTMENT

## Arrestee 1: DUNN,DANIEL AUSTIN

| Involvement | Invl No | Type |
|---|---|---|
| Arrestee | 1 | Individual |

| Name | MNI | Race | Sex |
|---|---|---|---|
| DUNN,DANIEL AUSTIN | 1364825 | White | Male |

| DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | Skin | Build | PRN |
|---|---|---|---|---|---|---|---|---|---|
| [redacted] | 22 | No | 6'02" | 160# | Brown | Hazel | LIGHT | AVERAGE | 3768517 |

| Type | Address |
|---|---|
| HOME | 3703 30TH ST #A |

| City | State | ZIP Code | Date |
|---|---|---|---|
| Lubbock | TEXAS | 79410 | 09/23/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 24072229 | TEXAS |

| Type | ID No |
|---|---|
| Booking Number | 189726 |
| SOCIAL SECURITY NUMBER | [redacted]-1068 |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (214)850-3866 | 09/23/2012 |

| Mark Type | Mark Code | Description |
|---|---|---|
| TATTOO CHEST | TATTOO | ON RIBS,UNSPECIFIED |
| TATTOO CHEST | TATTOO | UNSPECIFIED |
| TATTOO SHOULDER, NONSPECIFIC | TATTOO | UNSPECIFIED |

| Relationship | Name | Sex |
|---|---|---|
| MOTHER | DUNN,JUDI | Female |

| Address | City |
|---|---|
| 165 LAKE TR | DOUBLE OAK |

| State | ZIP Code | Phone Type | Phone No |
|---|---|---|---|
| TEXAS | 75077 | HOME | (214)402-3819 |

| Involvement | Arrest Type | Arrest Date | Arrest Time | Book Date | Book Time | Status |
|---|---|---|---|---|---|---|
| Arrested | On-View Arrests | 09/23/2012 | 03:34:00 | 09/23/2012 | 03:34:00 | Booked |

| Dispo | Arrest Location |
|---|---|
| Felony | 3820 30TH ST |

| City | Rep Dist | Citation No | Place of Birth | City of Birth | Beat |
|---|---|---|---|---|---|
| Lubbock | 005 | 1252340 | FLORIDA | MIAMI | LU |

| Charge | Level | Charge Literal |
|---|---|---|
| PC42.072 | F3 | STALKING |
| PC36.06 | F3 | OBSTRUCTION OR RETAL |
| PC49.02 | MC | PUBLIC INTOXICATION |
| PC46.02 | F3 | UNLAWFUL CARRYING WE |

## Victim 1: MARSHALL,CHRISTIAN WILLIAM

| Involvement | Invl No | Type | Name |
|---|---|---|---|
| Victim | 1 | Individual | MARSHALL,CHRISTIAN WILLIAM |

| MNI | Race | Sex | DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | PRN |
|---|---|---|---|---|---|---|---|---|---|---|
| 1323196 | White | Male | [redacted] | 20 | No | 5'10" | 160# | Brown | Blue | 3768518 |

| Type | Address |
|---|---|
| ADDITIONAL | 2311 CENTERBROOK LN |

| City | State | Date |
|---|---|---|
| KATY | TEXAS | 09/23/2012 |

| Type | Address |
|---|---|
| HOME | 3820 30TH ST |

| City | State | ZIP Code | Date |
|---|---|---|---|
| Lubbock | TEXAS | 79410 | 09/23/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 25606335 | TEXAS |

12-33878 Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

| Type | ID No |
|---|---|
| Booking Number | 189948 |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (281)684-3530 | 09/23/2012 |

Miscellaneous: POB:LUBBOCK,TEXAS

| Alias Name | Race | Sex | DOB |
|---|---|---|---|
| MARSHALL,CHRISTIAN | White | Male | 10/07/1991 |

| Height | Weight | Hair Color | Eye Color |
|---|---|---|---|
| 5'10" | 160# | Brown | Blue |

## Victim 2: HOLLAND,ETHAN TAYLOR

| Involvement | Invl No | Type | Name |
|---|---|---|---|
| Victim | 2 | Individual | HOLLAND,ETHAN TAYLOR |

| MNI | Race | Sex | DOB | Age | Juvenile? | PRN |
|---|---|---|---|---|---|---|
| 1323189 | White | Male | [redacted] | 21 | No | 3768519 |

| Type | Address |
|---|---|
| HOME | 3820 30TH ST |

| City | State | ZIP Code | Date |
|---|---|---|---|
| Lubbock | TEXAS | 79410 | 09/23/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 24835920 | TEXAS |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (830)220-2223 | 09/23/2012 |

## Victim 3: JACKSON,BRANDON ALAN

| Involvement | Invl No | Type | Name |
|---|---|---|---|
| Victim | 3 | Individual | JACKSON,BRANDON ALAN |

| MNI | Race | Sex | DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | Skin |
|---|---|---|---|---|---|---|---|---|---|---|
| 1416144 | White | Male | [redacted] | 19 | No | 6'01" | 165# | Brown | Blue | LIGHT |

PRN: 3768520

| Type | Address |
|---|---|
| HOME | 3820 30TH ST |

| City | State | ZIP Code | Date |
|---|---|---|---|
| Lubbock | TEXAS | 79410 | 09/23/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 27189153 | TEXAS |

| Type | ID No |
|---|---|
| SOCIAL SECURITY NUMBER | [redacted]-6896 |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (713)309-5180 | 09/23/2012 |

Miscellaneous: POB: HOUSTON,TEXAS

## Vehicle: 27WSZ8

| Involvement | Type | License No | State | Lic Type | Year | Make | Model |
|---|---|---|---|---|---|---|---|
| ARRESTEE | Truck/Van | 27WSZ8 | TEXAS | Truck | 2001 | Dodge | Ram 1500 (pickup) |

| Style | Color | VIN | Storage |
|---|---|---|---|
| PICKUP - TRUCK | Silver/aluminum | 1B7KF236X1J232684 | IMPOUNDED |

| Dispo | Dispo Date |
|---|---|
| IMPOUNDED | 09/23/2012 |

Tow By: LUBBOCK WRECKER

Tow From: 3820 30TH ST

Tow To: LUBBOCK WRECKER

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| ARR | ARR | 1 | DUNN,DANIEL AUSTIN | W | M |

DOB: [redacted]

## Vehicle: 08ZFS8

| Involvement | Type | License No | State | Lic Type | Year | Make |
|---|---|---|---|---|---|---|
| OBJECT OF CRIME (IE.BURGLARY) | Truck/Van | 08ZFS8 | TEXAS | Truck | 2008 | FORD |

| Model | Style | Color | VIN |
|---|---|---|---|
| F250 | PICKUP - TRUCK | Black | 1FTSW21R88EB36536 |

12-33878 Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

## Vehicle: 08ZFS8

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| OWN | VIC | 1 | MARSHALL,CHRISTIAN WILLIAM | W | M |

DOB

## Modus Operandi

| Premise Type | Victim's Race | Victim's Sex | Victim's Age | Crime Code(s) |
|---|---|---|---|---|
| RESIDENCE - ALL TYPES | White | Male | Adult | WEAPONS VIOLATIONS |

## Narrative

A1'S CHARGES: PC 36.06 RETALIATION F3
PC 42.072 STALKING F3
PC 46.02 UCW MA
PC 49.02 PI #1252340 MC

I RECEIVED A POLICE RADIO CALL TO 3820 30TH ST IN REFERENCE TO A CIVIL DISTURBANCE.

