IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20-CR-142 |
| | § | Judge Jordan |
| DANIEL AUSTIN DUNN | § | |
| a/k/a Whiskey.Tango10 | § | |
| a/k/a Osama bin Drinkin | § | |
| a/k/a @SirAustinOfDunn | § | |

**DANIEL DUNN'S RESPONSE TO GOVERNMENT'S MOTION TO STAY DEFENDANT'S PRETRIAL RELEASE, UNITED STATES' MOTION TO REVOKE PRETRIAL RELEASE AND DEMAND FOR RELEASE BASED ON THE APPLICABLE LAWS**

Comes now, Defendant Daniel Dunn ("Mr. Dunn"), through the undersigned counsel and files this Daniel Dunn's Response to Government's Motion to Stay Defendant's Pretrial Release, United States' Motion to Revoke Pretrial Release and Demand for Release Based on the Applicable Laws. In support thereof, Daniel Dunn shows the following:

**INTRODUCTION**

Mr. Dunn was arrested on June 9, 2020, pursuant to a complaint, alleging violation of 18 U.S.C. 875(c). Mr. Dunn was arraigned on June 10, 2020, and the Government moved for detention. The Government did not articulate a basis for Mr. Dunn's detention. Mr. Dunn was indicted on June 11, 2020. The indictment charged Mr. Dunn with 7 violations of 18 U.S.C. 875(c) and 1 violation of 18 U.S.C. 922(g)(3). Mr. Dunn's detention hearing was originally scheduled for June 15, 2020, before Magistrate Judge Christine Nowak, but was rescheduled for, and held on June 18, 2020.

At the June 18, 2020, both Mr. Dunn and the Government were represented by counsel. Both Mr. Dunn and the Government announced that they were ready to proceed with the hearing. The Government presented one witness. Three witnesses testified on behalf of Mr. Dunn and Mr. Dunn submitted several exhibits. At the conclusion of the hearing, the Court took the matter under advisement.

On June 24, 2020, the Government filed it's Opposed Motion to Reopen Detention Hearing (Dkt. 27). The Government sought to reopen the detention hearing to provide additional evidence. Mr. Dunn filed a response arguing that under the law, the detention hearing could not be reopened under the basis that the Government asserted in its motion, because all of the information that the Government sought to provide, was in the Government's possession at the time of the June 18, 2020 hearing.

On June 25, 2020, the Court granted the Government's request to reopen the detention hearing, and set the continued detention hearing for June 30, 2020. (Dkt. 31). On June 26, 2020, Mr. Dunn requested a memorandum opinion regarding the Court's granting of the Government's request to reopen the detention hearing. (Dkt. 32).

On June 30, 2020, Mr. Dunn's continued detention hearing was held. The Government presented one witness who testified to information that was in the Government's possession at the time of the June 18, 2020 detention hearing, and reiterated facts that were originally testified to at the June 18, 2020 hearing. At the conclusion of the hearing, the Court ordered that Mr. Dunn be released pursuant to several conditions, while simultaneously informing the Government that if it moved to stay the Court's order granting Mr. Dunn's release, the request to stay would be granted. The Government orally moved to stay the order granting Mr. Dunn's

release. The Government filed a written motion to stay the Court's release of Mr. Dunn on the same date.

## ARGUMENT AND AUTHORITIES

The continued detention of Mr. Dunn is a violation of Mr. Dunn's due process rights, and the Bail Reform Act. After 2 detention hearings the Court appropriately ordered that Mr. Dunn be released. The Government's continued filings are a dishonorable attempt to bully the Court into adopting its position. Beginning with its request to reopen the detention hearing, the Government's continued motions are attempts to reiterate information that has already been weighed on and taken into consideration by the Magistrate Judge Nowak. The Government's continued filings, based on information that Magistrate Judge Nowak has already weighed in her decision to release Mr. Dunn, are an attempt to continue the illegitimate detention of Mr. Dunn.

1. **ORIGINAL DETENTION**

The purpose of the bail is to ensure that a party will appear in court. Under the Bail Reform Act, a defendant shall be released pending trial unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. *U.S.* v. *Hare*, 873 F.2d 796, 798 (5th Cir. 1989). At Mr.Dunn's initial appearance, the Government moved for detention of Mr. Dunn but did not articulate a basis for Mr. Dunn's detention. The offense that Mr. Dunn was charged with does not trigger a presumption that he should be detained under 18 U.S.C. 3142(f). Mr. Dunn was represented by different counsel at the time, and that attorney did not request that the Government articulate the basis of its request to detain Mr. Dunn.

