IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:20CR142 |
| | § | Judge Jordan |
| DANIEL AUSTIN DUNN | § | |

## MOTION TO INQUIRE

The United States respectfully requests that the Court conduct a hearing to determine if there is a conflict of interest arising from attorney Temani Adams' purported simultaneous representation of Daniel Austin Dunn, the defendant in this case, and a person known as "BD" who is a fact witness in this case, and who is being investigated by the Federal Bureau of Investigation ("FBI") for making false statements to the Court.

## FACTS

On June 9, 2020, law enforcement officials searched 324 Porter Road, Bartonville, Texas, the residence of Daniel Austin Dunn (defendant) and his girlfriend "BD" and found three firearms and multiple electronic devices.  Law enforcement also observed drug paraphernalia and a small baggie of marijuana on the defendant's coffee table in his living room.  Defendant invoked his right to counsel and law enforcement arrested him to a warrant issued by U.S. Magistrate Judge Christine A. Nowak.

On June 12, 2020, law enforcement interviewed BD.  BD voluntarily provided a statement.  As part of her statement, BD admitted the marijuana and the "bong" found on the coffee table in the living room belonged to her, and that she uses it to help with her depression.  BD stated she obtained the marijuana in Washington, but that she did not

have a prescription for marijuana.  Further, BD stated the defendant would "smoke some of her marijuana" during the month BD and the defendant have been living together, but she has not seen the defendant use any other drugs or medication.

A federal grand jury in the Eastern District of Texas indicted the defendant for being a drug user in possession of a firearm in violation of 18 U.S.C. 922(g)(3), among seven other violations of threatening to kill law enforcement in violation of 18 U.S.C. 875(c).

The United States sought pretrial detention and the magistrate judge conducted two hearings.  In the first detention hearing, BD testified that she only told the FBI that the defendant "smokes occasionally" because she was "nervous and scared." June 18, 2020 Detention Hr'g Tr. 29:24 – 30:11.  BD also responded affirmatively that there "was a bong with what appeared to be marijuana or hemp present" in the defendant's house. *Id*.  She further stated that doesn't know if the defendant actually smokes or not, because it is mine." *Id*.  Later during the examination she stated the substance in the house was not marijuana, rather it was hemp.  *Id*. at 34

During the second hearing BD testified that she had not seen the defendant "smoke marijuana at all in the past month." June 30, 2020 Detention Hr'g Tr. 58:19-22. In response to the follow-up question, "…despite telling the FBI earlier that he smokes marijuana occasionally with you?" BD stated to the Court, "I want to point out that I never said I had marijuana.  They said the bong in what looks like weed on the table, whose is it? And I said the stuff on the table is mine."  Id. at 58:23-59:2.  In short, her statement to the FBI contradicts her sworn testimony to the Court.

Moreover, statements between BD and the defendant while he was in the Collin County jail also contradict her sworn testimony to the Court.  On June 12, 2020 – the same day and immediately after the FBI agents interviewed BD – BD told the defendant that she was honest with the FBI about "the weed" in the defendant's house, and the defendant then told her "we don't need to talk anymore about that," or words to that effect.  BD never mentioned "hemp" during her conversation with the defendant.

On July 21, 2020, FBI agents attempted to interview BD.  BD agreed to the interview at first, but then the defendant's father intervened and aggressively directed the FBI agents to leave.  The FBI agents called BD later the same day, she answered the phone, but told the agents to not contact her again without talking with BD's attorney. When asked who her attorney was, BD claimed that Temani Adams is her attorney.[1]

The FBI is investigating BD for making false statements to the Court in violation of 18 U.S.C. 1621 and 18 U.S.C. 1623.

Attorney Temani Adams' purported simultaneous representation of the defendant and BD creates a conflict of interest.  Generally, attorneys do not represent a defendant and any witnesses who provide evidence in the same defendant's case.  If BD elects to testify and answer questions, it would place Adams in the position of examining her own client, and it would raise the issue of whether Adams was using attorney-client privileged communications from her for, among other things, the purpose of discrediting her.  If

---

[1] Prior to the FBI attempting this interview, AUSAs assigned to this case consulted with DOJ officials in the Professional Responsibility and Advisory Office and obtained an opinion that such contact was appropriate.  The FBI recorded the two attempts with BD and did not further attempt the interview once BD claimed to be represented.

Adams advises BD to invoke her Fifth Amendment privilege to not answer the

government's questions, the issue becomes whether or not she has received that advice

from conflict-free counsel.  And additional potential issue is whether that advice would

also be in the defendant's best interests.

