IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20CR142 |
| | § | |
| DANIEL AUSTIN DUNN | § | |

## GOVERNMENT'S RESPONSE TO COURT'S ORDER ON SUPPLEMENTAL BRIEFING

On July 22, 2020, the Court held a detention hearing after the government requested a stay on the magistrate judge's Pretrial Release Order. At the conclusion of the hearing, the Court ordered the parties to submit supplemental briefing addressing two questions:

1. Whether the Court was required to hold a hearing pursuant to 18 U.S.C. § 3142(f)(1)(A), as a case involving a "crime of violence," or instead pursuant to 18 U.S.C. § 3142(f)(1)(E), as a case involving a felony that is not a "crime of violence" but involves the possession or use of a firearm"?

2. Whether this case is subject to a rebuttable presumption that no combination of release conditions will reasonably assure Dunn's appearance or the public safety pursuant to 18 U.S.C. § 3142(e)(3)(B) as an "offence under section 924(c)"?

**1.    Do the charges against Dunn involve a "crime of violence" or the possession or use of a firearm?**

A "crime of violence" is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(1)(D)(3); 18 U.S.C. § 3156 (a)(4).

Dunn is charged with seven counts of intentionally transmitting a threat in interstate commerce, in violation of 18 U.S.C. § 875(c), which meets the definition of a crime of violence. *See United States v. Santoro*, 359 F.Supp.3d 122, 128 (D. Maine 2019). Thus, a detention hearing is required under 18 U.S.C. § 3142(f)(1)(A).

Dunn is also charged with possession of a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Some courts have held that section 922(g)(3) is a crime of violence. *See United States v. Clifton*, 2007 WL 2688648 (W.D.N.C, 2007); *United States v. Ditrapano*, 2006 WL 1805848 (S.D.W.Va., 2006). But even if this Court determines that a violation of 18 U.S.C. § 922(g)(3) is not a crime of violence, then a detention hearing is still required under 18 U.S.C. § 3142(f)(1)(E), because the section 922(g)(3) charge against Dunn unquestionably "involves the possession or use of a firearm."

**2.      Rebuttable Presumption**

Under 18 U.S.C. § 875(c), the maximum term of imprisonment is five years. Under 18 U.S.C. § 922(g)(3), the maximum term of imprisonment is 10 years, found in 18 U.S.C. § 924(a)(2), not section 924(c).

While the government believes that 18 U.S.C. § 875(c) is a crime of violence, there is no evidence to show that Dunn used or carried a firearm during and in relation to the threats or that he possessed firearms in furtherance of carrying out the threats.[1]

---

[1] If Dunn had posted photographs of himself carrying, possessing, or brandishing a firearm coupled with his threats

Therefore, Dunn's charges do not give rise to a rebuttable presumption.

          Respectfully submitted,

          STEPHEN J. COX
          UNITED STATES ATTORNEY

          */s/ Tracey M. Batson*
          Tracey M. Batson
          Assistant United States Attorney
          Texas Bar No. 00784119

          Christopher A. Eason
          Assistant United States Attorney
          Oklahoma Bar No. 20197

          G. R. Jackson
          Assistant United States Attorney
          Texas Bar No. 00784874

          Anand Varadarajan
          Assistant United States Attorney
          Texas Bar. No. 24088576

          101 E. Park Blvd., Suite 500
          Plano, Texas 75074
          Telephone:   (972) 509-1201

          **ATTORNEYS FOR THE UNITED STATES**

---

to harm law enforcement, then the government could argue that the firearm was "used or carried during and in relation to" or "possessed in furtherance" of the threats.  However, this is not the case at this time.

## CERTIFICATE OF SERVICE

This is to certify that on July 27, 2020, this document was filed with the Clerk using the CM/ECF filing system, which will cause a copy of this document to be delivered to the attorney for defendant via electronic mail.

>*/s/ Tracey M. Batson*
>TRACEY M. BATSON
>Assistant United States Attorney