V1, V2 AND V3 ARE ROOMMATES.
A1 DATED V1'S EX GIRLFRIEND

UPON ARRIVAL, OFC STAMPS AND OFC LEPAGE HAD A1 IN CUSTODY AND DETAINED IN THE BACK SEAT OF OFC LEPAGE'S PATROL VEHICLE. DUE TO THE NUMEROUS CALLS AND CASE REPORTS GENERATED BY BOTH A1 AND V1, I WAS ALREADY AWARE OF THE SITUATION BETWEEN A1 AND V1. I KNEW V1 WAS NOT AT HIS RESIDENCE DUE TO BEING ARRESTED UNDER AN UNRELATED CASE NUMBER ON 092212 FOR UNRELATED CHARGES. I KNEW V1 WAS STILL IN THE COUNTY JAIL FOR HIS OFFENSE ON THAT DATE.

OFC STAMPS ADVISED HE LOCATED A1 WALKING AWAY FROM THE FRONT DOOR OF V1'S RESIDENCE. OFC STAMPS ADVISED A1 HAD A KNIFE ON HIS PERSON, WHICH OFC STAMPS SECURED UNTIL MY ARRIVAL. SEE OFC STAMPS RELATED SUPPLEMENT REPORT.

I OBSERVED A1'S VEHICLE TO BE PARKED ON THE NORTH SIDE OF THE ROADWAY IN FRONT OF V1'S RESIDENCE, FACING EAST. I OBSERVED A1'S VEHICLE TO STILL BE RUNNING. DUE TO THE INFORMATION ON THE CALL SHEET ADVISING A1, THE REPORTED PROBLEM HALF, POSSIBLY HAVING A FIREARM ON HIM AND MY PREVIOUS DEALING WITH A1 HAVING NUMEROUS FIREARMS, MYSELF AND OTHER OFFICERS ON SCENE CHECKED A1'S VEHICLE FOR ANY FIREARMS. WE LOCATED A CAMOUFLAGE 270 CALIBER RIFLE, WITH THREE ROUNDS IN THE MAGAZINE AND ONE IN THE CHAMBER, IN A GUN MOUNT IN THE BACK WINDOW OF A1'S VEHICLE. WE LOCATED A BLACK 9MM SEMI AUTOMATIC CARBINE, WITH 15 ROUNDS IN AN EXTENDED MAGAZINE AND ONE ROUND IN THE CHAMBER WE UNLOADED THE RIFLES AND SECURED THEM AND THE AMMUNITION IN THE BACK SEAT OF OFC B JONES' PATROL VEHICLE.

OFC STAMPS HANDED THE KNIFE OVER TO ME. I OBSERVED THE KNIFE TO HAVE A PARTIAL SERRATED EDGE AND BOTH EDGES SHARPENED. I COLLECTED THE KNIFE AS EVIDENCE.

I MADE CONTACT WITH V2 AND V3. V2 ADVISED HE OBSERVED A1 DRIVE BY HIS RESIDENCE ONE TIME, AROUSING HIS SUSPICIONS. V2 ADVISED HE OBSERVED A1 DRIVE BY A SECOND TIME, CAUSING HIM TO FEEL IN FEAR FOR HIS LIFE, DUE TO A1'S PAST ACTIONS. V2 ADVISED HE CALLED 911 AT THAT TIME. V2 ADVISED WHILE HE WAS ON THE PHONE WITH LPD DISPATCH, A1 PULLED IN FRONT OF HIS (V2'S) RESIDENCE AND PARKED HIS VEHICLE. V2 ADVISED V3 WAS WATCHING A1 FROM A WINDOW. V2 ADVISED HE REMAINED ON THE LINE WITH LPD DISPATCH UNTIL OUR ARRIVAL. V2 ADVISED HE OBSERVED A1 IN THE AREA OF THE CARPORT, LOCATED ON THE NORTH SIDE OF HIS RESIDENCE.

V3 ADVISED HE OBSERVED THE SAME AS V2. V3 ADVISED HE TOO FELT IN FEAR FOR HIS LIFE DUE TO A1'S PREVIOUS ACTIONS. V3 ADVISED HE ALSO OBSERVED A1 DRIVE BY HIS RESIDENCE TWO TIMES BEFORE PARKING IN FRONT OF THE RESIDENCE. V3 ADVISED HE OBSERVED A1 EXIT HIS VEHICLE. V3 ADVISED HE OBSERVED A1 LEAN OVER AND MESS WITH HIS RIGHT BOOT. V3 ADVISED HE DID NOT

## LUBBOCK POLICE DEPARTMENT

### Narrative

BELIEVE A1 WAS ADJUSTING HIS SOCKS, BOOTS OR PANTS DUE TO THE AMOUNT OF TIME A1 WAS MESSING WITH RIGHT BOOT. V3 ADVISED HE OBSERVED A1 WALK TO THE FRONT DOOR. V3 ADVISED HE LOST SIGHT OF A1, BUT HEARD A KNOCKING AT THE DOOR. V3 ADVISED HE LOOKED OUT OF A DIFFERENT WINDOW AND OBSERVED A1 IN THE CAR PORT AREA OF HIS RESIDENCE. V3 ADVISED HE COULD NOT TELL WHAT A1 WAS DOING IN THE CARPORT. V3 ADVISED A1 WALKED BACK AROUND TO THE FRONT DOOR. V3 ADVISED A1 KNOCKED ON THE FRONT DOOR AGAIN. V3 ADVISED AFTER NEITHER HE NOR V2 ANSWERED THE DOOR, A1 STARTED WALKING AWAY FROM THE FRONT DOOR. V3 ADVISED AT THAT TIME, OFC STAMPS MADE CONTACT WITH A1 AND DETAINED HIM.