2.  **ORIGINAL DETENTION HEARING**

On June 18, 2020, Mr. Dunn's detention hearing was held. Both Mr. Dunn and the Government were represented by counsel and announced that they were ready to proceed. The Government presented 1 witness who testified about Mr. Dunn's criminal history, Mr. Dunn's military service, and the current offense.

Three witnesses testified on behalf of Mr. Dunn, and numerous exhibits were admitted. At the first and second detention hearing, evidence was presented that supports the release of Mr. Dunn. That evidence includes, but is not limited to the following:

- Other than when he was in the military, Mr. Dunn has resided in the Eastern District of Texas for 28 years.
- Mr. Dunn has never been convicted of any offense.
- There are currently no guns in Mr. Dunn's home.
- Mr. Dunn does not have a passport.
- Mr. Dunn's family ties are in the Eastern District of Texas.
- Mr. Dunn has been gainfully employed in the Eastern District of Texas for countless years.
- Mr. Dunn has the support of his family, including his parents. His father, Rick Dunn is a former federal agent.
- Mr. Dunn did not attempt to flee, or resist at the time of his arrest. In fact, he opened the door for agents when they arrived.
- Mr. Dunn was compliant with officers at the time of his arrest.

- There was surveillance of Mr. Dunn's home prior to his arrest and no acts of violence or any other unlawful acts were observed during said surveillance.
- Mr. Dunn works on his family's ranch to assist his father.
- Mr. Dunn lives on his family's property with his girlfriend, in his parent's guest house. Mr. Dunn's parents' house is just feet away.
- Mr. Dunn's parents are willing to be custodians of Mr. Dunn and will take on the responsibility of bringing him to and from court, to and from his attorney visits, and any other place required.
- Mr. Dunn's parents are willing to allow Mr. Dunn to move into the main home on the property.
- Mr. Dunn was previously placed on probation and never failed to attend court or report to probation.

At the conclusion of the hearing, the Court stated that it would take the matter under advisement.

### 3. MOTION TO REOPEN

The Government began its quest to continue the detention of Mr. Dunn by requesting to reopen the detention hearing. At the time of the Government's filing, the Court had not made a ruling on the release of Mr. Dunn and Mr. Dunn had been in custody for over two weeks without a determination on his release. The Government sought to reopen the detention hearing because " a thorough and accurate presentation of the defendant's relevant criminal history and prior involvement with law enforcement and military authorities was not presented for the Court's

consideration." (Dkt. 27). Not only this statement false, but the Government's request to reopen the hearing was also direct contravention of the law.

As previously mentioned, the Government and Mr. Dunn were both represented by counsel at the June 18, 2020 detention hearing, and both parties announced that they were ready to proceed. The Government made no statement that it was not prepared to proceed or that it was not prepared to present all of its evidence. The sole Government witness testified about Mr. Dunn's criminal history, and his military records. In it's motion to reopen the detention hearing, the Government stated that an accurate presentation of Mr. Dunn's criminal history and military records was not made to the Court. However, the Government witness testified regarding Mr. Dunn's criminal history and military records. 18 U.S.C §3142 allows for a detention hearing to be reopened " if the judicial officer finds that information exists that was not known to the movant at the time of the hearing." The criminal history and military information that the Government sought to present in the reopened detention hearing, was in the possession of the Government at the time of the original detention hearing, and was testified to. The Court allowed the detention hearing to be reopened, and Mr. Dunn requested a memorandum opinion regarding the findings for the reopening of the detention hearing. To date, the memorandum opinion has not been provided.

At the June 30, 2020 hearing, the same Government witness that testified at the June 18, 2020 hearing, testified again, and reiterated information that he'd previously testified to, regarding Mr. Dunn's criminal history and military records.