<u>LAW</u>

The Texas Rules of Professional Conduct Texas Disciplinary Rules of

Professional Conduct, Rule 1.06(b)(1) (Conflict of Interest: General Rule), provides in

pertinent part:

(a)     A lawyer shall not represent opposing parties to the same litigation.

(b)     In other situations and except to the extent permitted by paragraph (c), a

lawyer shall not represent a person if the representation of that person:

    (1)     involves a substantially related matter in which that person's
    interests are materially and directly adverse to the interests of
    another client of the lawyer or the lawyer's firm; or

    (2)     reasonably appears to be or become adversely limited by the
    lawyer's or law firm's responsibilities to another client or to a third
    person or by the lawyer's or law firm's own interests.

(c)     A lawyer may represent a client in the circumstances described in (b) if:

    (1)     the lawyer reasonably believes the representation of each client will
    not be materially affected; and

    (2)     each affected or potentially affected client consents to such
    representation after full disclosure of the existence, nature,
    implications, and possible adverse consequences of the common
    representation and the advantages involved, if any.

*Wheat v. United States,* 486 U.S. 153 (1988) is the seminal case concerning attorney disqualification. The Supreme Court opined that, while the Sixth Amendment grants a defendant the right to effective control over the conduct of his or her defense, giving rise to a presumption in favor of a defendant's right to counsel of his or her choice, this presumption can be overcome by a demonstration of actual conflict or by "a showing of a serious potential for conflict." *Id.* at 164. The Court noted that a serious potential for a conflict of interest is an important consideration as "[t]he likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict[.]" *Id.* at 162.

In *United States v. Vasquez,* the Fifth Circuit upheld a district court's disqualification of an attorney representing the defendant where that attorney was also representing a potential government witness in the defendant's case. *United States v. Vasquez*, 995 F.2d 40, 42 (5th Cir. 1993). The Fifth Circuit relied heavily on *Wheat, supra,* in coming to its decision.

Put another way, a defendant has a right to be represented by fully independent counsel, free of any conflicts of interest posing a risk to the quality of representation. However, the Sixth Amendment entitles a defendant to waive that right and insist upon retaining an attorney with otherwise disqualifying conflicts. *United States v. Garcia*, 517 F.2d 272, 276 (5th Cir. 1975) *abrogated on other grounds by Flanagan v. United States,* 104 S. Ct. 1051 (1984).

"Because of the unchallenged importance of the need for adequate representation during criminal proceedings," the Fifth Circuit has directed "the district courts to scrupulously evaluate the insistence of the defendants on the right to privately retained

counsel of their choice even though the district court may discern a conflict of interest in such representation." *Garcia* at 277. The Fifth Circuit instructed the district courts "to follow a procedure akin to that promulgated in F.R.Crim.P.11 whereby the defendant's voluntariness and knowledge of the consequences of a guilty plea will be manifest on the face of the record." *Id*. (citations omitted). In short, a *Garcia* hearing is based on the facts and circumstances presented and should result in the defendant's "clear, unequivocal, and unambiguous" knowing and intentional waiver of his Constitutional right to conflict-free counsel, *Garcia* at 278, or the district court's disqualification of conflicted counsel.

CONCLUSION

As a result, the United States respectfully requests that the Court conduct a *Garcia* hearing to determine if there is a conflict of interest arising from attorney Temani Adams' purported simultaneous representation of Daniel Austin Dunn**,** the defendant in this case, and BD who is a fact witness in this case and is also being investigated by the FBI for making false statements to the Court about this case.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

/s/ *Christopher A. Eason*
Christopher A. Eason
Tracey Batson
G. R. Jackson
Anand Varadarajan
Assistant United States Attorneys

Oklahoma Bar No. 20197
101 East Park Boulevard, Suite 500
Plano, Texas 75074
tel: (972) 509-1201
email: chris.eason@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that on July 22, 2020, this document was filed with the Clerk using the CM/ECF filing system, which will cause a copy of this document to be delivered to each attorney for each defendant via electronic mail.

/s/ *Christopher A. Eason*
Christopher A. Eason

## CERTIFICATE OF CONFERENCE

This is to certify that the U.S. Attorney's Office has conferred with defense counsel who advised that she does not take a position on this motion.

/s/ *Christopher A. Eason*
Christopher A. Eason

**Motion to Inquire - Page 7**