*DUE TO THE PREVIOUS INCIDENTS BETWEEN V1 AND A1, I BELIEVED ON MORE THAN ONE OCCASION* A1 PLACED V2 AND V3 IN FEAR OF THEIR LIVES.

DUE TO V2 AND V3 ADVISING THEY HAD BOTH SEEN A1 IN THE CARPORT AREA OF THE RESIDENCE, AND PREVIOUS EVENTS WHERE VEHICLE TIRES HAD BEEN SLASHED WITH A KNIFE, I WENT TO CHECK ON THE VEHICLES IN THE CARPORT. I OBSERVED V1'S VEHICLE TO BE PARKED IN THE CARPORT. I OBSERVED V2'S VEHICLE AND V3'S VEHICLE ALSO PARKED IN THE CARPORT. I DID NOT OBSERVE ANY DAMAGE TO V2'S VEHICLE OR V3'S VEHICLE. I OBSERVED THE DRIVER'S SIDE TIRES OF V1'S VEHICLE TO BE FLAT. I OBSERVED ONE PUNCTURE MARK IN THE LEFT REAR TIRE. I OBSERVED THREE PUNCTURE MARKS IN THE LEFT FRONT TIRE. IT WAS LATER DETERMINED THERE WERE FIVE PUNCTURE MARKS. I BELIEVED A1 HAD FLATTENED V1'S TIRES IN RETALIATION FOR A1 BEING PREVIOUSLY ARRESTED AND NUMEROUS OTHER INCIDENTS BETWEEN THE TWO.

I MADE CONTACT WITH A1, SEATED IN THE BACK SEAT OF OFC LEPAGE'S PATROL VEHICLE. WHILE CHECKING A1'S VEHICLE FOR ANY FIREARMS, I LOCATED A PRESCRIPTION PILL BOTTLE IN THE TOOL BOX OF A1'S VEHICLE. THE PRESCRIPTION WAS FOR A1. I ASKED A1 WHAT THE PRESCRIPTION WAS FOR. A1 ADVISED HE COULD NOT REMEMBER DUE TO HOW OLD THE PRESCRIPTION WAS. WHILE SPEAKING WITH A1 I COULD DETECT THE STRONG ODOR OF AN ALCOHOLIC BEVERAGE EMITTING FROM HIS BREATH. I DETERMINED A1 WAS INTOXICATED, WAS LOCATED IN A PUBLIC PLACE, AND WAS A DANGER TO HIMSELF AND OTHERS.

I COLLECTED THE TWO RIFLES, THEIR RESPECTIVE MAGAZINES AND AMMUNITION AND PLACED THEM INTO THE PROPERTY ROOM FOR SAFE KEEPING. I PLACED THE DOUBLE EDGED KNIFE INTO THE PROPERTY ROOM AS EVIDENCE.

A1'S VEHICLE WAS TOWED TO LUBBOCK WRECKER BY LUBBOCK WRECKER DUE TO BEING PARKED ILLEGALLY IN FRONT OF V1'S, V2'S AND V3'S RESIDENCE. A VEHICLE INVENTORY WAS CONDUCTED. ONE JACK, TRASH, A TOOL BOX, MISCELLANEOUS CLOTHING, ONE ROPE, ONE UMBRELLA, ONE SCOPE, ONE CB RADIO, ONE RADAR DETECTOR, ONE IPOD AND ONE RADIO WERE LOCATED INSIDE THE VEHICLE. THE TOW SLIP WAS TURNED IN.

OFC STAMPS ARRESTED A1. I TRANSPORTED AND BOOKED A1 INTO THE CITY HOLDING FACILITY FOR THE ABOVE LISTED CHARGES.

I DID NOT CONTACT V1 DUE TO V1 BEING CONFINED IN THE LUBBOCK COUNTY JAIL AT THE TIME OF THIS INCIDENT.

OFC BONDS WAS ON SCENE AS A CRIME SCENE OFFICER. SEE RELATED SUPPLEMENT REPORT.

DVR UTILIZED.

12-33878

Supplement No
0001

# LUBBOCK POLICE DEPARTMENT

Reported Date
09/23/2012
Rpt/Incident Typ

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Member#/Dept ID#
STAMPS,EVERETT LINSEY

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | From Date |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-33878 | 0001 | 09/23/2012 | 03:21 | 09/23/2012 |

| From Time | Member#/Dept ID# | Assignment |
|---|---|---|
| 02:23 | 70097/STAMPS,EVERETT LINSEY | SOUTH DAY ALPHA ZONE 6 |

| Entered By | Assignment | RMS Transfer | Prop Trans Stat |
|---|---|---|---|
| 162987 | AUTOMATED RECORDS CENTER | Successful | Successful |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 162987 | 07/07/2017 | 19:37:03 |

## Narrative

On listed date and time I responded as a backup officer to the listed address in reference to a civil disturbance with the problem half possibly being armed with a gun.

I arrived on scene and I observed a w/m, later identified as D. Dunn, walking away from the residence. D. Dunn was in the front yard of the listed address. I did not know if D. Dunn was involved. I pulled my pistol out of its holster and was holding it down by my right leg. I was able to determine that D. Dunn was involved and that he was "the problem half". I was standing about ten feet away from D. Dunn and I told him to sit on the ground. D. Dunn sat on the ground next to the sidewalk. I asked D. Dunn if he had any weapons on him. D. Dunn stated that he had a knife inside his boot. D. Dunn started to reach down towards his right boot. I pointed my pistol at D. Dunn and told him not reach for his boot. D. Dunn placed his hands up in the air. Other officers have yet to arrive on scene. I told D. Dunn to lay on his back and then to roll over onto his stomach. I told D. Dunn that if he did anything than what I told him to do I deploy my K9 and that he would be bitten. I asked D. Dunn if he understood and he said that he did. D. Dunn lay down on his back and then rolled over to his stomach. I then told D. Dunn to place his hands behind his back. D. Dunn did. I approached D. Dunn and placed him into handcuffs.

I took the knife from inside D. Dunn's right boot and threw it towards my vehicle. Officer LePage arrived on scene and placed D. Dunn in the backseat of his vehicle.

I picked up the knife and placed it on top of my vehicle. Officer Freeman arrived on scene and began to investigate the call. D. Dunn was eventually arrested for different charges. I handed over D. Dunn's knife over to Officer Freeman. As I handed Officer Freeman the knife I noticed that the knife was double bladed and serrated, qualifying the knife as a dagger.