4.  **MOTION TO STAY**

After the Court ordered that Mr. Dunn be released the Court informed the Government that if it wanted to stay the order, it would grant the stay. The Government moved to stay the order. In its written motion to stay, the Government states that it plans to ask for a review based on "(1) the nature of the offense and the public threats the defendant levied against law enforcement; (2) the defendant's failure to comply with conditions for a past instance of probation related to other violent offenses, including approximately 50 combined instances of failed or absent drug screenings; and (3) the history and characteristics of the defendant, including but not limited to, his past violent behavior involving firearms and other dangerous weapons." Information regarding all of these matters were brought to the attention of, and weighed upon by Magistrate Judge Christine Nowak.

In its written motion, the Government cited *United States* v. *Brigham,* 569 F.3d 220 (5th Cir. 2009), as providing authority for the stay of the order. *Brigham*, does not support the position that a magistrate judge has the authority to stay a release order. In *Brigham*, a defendant was arrested for violating the terms of his supervised release. At his initial appearance a probable cause determination was made. The magistrate judge found that no probable cause existed and dismissed the revocation proceeding. Anticipating review of the ruling, the magistrate judge ordered that the defendant be released pending further proceedings. The district judge stayed both orders. On appeal, *Brigham* challenged the district judge's authority to review the magistrate judge's dismissal order and to stay both the dismissal and release orders pending review. *Id.* at 222.

The Government asserts that "the Fifth Circuit's reasoning suggests that the magistrate judge should have the *same* stay authority. Without the ability to stay an order of release, the

magistrate judge effectively undermines the district court's review, especially if the district court later disagrees on release." The Government's analysis is incorrect, as the Fifth Circuit's reasoning does not suggest that magistrate judges should have the same authority. In *Brigham,* the issue was the <u>district judge's</u> authority to stay an order, not a magistrate judge. In this instance and any other instance, where a district judge does not agree with a magistrate judge's order, the district judge can stay the magistrate judge's order, just as in *Brigham*.

5. **MOTION TO REVOKE**

The Government requests that the Court revoke Mr. Dunn's pretrial release order, because "he presents a danger to the community and no set of conditions could reasonably eliminate that danger." Magistrate Judge Christine Nowak has already determined that this is not the case based on the facts and the applicable law. The record, and the law support the release of Mr. Dunn.

The Government's request to revoke Mr. Dunn's pretrial release, while relying on facts that have been presented on 4 separate occasions, is an attempt bully the Court into taking its position . The information in the Government's request to revoke Mr. Dunn's release, was presented in its request to stay the release order, its request to reopen the detention hearing, at the first detention hearing and the second detention hearing. Despite the Government's constant reiteration, the facts, and the law still support the release of Mr. Dunn.

The Bail Reform Act authorizes a judge to hold a detention hearing when a 18 U.S.C. §3142(f) facts has been met. 18 U.S.C. 3142(f)(1) lists five case specific factors that authorize pretrial detention. None of those factors are present in this case. While the Government did not articulate, the basis of their request to detain Mr. Dunn, based on the law, and none of the five factors in 18 U.S.C. 3142(f)(1) being applicable in this case, Mr. Dunn can only be detained based on 18 U.S.C. 3142(f)(2). 18 U.S.C. 3142(f)(2), allows for detention when there is a serious

risk that such person will flee, or when there is a serious risk of obstruction of justice, or of a threat to a witness or juror.

No facts were presented in either detention hearing that support a notion that there is a serious risk that Mr. Dunn will flee. As previously stated, Mr. Dunn has lived in the Eastern District of Texas all but 2 years of his life, and Mr. Dunn does not have a passport. At the June 18, 2020 detention hearing, both of Mr. Dunn's parents testified that neither they or Mr. Dunn has substantial financial assets that could help Mr. Dunn flee. Mr. Dunn's parents also testified that they would notify the court if Mr. Dunn attempted to flee.

No information was presented to support any claim that there is a serious risk that Mr. Dunn would obstruct justice, threaten a witness or a juror. As a result, based on the facts, and the law Mr. Dunn should be released.

The Government's motion to revoke Mr. Dunn's pretrial release is filled with inflammatory statements that seek to incite the Court into taking its position. For example, the Government's request to revoke Mr. Dunn's pretrial release, falsely refers to Mr. Dunn as a "sympathizer of the 'Boogaloo movement,' and falsely states that the group is a "racially motivated group of anti-government extremists who espouse violent insurrection against the federal government." This statement is a direct contradiction of the evidence, and commonsense. In addition, the statement has no bearing on Mr. Dunn's risk of flight or the remaining 18 U.S.C. §3141(f)(2) factors.