I never deployed my K9 Jax from the vehicle. I just used the threat of using my K9 to gain compliance from D. Dunn until I could detain him.

DVR used and downloaded.

| Report Officer | Printed At | |
|---|---|---|
| 70097/STAMPS,EVERETT LINSEY | 06/08/2020 15:46 | Page 1 of 1 |



# LUBBOCK POLICE DEPARTMENT

12-33878

Supplement No
0002

P.O. BOX 2000

LUBBOCK, TX 79457

Phone
(806) 775-2801 (PHN)

Fax
(806) 775-2662 (FAX)

Reported Date
09/23/2012

Rpt/Incident Typ

Member#/Dept ID#
BONDS,THOMAS JORDAN

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | From Date |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-33878 | 0002 | 09/23/2012 | 03:41 | 09/23/2012 |

| From Time | Member#/Dept ID# | Assignment |
|---|---|---|
| 02:29 | 143448/BONDS,THOMAS JORDAN | HOMICIDE/SEXUAL ASSAULTS SQUAD |

| Entered By | Assignment | RMS Transfer | Prop Trans Stat |
|---|---|---|---|
| 162987 | AUTOMATED RECORDS CENTER | Successful | Successful |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 162987 | 07/07/2017 | 19:38:34 |

## Narrative

POLICE RADIO CALL TO 3820 30TH IN REFERENCE TO A CIVIL DISTURBANCE.

UPON ARRIVAL, I OBSERVED THE LISTED FORD PICKUPS TIRES HAD BEEN CUT ON THE SIDEWALL.

I OBSERVED FIVE STAB HOLES IN THE FRONT LEFT TIRE SIDEWALL AND ONE LARGE STAB HOLE IN THE BACK LEFT TIRE SIDEWALL.

I TOOK PHOTOS OF THE VEHICLE, TIRES, AND KNIFE LOCATED ON DUNN WITH AND WITHOUT SCALE.

I WILL TURN IN THE SD CARD WITH THE PHOTOS TO THE ID DROP BOX.

DVR NOT UTILIZED.

12-33878

Supplement No
0003

# LUBBOCK POLICE DEPARTMENT

Reported Date
09/25/2012
Rpt/Incident Typ

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Member#/Dept ID#
PAULK,DAVID JORDON

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-33878 | 0003 | 09/25/2012 | 08:25 |

| Location | City |
|---|---|
| 916 TEXAS AV | Lubbock |

| ZIP Code | Rep Dist | Area | Beat | From Date | From Time |
|---|---|---|---|---|---|
| 79401 | 011A | LU | LU | 09/23/2012 | 02:30 |

| Member#/Dept ID# | Assignment | Entered By |
|---|---|---|
| 19511/PAULK,DAVID JORDON | DOMESTIC VIOLENCE SQUAD | 162987 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| AUTOMATED RECORDS CENTER | Successful | Successful | 162987 |

| Approval Date | Approval Time |
|---|---|
| 07/07/2017 | 19:46:02 |

## Narrative

9/24/12

1244 hours

I have reviewed this case and will present it directly to the Lubbock County CDA for further consideration.

Officer Freeman's and Stamp's videos were marked for DA's office review. No other video was recorded.

Daniel Dunn's name file DOB is [redacted]. Texas DL shows to have Dunn's DOB as 3/30/1990.

911 audio attached.

1. The suspect is known.
2. The suspect's location is known.
3. There is evidence for prosecution.
4. This case has been filed with the Lubbock County CDA's Office.

Case Status: AA (Cleared / Closed Arrest Adult)

| Report Officer | Printed At | |
|---|---|---|
| 19511/PAULK,DAVID JORDON | 06/08/2020 15:46 | Page 1 of 1 |

12-33878

Supplement No
0004

# LUBBOCK POLICE DEPARTMENT

Reported Date
03/26/2014
Rpt/Incident Typ

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Member#/Dept ID#
BELL,VANESSA J

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | From Date |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-33878 | 0004 | 03/26/2014 | 15:29 | 09/23/2012 |

| From Time | Member#/Dept ID# | Assignment |
|---|---|---|
| 02:30 | 19739/BELL,VANESSA J | AUTOMATED RECORDS CENTER |

| Entered By | Assignment | RMS Transfer | Prop Trans Stat |
|---|---|---|---|
| 162987 | AUTOMATED RECORDS CENTER | Successful | Successful |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 162987 | 07/07/2017 | 19:47:25 |

## Narrative

DELETED PACKAGE # COURT ORDERED EXPUNGEMENT

12-33878

Supplement No
0005

# LUBBOCK POLICE DEPARTMENT

Reported Date
05/06/2020
Rpt/Incident Typ

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

Member#/Dept ID#
SANCHEZ,LAUREN CASEY

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-33878 | 0005 | 05/06/2020 | 13:53 |

| Member#/Dept ID# | Assignment | Entered By |
|---|---|---|
| 163204/SANCHEZ,LAUREN CASEY | PROPERTY & EVIDENCE SQUAD | 163204 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| PROPERTY & EVIDENCE SQUAD | Successful | Successful | 105302 |

| Approval Date | Approval Time |
|---|---|
| 06/03/2020 | 08:13:34 |

## Narrative

On this day Daniel Austin Dunn retrieved the Camo 270 Rifle that we were able to locate on this case. The other rifle taken on this case has not yet been located. The property was turned into a system that is no longer accessible, and unable to view the disposition and location of the other property associated with this case.

Nothing further.

**12-36641** Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

P.O. BOX 2000

LUBBOCK, TX 79457

Phone (806) 775-2801 (PHN)

Fax (806) 775-2662 (FAX)

Reported Date 10/13/2012

Rpt/Incident Typ RETAL

Member#/Dept ID# FREEMAN,ADAM GARRETT

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | CAD Call No |
|---|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-36641 | ORIG | 10/13/2012 | 00:42 | 12007266 |

| Status | Rpt/Incident Typ |
|---|---|
| INVESTIGATE | RETAILIATION |

| Location | City |
|---|---|
| 3820 30TH ST | Lubbock |

| From Date | From Time | Member#/Dept ID# |
|---|---|---|
| 10/13/2012 | 00:36 | 132572/FREEMAN,ADAM GARRETT |

| Assignment | Entered By | Assignment | RMS Transfer |
|---|---|---|---|
| HOMICIDE/AGG ASSAULT SQUAD | 59657 | AUTOMATED RECORDS CENTER | Successful |

| Prop Trans Stat | Approving Officer | Approval Date | Approval Time |
|---|---|---|---|
| Successful | 59657 | 08/02/2016 | 11:49:53 |