Mr. Dunn is a former member of the United States military, and his father is a former federal agent. The criminal charges against Mr. Dunn stem from his Facebook and Twitter posts, speaking out against the mistreatment of Black people by law enforcement. It is absurd that Mr. Dunn could be anti-government and sympathize with a white, racially motivated group, while

also being former military member, and a person speaking out in favor of Black people and their rights.

The Government continued this false, inflammatory narrative by stating that Mr. Dunn attempted to educate his online followers about the Boogaloo movement, when in fact, he simply reposted a post from another person, with no additional comment.

The Government further seeks to incite the Court by stating that "other followers began to engage with the defendant about meeting places, methods and strategies for carrying out these violent acts," and refers to the indictment in support of this statement. The indictment does not support this statement. In addition, as a condition of Mr. Dunn's release, Magistrate Judge Nowak ordered that Mr. Dunn have no internet or social media access.

The Government also states that firearms were found in Mr. Dunn's home. The Government does not inform the court that those firearms were legally owned by Mr. Dunn, and that one of those firearms actually belongs to his father. The Government also fails to inform the Court that those same firearms were returned to Mr. Dunn by the Lubbock Police Department. Any insinuation that Mr. Dunn would be a danger, due to him previously possessing firearms that he was legally allowed to own is baseless. As a condition of Mr. Dunn's release, Magistrate Judge Nowak ordered that Mr. Dunn not possess a firearm. Mr. Dunn's father also agreed to remove his firearms from his home as a condition of Mr. Dunn's release so that no firearms will be accessible to Mr. Dunn upon release.

The Government also falsely states that Mr. Dunn possessed marijuana. No substances were taken from Mr. Dunn's home, and no lab reports have been provided to establish that any alleged substance was marijuana. In addition, Bailey Decker testified that she told officers that the "drug paraphernalia" belonged to her.

The remainder of the Government's request to revoke Mr. Dunn's pretrial release, continues to attempt to incite the Court into their position, by providing half-truths. Mr. Dunn has never been convicted of any crime. Mr. Dunn has been arrested before, however an arrest is not a conviction and per the pretrial services report, the District Attorney's Office, rejected the majority of the charges Mr. Dunn was previously arrested for. Those offenses were not "consolidated," as stated in the Government's motion. In fact, per the Government's own evidence (police reports from Lubbock, Texas), an officer requested that one of the charges be rejected.

The Government also refers to Mr. Dunn's Facebook messages to support their notion that Mr. Dunn is a drug user. Not in a single message provided by the Government, does Mr. Dunn mention drug use. The Government irresponsibly assumes that when Mr. Dunn refers to smoking that it has to be in reference to marijuana. There are countless items that can be legally possessed and smoked, including, cigars, and hemp. The smoking of cigars or hemp does not support a conclusion that Mr. Dunn will not attend court, which is the purpose of bail. In addition, as a condition of Mr. Dunn's release, Magistrate Judge Nowak ordered that Mr. Dunn refrain from using any illegal substances.

## CONCLUSION

Magistrate Judge Nowak correctly applied the law to the facts when she ordered Mr. Dunn to be released with certain conditions. The Government has had more than one bite at the apple. Despite this, the facts and the law demand Mr. Dunn's release. The law allows for a defendant to be held only when one of the 18 U.S.C. 3142(f) factors has been met. Neither of the 18 U.S.C. 3142(f)(1) factors apply to this case. The only two remaining basis for detention of Mr. Dunn are under 18 U.S.C. 3142(f)(2), and no evidence of serious risk of flight, obstruction

of justice, or threat to a witness or juror, have been presented in any of the Government's motions or at either of Mr. Dunn's detention hearings. Mr. Dunn has been in custody for over a month, and requests that the Court promptly deny the Government's request and order his release.

Respectfully Submitted,

 /s/ Temani M. Adams
Temani M. Adams
Attorney for Daniel Dunn
TX State Bar No: 24084778
NY State Bar No. 5753355
TEMANI ADAMS PLLC
3824 Cedar Springs Road, Suite 179
Dallas, TX 75219
(469) 288-0888 Phone
(469) 288-0888 Fax
Temani@TemaniAdamsLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020 a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System. A copy of this motion was forwarded by that system to counsel for all parties.

 /s/ Temani Adams
Temani M. Adams