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 1 | PC42.072 | STALKING | | | |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Link | Involvement | Invl No | Name | Race | Sex | DOB |
|---|---|---|---|---|---|---|
| ARR | ARR | 1 | DUNN,DANIEL AUSTIN | W | M | [redacted] |
| RP | RP | 1 | MARSHALL,CHRISTIAN WILLIAM | W | M | [redacted] |
| VIC | VIC | 1 | HOLLAND,ETHAN TAYLOR | W | M | [redacted] |
| IP | IP | 1 | CARLSON,HAILEY MARIE | W | F | [redacted] |

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 2 | PC36.05 | TAMPERING WITH WITNE | | | |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| Link | Involvement | Invl No | Name | Race | Sex | DOB |
|---|---|---|---|---|---|---|
| ARR | ARR | 1 | DUNN,DANIEL AUSTIN | W | M | [redacted] |
| RP | RP | 1 | MARSHALL,CHRISTIAN WILLIAM | W | M | [redacted] |
| VIC | VIC | 1 | HOLLAND,ETHAN TAYLOR | W | M | [redacted] |
| IP | IP | 1 | CARLSON,HAILEY MARIE | W | F | [redacted] |

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 3 | PC36.06 | OBSTRUCTION OR RETAL | | | |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

12-36641 Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

| Link | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| ARR | ARR | 1 | DUNN,DANIEL AUSTIN | W | M |
| DOB [redacted] | | | | | |
| RP | RP | 1 | MARSHALL,CHRISTIAN WILLIAM | W | M |
| DOB [redacted] | | | | | |
| VIC | VIC | 1 | HOLLAND,ETHAN TAYLOR | W | M |
| DOB [redacted] | | | | | |
| IP | IP | 1 | CARLSON,HAILEY MARIE | W | F |
| DOB [redacted] | | | | | |

## Person Summary

| Invl | Invl No | Type | Name | MNI |
|---|---|---|---|---|
| ARR | 1 | I | DUNN,DANIEL AUSTIN | 1364825 |
| Race: W | Sex: M | DOB: [redacted] | | |
| IP | 1 | I | CARLSON,HAILEY MARIE | 1186769 |
| Race: W | Sex: F | DOB: [redacted] | | |
| RP | 1 | I | MARSHALL,CHRISTIAN WILLIAM | 1323196 |
| Race: W | Sex: M | DOB: [redacted] | | |
| VIC | 1 | I | HOLLAND,ETHAN TAYLOR | 1323189 |
| Race: W | Sex: M | DOB: [redacted] | | |

## Summary Narrative

A1 DROVE BY V1'S AND RP1'S RESIDENCE MULTIPLE TIMES WITHIN A FEW MINUTES. A1 STOPPED IN FRONT OF THEIR RESIDENCE AND FIRED A BB GUN. A1 RETURNED TO HIS RESIDENCE. A1 LEFT HIS RESIDENCE AND WAS SUBSEQUENTALLY STOPPED, ARRESTED, TRANSPORTED AND BOOKED INTO THE CITY HOLDING FACILITY.

12-36641

Supplement No
ORIG

# LUBBOCK POLICE DEPARTMENT

## Arrestee 1: DUNN,DANIEL AUSTIN

| Involvement | Invl No | Type |
|---|---|---|
| Arrestee | 1 | Individual |

| Name | MNI | Race | Sex |
|---|---|---|---|
| DUNN,DANIEL AUSTIN | 1364825 | White | Male |

| DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | Skin | Build | PRN |
|---|---|---|---|---|---|---|---|---|---|
| [redacted] | 22 | No | 6'02" | 150# | Brown | Green | LIGHT | THIN | 3605128 |

| Type | Address |
|---|---|
| HOME | 3703 30TH ST #A |

| City | State | Date |
|---|---|---|
| Lubbock | TEXAS | 10/13/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 24072229 | TEXAS |

| Type | ID No |
|---|---|
| Booking Number | 189726 |

| Type | ID No |
|---|---|
| SOCIAL SECURITY NUMBER | [redacted]-1068 |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (214)850-3866 | 10/13/2012 |

| Alias Name | Race | Sex | DOB |
|---|---|---|---|
| DUNN,AUSTIN | White | Male | 03/29/1990 |

| Height | Weight | Hair Color | Eye Color | Skin |
|---|---|---|---|---|
| 6'02" | 150# | Brown | Green | LIGHT |

| Relationship | Name | Sex |
|---|---|---|
| FATHER | DUNN,RICK | Male |

| Address | City |
|---|---|
| 165 LAKE TRAIL DR | DOWDING TRAIL |

| State | Phone Type | Phone No |
|---|---|---|
| TEXAS | HOME | (214)498-4509 |

| Employer/School | Position/Grade |
|---|---|
| USMC | ENLISTED |

| Involvement | Arrest Type | Arrest Date | Arrest Time | Book Date | Book Time | Status |
|---|---|---|---|---|---|---|
| Arrested | On-View Arrests | 10/13/2012 | 01:12:00 | 10/13/2012 | 01:12:00 | Booked |

| Dispo | Arrest Location |
|---|---|
| Felony | 3700 BLK 30TH ST |

| City | Place of Birth | City of Birth |
|---|---|---|
| Lubbock | FLORIDA | MIAMI |

| Charge | Level | Charge Literal |
|---|---|---|
| PC42.072 | F3 | STALKING |
| PC36.03 | F3 | COERCION OF PUBLIC S |
| PC36.05 | F3 | TAMPERING WITH WITNE |

## Involved Party 1: CARLSON,HAILEY MARIE

| Involvement | Invl No | Type |
|---|---|---|
| Involved Party | 1 | Individual |

| Name | MNI | Race | Sex |
|---|---|---|---|
| CARLSON,HAILEY MARIE | 1186769 | White | Female |

| DOB | Age | Juvenile? | PRN |
|---|---|---|---|
| [redacted] | 20 | No | 3605129 |

| Type | Address |
|---|---|
| ADDITIONAL | 1514 SEQUOIA DR |

| City | State | ZIP Code | Date |
|---|---|---|---|
| KRUM | TEXAS | 76249 | 10/13/2012 |

| Type | Address |
|---|---|
| HOME | 3416 29TH ST |

| City | State | Date |
|---|---|---|
| Lubbock | TEXAS | 10/13/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 27147400 | TEXAS |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (214)507-5272 | 10/13/2012 |

12-36641 Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

## Reporting party 1: MARSHALL,CHRISTIAN WILLIAM

| Involvement | Invl No | Type |
|---|---|---|
| Reporting party | 1 | Individual |

| Name | MNI | Race | Sex |
|---|---|---|---|
| MARSHALL,CHRISTIAN WILLIAM | 1323196 | White | Male |

| DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | PRN |
|---|---|---|---|---|---|---|---|
| [redacted] | 21 | No | 5'10" | 160# | Brown | Blue | 3605130 |

| Type | Address |
|---|---|
| ADDITIONAL | 2311 CENTERBROOK LN |

| City | State | Date |
|---|---|---|
| KATY | TEXAS | 10/13/2012 |

| Type | Address |
|---|---|
| HOME | 3820 30TH ST |

| City | State | Date |
|---|---|---|
| Lubbock | TEXAS | 10/13/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 25606335 | TEXAS |

| Type | ID No |
|---|---|
| Booking Number | 189948 |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (281)684-3530 | 10/13/2012 |

## Victim 1: HOLLAND,ETHAN TAYLOR

| Involvement | Invl No | Type | Name |
|---|---|---|---|
| Victim | 1 | Individual | HOLLAND,ETHAN TAYLOR |

| MNI | Race | Sex | DOB | Age | Juvenile? | PRN |
|---|---|---|---|---|---|---|
| 1323189 | White | Male | [redacted] | 21 | No | 3605131 |

| Type | Address |
|---|---|
| HOME | 3820 30TH ST |

| City | State | Date |
|---|---|---|
| Lubbock | TEXAS | 10/13/2012 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 24835920 | TEXAS |

| Phone Type | Phone No | Date |
|---|---|---|
| CELL | (830)220-2223 | 10/13/2012 |

## Modus Operandi

| Premise Type |
|---|
| BUSINESS |

## Narrative

A1'S CHARGES: PC 42.072 STALKING F3
PC 36.05 TAMPER WITH WITNESS F3
PC 36.06 RETALIATION F3

I RECEIVED A PHONE CALL FROM RP1 ON MY PERSONAL CELL PHONE AT APPROXIMATELY 0036 HOURS ON 101312. RP1 ADVISED HIS ROOMMATE, V1, HAD CALLED HIM AND TOLD HIM A1 HAD DRIVEN BY THEIR RESIDENCE SEVERAL TIMES AND POSSIBLY FIRED A WEAPON.

RP1 AND V1 ARE ROOMMATES.
RP1 AND IP1 ARE IN A DATING RELATIONSHIP.

UPON ARRIVAL, I MADE CONTACT WITH RP1, V1 AND IP1. I ASKED V1 WHAT HAD HAPPENED.

V1 ADVISED HE WAS FEELING ILL AND TOOK SOME MEDICINE TO HELP HIM GO TO SLEEP. V1 ADVISED HE HEARD A LOUD TRUCK ON THE WEST SIDE OF HIS RESIDENCE. V1 ADVISED HE THOUGHT IT WAS RP1 RETURNING TO HIS RESIDENCE WITH IP1. V1 ADVISED HE LOOKED OUTSIDE AND OBSERVED A1'S VEHICLE PARKED OUTSIDE IN THE 2900 BLOCK OF NASHVILLE AVE. V1 ADVISED HE OBSERVED A1 DRIVE AWAY. V1 ADVISED HE WAS CONCERNED DUE TO THE PAST HISTORY WITH A1 AND RP1. SEE RELATED CASE NUMBER 12-33878 AND ALL OTHER RELATED CASES. V1 ADVISED HE OBSERVED A1 DRIVE BY HIS RESIDENCE SEVERAL MORE TIMES. V1 ADVISED HE OBSERVED A1 STOP NEXT TO HIS RESIDENCE IN THE 2900 BLOCK OF NASHVILLE AVE. V1 ADVISED HE WAS AFRAID A1 WAS GOING TO SHOOT AT HIM OR HIS RESIDENCE. V1 ADVISED HE MOVED AWAY FROM THE GLASS. V1 ADVISED HE HEARD A POSSIBLE GUNSHOT. V1 ADVISED HE BELIEVED THE GUNSHOT

12-36641 Supplement No ORIG

# LUBBOCK POLICE DEPARTMENT

## Narrative

WAS FROM A SMALL CALIBER WEAPON. V1 ADVISED HE THOUGHT IT SOUNDED LIKE A .22 CALIBER. V1 ADVISED HE HEARD THE A1'S VEHICLE DRIVE AWAY. V1 ADVISED HE CALLED RP1 TO FIND OUT WHAT TO DO. V1 ADVISED HE HID INSIDE HIS RESIDENCE FOR HIS SAFETY. V1 ADVISED HE FELT IN FEAR A1 WAS GOING TO CAUSE HIM INJURY DUE TO A1 BEING ARRESTED IN A PREVIOUS CASE. V1 ADVISED HE FELT A1 WAS ATTEMPTING TO COERCE HIM, RP1 AND THEIR OTHER ROOMMATE INTO WITHHOLDING INFORMATION.

RP1 ADVISED HE AND IP1 WERE AT ANOTHER RESIDENCE WHEN V1 CALLED HIM. RP1 ADVISED HE IMMEDIATELY CALLED MY CELL PHONE TO FIND OUT IF WE NEEDED TO RESPOND. RP1 ADVISED HE WAS ON HIS WAY TO HIS RESIDENCE. I ADVISED RP1 TO NOT STOP IF A1 WAS IN FRONT OF OR AROUND HIS RESIDENCE. I ADVISED RP1 TO GO DIRECTLY INSIDE AND NOT ANSWER THE DOOR UNTIL AN OFFICER OR MYSELF KNOCKED ON THE DOOR.

*I NOTIFIED LPD DISPATCH OF THE INCIDENT AND STARTED SEVERL UNITS TO ASSIST.* DUE TO THE HISTORY BETWEEN THE INVOLVED SUBJECTS, I NOTIFIED LPD DISPATCH TO ENSURE A SUPERVISOR WAS CLEAR ON THE CALL. SGT HESTER ADVISED HE WOULD BE MONITORING BUT WOULD NOT BE RESPONDING AT THE TIME DUE TO BEING ON AN UNRELATED CALL.

I HAD OFC B JONES RESPOND TO A1'S RESIDENCE TO FIND OUT IF A1 WAS THERE. OFC JONES ADVISED A1'S VEHICLE WAS AT HIS RESIDENCE. I ADVISED OFC JONES TO KEEP A WATCH ON A1'S RESIDENCE AND TO STOP A1 IF HE LEFT THE RESIDENCE. I NOTIFIED SGT HESTER OF THE INCIDENT AND WHAT HAD OCCURRED. I ADVISED SGT HESTER I WAS GOING TO ATTEMPT TO CONTACT A1 AT HIS RESIDENCE AND PLACE HIM UNDER ARREST DUE TO HAVING PROBABLE CAUSE TO BELIEVE A1 HAD COMMITTED SEVERAL FELONIES WITHIN LESS THAN 30 MINUTES AND I BELIEVED A1 WOULD CONTINUE TO COMMIT OTHER OFFENSES AGAINST V1 AND RP1. SGT HESTER ADVISED TO GO TO A1'S RESIDENCE AND PLACE HIM UNDER ARREST.

OFC B JONES ADVISED HE OBSERVED A1 LEAVE HIS RESIDENCE AND ENTER HIS VEHICLE. OFC JONES ADVISED A1 WAS LEAVING THE DRIVEWAY OF HIS RESIDENCE. I ADVISED OFC JONES TO STOP A1. OFC JONES STOPPED A1 IN THE 3700 BLOCK OF 30TH ST. I RELOCATED TO THAT LOCATION. WE CONDUCTED A FELONY STOP ON A1 DUE TO A1'S PREVIOUS HISTORY OF HAVING FIREARMS AND FIRING THEM. WE TOOK A1 INTO CUSTODY. I HAD OFC WILLHELM TRANSPORT AND BOOK A1 INTO THE CITY HOLDING FACILITY.

DUE TO V1 ADVISING HE HEARD WHAT HE BELIEVED TO BE A GUNSHOT, OFC JONES AND I CONDUCTED A SEARCH OF A1'S VEHICLE. WHILE SEARCHING A1'S VEHICLE, OFC JONES ADVISED THERE WAS A BB GUN IN A RIFLE RACK IN THE BACK WINDOW. I OBSERVED THE BB GUN TO BE DRIPPING WET WITH WATER. DUE TO THE AMOUNT OF WATER COMING OFF OF THE BB GUN, I BELIEVED A1 HAD USED THE BB GUN TO FIRE AT V1'S RESIDENCE WHILE IT WAS POURING RAIN. I BELIEVE THE POSSIBLE GUNSHOT V1 HEARD COULD HAVE BEEN A BB FROM A1'S BB GUN, BOUNCING OFF THE WINDOW OF V1'S RESIDENCE. I REMOVED THE BB GUN FROM A1'S VEHICLE AND PLACED IT IN THE BACK SEAT OF MY PATROL VEHICLE. AFTER CONCLUDING THE SEARCH OF A1'S VEHICLE, I HANDED THE BB GUN TO OFC JONES AND REQUESTED HE PLACE IT INTO THE PROPERTY ROOM AS EVIDENCE. SEE OFC JONES' SUPPLEMENT REPORT FOR FURTHER INFORMATION.

I RETURNED TO V1'S RESIDENCE AND ADVISED V1, RP1 AND IP1 THEY WOULD NOT HAVE TO WORRY ABOUT A1 FOR THE REMAINDER OF THE NIGHT. I ASKED IP1 IF SHE WAS WITH RP1 WHEN V1 CALLED. IP1 ADVISED SHE WAS.

I DID NOT COLLECT ANY PHYSICAL EVIDENCE.

DVR UTILIZED.

**12-36641** Supplement No 0001

# LUBBOCK POLICE DEPARTMENT

Reported Date 10/13/2012
Rpt/Incident Typ RETAL
Member#/Dept ID# JONES,BRANDON ALEXANDE

P.O. BOX 2000
LUBBOCK, TX 79457
Phone (806) 775-2801 (PHN)
Fax (806) 775-2662 (FAX)

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-36641 | 0001 | 10/13/2012 | 01:25 |

| Rpt/Incident Typ | | |
|---|---|---|
| RETAILIATION | | |
| **Location** | **City** | |
| 3820 30TH ST | Lubbock | |
| **Member#/Dept ID#** | **Assignment** | **Entered By** |
| 147057/JONES,BRANDON ALEXANDER | SOUTH PATROL SUPPORT | 59657 |
| **Assignment** | **RMS Transfer** | **Prop Trans Stat** |
| AUTOMATED RECORDS CENTER | Supplement Transfer Complete | Successful |
| **Approving Officer** | **Approval Date** | **Approval Time** |
| 59657 | 08/02/2016 | 11:53:36 |

## Summary Narrative

SUPPLEMENT REPORT

## Vehicle: 27WSZ8

| Involvement | Type | License No | State | Year | Make | Model |
|---|---|---|---|---|---|---|
| ARRESTEE | Truck/Van | 27WSZ8 | TEXAS | 2001 | Dodge | Ram 1500 (pickup) |

| Style | Color | VIN | Storage |
|---|---|---|---|
| PICKUP - TRUCK | Silver/aluminum | 1B7KF236X1J232684 | LEGALLY PARKED |
| **Dispo** | **Dispo Date** | **RMS Transfer** | |
| LEGALLY PARKED | 10/13/2012 | Successful | |

## Narrative

POLICE RADIO CALL TO 3820 30TH STREET, IN REFERENCE TO SHOT FIRED.

WHILE ENROUTE I OBSERVED THAT IT WAS RAINING.

UPON ARRIVAL, CPL. FREEMAN, WHO WAS ON SCENE, ADVISED THAT THE SUSPECT WAS POSSIBLY AT 3703 30TH. CPL. FREEMAN ADVISED ME TO CHECK THE RESIDENCE FOR THE LISTED VEHICLE.

I DROVE TO THE 3703 30TH ST. AND LOCATED THE LISTED VEHICLE PARKED IN THE DRIVE WAY. I PARKED MY PATROL VEHICLE IN THE AREA AND WATCHED THE LISTED VEHICLE. I OBSERVED A FIGURE WALK TO THE VEHICLE, ENTER THE VEHICLE, AND THEN BACK OUT OF THE DRIVE WAY. I ADVISED CPL. FREEMAN, VIA POLICE RADIO THAT THE VEHICLE WAS AT THE RESIDENCE. I ALSO ADVISED CPL. FREEMAN THAT SOMEONE WAS ABOUT TO LEAVE IN THE VEHICLE. CPL. FREEMAN ADVISED ME TO CONDUCT A TRAFFIC STOP ON THE VEHICLE. CPL. FREEMAN ADVISED THAT HE WAS ENROUTE TO MY LOCATION.

I INITIATED A TRAFFIC STOP IN THE 3700 BLOCK OF 30TH. CPL. FREEMAN ARRIVED AND ADVISED TO INITIATE A FELONY STOP. I UN HOLSTERED MY ISSUED SIG SAUER 229R DAK AND TRAINED IT ON THE VEHICLE. I ORDER THE DRIVER TO TURN THE VEHICLE OFF AND TO THROW KEYS OUT THE WINDOW, THE DRIVER COMPLIED. I THE INSTRUCTED THE DRIVER TO OPEN THE DOOR AND TO STEP OUT OF THE VEHICLE. THE DRIVER COMPLIED.

I OBSERVED MR. DUNN EXIT THE DRIVER SIDE DOOR WITH HIS HANDS UP.

I INSTRUCTED MR. DUNN TO GRAB THE COLLAR OF HIS SHIRT AND TO TURN, IN ORDER TO CHECK FOR WEAPONS. I THEN HAD MR. DUNN WALK BACK TO MYSELF AND CPL. FREEMAN. CPL. FREEMAN THEN TOOK OVER GIVING COMMANDS. DUNN, WAS INSTRUCTED TO HIS KNEES. CPL. FREEMAN THEN HANDCUFFED MR. DUNN WHILE I PROVIDED LETHAL COVERAGE.

12-36641 Supplement No 0001

# LUBBOCK POLICE DEPARTMENT

## Narrative

OFFICER WILHELM AND I THEN CHECKED THE VEHICLE FOR OTHER OCCUPANTS. NO ONE ELSE WAS INSIDE THE VEHICLE.

MR. DUNN WAS THEN PLACED IN THE BACK SEAT OF OFFICER WILLHELM'S VEHICLE. OFFICER WILLHELM TRANSPORTED MR. DUNN TO THE LUBBOCK HOLDING FACILITY.

CPL. FREEMAN AND I THEN CONDUCTED SEARCH OF THE VEHICLE FOR A FIREARM.

IN A RIFLE WRACK IN THE BACK WINDOW OF THE VEHICLE I OBSERVED THE LISTED PELLET RIFLE. THE RIFLE APPEARED TO BE WET.

CPL. FREEMAN COLLECTED THE RIFLE FROM THE VEHICLE, AND THEN HAD ME SECURE IT IN MY VEHICLE.

THE LISTED VEHICLE WAS TRANSPORTED TO LUBBOCK WRECKER BY LUBBOCK WRECKER.

THE LISTED METAL PELLETS WERE LOCATED INSIDE THE PELLET RIFLE. THE PELLET RIFLE AND THE METAL PELLETS WILL BE TURNED IN TO THE PROPERTY ROOM AS EVIDENCE.

SEE CPL. FREEMAN'S REPORT FOR FURTHER.

SEE OFFICER WILLHELM'S SUPPLEMENT FOR FURTHER.

DVR UTILIZED.

**12-36641** Supplement No 0002

# LUBBOCK POLICE DEPARTMENT

P.O. BOX 2000

LUBBOCK, TX 79457

Phone
(806) 775-2801 (PHN)

Fax
(806) 775-2662 (FAX)

Reported Date
10/13/2012

Rpt/Incident Typ
RETAL

Member#/Dept ID#
WILLHELM,JOHN PAUL

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-36641 | 0002 | 10/13/2012 | 02:27 |

| Rpt/Incident Typ |
|---|
| RETAILIATION |

| Location | City |
|---|---|
| 3700 BLK 30TH ST | Lubbock |

| Member#/Dept ID# | Assignment | Entered By |
|---|---|---|
| 149469/WILLHELM,JOHN PAUL | ADMINISTRATION DIVISION | 59657 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| AUTOMATED RECORDS CENTER | Successful | Successful | 59657 |

| Approval Date | Approval Time |
|---|---|
| 08/02/2016 | 12:02:07 |

## Summary Narrative

****SUPPLEMENT ONLY****

## Narrative

POLICE RADIO CALL TO 3820 30TH ST. IN REFERENCE TO OFFICER NEED ASSISTANCE CALL.

UPON ARRIVAL TO 3820 30TH ST., THE INITIAL OFFICER, CPL. FREEMAN, ADVISED ME TO ASSIST OFC. B JONES WITH WATCHING A RESIDENCE IN AN ATTEMPT TO LOCATE A POSSIBLE SUSPECT. THE SUSPECT WAS DUNN, DANIEL. THE RESIDENCE WAS LOCATED AT 3703 30TH ST. OFC. B JONES OBSERVED THE D.DUNN EXIT THE RESIDENCE AND ENTER A MOTOR VEHICLE. D.DUNN BEGAN TRAVELLING WEST BOUND ON 30TH ST. AFTER EXITING HIS DRIVEWAY.

I ASSISTED OFC. B.JONES IN CONDUCTING A FELONY TRAFFIC STOP OF D.DUNN IN THE 3700 BLK 30TH ST. D.DUNN WAS ARRESTED. I TRANSPORTED D.DUNN TO THE LPD TEMPORARY HOLDING FACILITY WHERE HE WAS BOOKED.

SEE OFC. B.JONES SUPPLEMENT FOR FURTHER INFORMATION.

DVR UTILIZED.

**12-36641** Supplement No 0003

# LUBBOCK POLICE DEPARTMENT

Reported Date
11/13/2012
Rpt/Incident Typ
RETAL
Member#/Dept ID#
WILLIAMS,ROSA LINDA

P.O. BOX 2000

LUBBOCK, TX 79457
Phone
(806) 775-2801 (PHN)
Fax
(806) 775-2662 (FAX)

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|
| LUBBOCK POLICE DEPARTMENT | 12-36641 | 0003 | 11/13/2012 | 17:09 |

| Rpt/Incident Typ |
|---|
| RETAILIATION |

| Location | City |
|---|---|
| 3820 30TH ST | Lubbock |

| Member#/Dept ID# | Assignment | Entered By |
|---|---|---|
| 143816/WILLIAMS,ROSA LINDA | PERSON CRIMES | 59657 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| AUTOMATED RECORDS CENTER | Successful | Successful | 59657 |

| Approval Date | Approval Time |
|---|---|
| 08/02/2016 | 12:03:32 |

## Narrative

THIS CASE WAS PRESENTED TO THE DA'S OFFICE

ON 103112, DAVIS FILED THE CHARGE OF OBSTRUCTION OR RETALIATION / FEL

STATUS-CASE FILED

AND

ON CHARGE OF STALKING AND TAMPERING WITH WITNESS -- DAVIS REJ ---COMBINED WITH OTHER

1-ACTORS ARE KNOWN
2-ACTORS ADDRESSES ARE KNOWN
3-THERE IS SUFFICIENT INFORMATION PRESENT FOR PROSECUTION
4-CHARGES REJECTED

STATUS- CLEARED BY ARREST