# EXHIBIT C

Government's
Exhibit No. C
4:20CR142
U.S. v Dunn

CAUTION: NOT TO BE USED FOR
IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT.

ANY ALTERATIONS IN SHADED AREAS
RENDER FORM VOID

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY
This Report Contains Information Subject to the Privacy Act of 1974, As Amended.

| 1. NAME (Last, First, Middle)<br>DUNN DANIEL AUSTIN | 2. DEPARTMENT, COMPONENT AND BRANCH<br>USMC-K1 | 3. SOCIAL SECURITY NUMBER<br>594  96  1068 |
|---|---|---|

| 4a. GRADE, RATE OR RANK<br>PFC | b. PAY GRADE<br>E-2 | 5. DATE OF BIRTH (YYYYMMDD)<br>19900330 | 6. RESERVE OBLIGATION TERMINATION DATE<br>(YYYYMMDD)  20180607 |
|---|---|---|---|

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY<br>DALLAS MEPS<br>DALLAS TX 75202-4709 | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known)<br>165 LAKE TRAIL DR<br>DOUBLE OAK TX 75077 |
|---|---|

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND<br>CNATTU, MATSG-33, NAS, OCEANA | b. STATION WHERE SEPARATED<br>MATSG-33, NAS, OCEANA, VA (RUC 06116) |
|---|---|

| 9. COMMAND TO WHICH TRANSFERRED<br>MAG-41, 4TH MAW,  NAS FORT WORTH,  FORT WORTH TX | 10. SGLI COVERAGE     NONE<br>AMOUNT: $400,000 |
|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.)<br>6531 – Aircraft Ordinance Technician<br>    0 years 0 mos 0 days | 12. RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| | a. DATE ENTERED AD THIS PERIOD | 2010 | 07 | 12 |
| | b. SEPARATION DATE THIS PERIOD | 2011 | 03 | 17 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 00 | 08 | 06 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 00 | 00 | 00 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 00 | 00 | 00 |
| | f. FOREIGN SERVICE | 00 | 00 | 00 |
| | g. SEA SERVICE | 00 | 00 | 00 |
| | h. INITIAL ENTRY TRAINING | 00 | 01 | 04 |
| | i. EFFECTIVE DATE OF PAY GRADE | 2011 | 01 | 01 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)<br>National Defense Service Medal, Rifle Expert Badge | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed)<br>Aircraft Ordinance Technician 5 wks 02/11<br>F/A-18 Armorment System 4 wks 3/11 |
|---|---|

| 15a. COMMISSIONED THROUGH SERVICE ACADEMY | YES | × NO |
|---|---|---|
| b. COMMISSIONED THROUGH ROTC SCHOLARSHIP (10 USC Sec. 2107b) | YES | × NO |
| c. ENLISTED UNDER LOAN REPAYMENT PROGRAM (10 USC Chap. 109) (If yes, years of commitment:                ) | YES | × NO |

| 16. DAYS ACCRUED LEAVE PAID<br>1.0 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO<br>× |
|---|---|---|---|

18. REMARKS
Not a final discharge.
Date detached separation activity: 20110316 1 day travel time.
While a member of the Marine Corps Reserve you will keep the CG, Marine Corps Reserve Support Command (toll free 1-800-255-5802) informed of any change of address, martial status, number of dependants, civilian employment, or physical standards. S/N: 06116-2011-0003

The information contained herein is subject to computer matching within the Department of Defense or with any other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code)<br>165 Lake Trail Drive<br>Double Oak TX 75077-0000 | b. NEAREST RELATIVE (Name and address - Include Zip Code)<br>Judy Dunn (Mother)<br>165 Lake Trail Drive Double Oak TX 75077-0000 |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO (Specify state/locality)     TX     OFFICE OF VETERANS AFFAIRS | × YES | NO |
|---|---|---|
| a. MEMBER REQUESTS COPY 3 BE SENT TO THE CENTRAL OFFICE OF THE DEPARTMENT OF VETERANS AFFAIRS (WASHINGTON, DC) | × YES | NO |

| 21a. MEMBER SIGNATURE | b. DATE (YYYYMMDD)<br>20110309 | 22a. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title, signature)<br>Christopher L. Richardson CWO2 PERSO | b. DATE (YYYYMMDD)<br>20110310 |
|---|---|---|---|

## SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION<br>Released from IADT | 24. CHARACTER OF SERVICE (Include upgrades)<br>HONORABLE |
|---|---|

| 25. SEPARATION AUTHORITY<br>MARCORSEPMAN par 1005 | 26. SEPARATION CODE<br>MBK2 | 27. REENTRY CODE<br>RE-1A |
|---|---|---|

| 28. NARRATIVE REASON FOR SEPARATION<br>COMPLETION OF REQUIRED ACTIVE SERVICE |
|---|

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD)<br>None. | 30. MEMBER REQUESTS COPY 4 (Initials) |
|---|---|

| DD FORM 214, AUG 2009 | PREVIOUS EDITION IS OBSOLETE. | SERVICE - 2<br>Adobe Designer 8.0 |
|---|---|---|

CAUTION NOT TO BE USED FOR IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD SAFEGUARD IT

ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY
This Report Contains Information Subject to the Privacy Act of 1974 As Amended

| 1 NAME (Last First Middle) DUNN DANIEL AUSTIN | 2 DEPARTMENT, COMPONENT AND BRANCH USMC-K1 | 3 SOCIAL SECURITY NUMBER 594 96 1068 |
|---|---|---|

| 4a GRADE, RATE OR RANK PFC | b PAY GRADE E-2 | 5 DATE OF BIRTH (YYYYMMDD) 19900330 | 6 RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) 20180607 |
|---|---|---|---|

| 7a PLACE OF ENTRY INTO ACTIVE DUTY DALLAS MEPS DALLAS TX 75202-4709 | b HOME OF RECORD AT TIME OF ENTRY (City and state or complete address if known) 165 LAKE TRAIL DR DOUBLE OAK TX 75077 |
|---|---|

| 8a LAST DUTY ASSIGNMENT AND MAJOR COMMAND CNATTU, MATSG-33, NAS, OCEANA | b STATION WHERE SEPARATED MATSG-33, NAS, OCEANA, VA (RUC 06116) |
|---|---|

| 9 COMMAND TO WHICH TRANSFERRED MAG-41, 4TH MAW, NAS FORT WORTH, FORT WORTH TX | 10 SGLI COVERAGE ☐ NONE AMOUNT $400 000 |
|---|---|

| 11 PRIMARY SPECIALTY (List number title and years and months in specialty List additional specialty numbers and titles involving periods of one or more years )<br>6531 - Aircraft Ordinance Technician<br> 0 years 0 mos 0 days | 12 RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| | a DATE ENTERED AD THIS PERIOD | 2010 | 07 | 12 |
| | b SEPARATION DATE THIS PERIOD | 2011 | 03 | 17 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 00 | 08 | 06 |
| | d TOTAL PRIOR ACTIVE SERVICE | 00 | 00 | 00 |
| | e TOTAL PRIOR INACTIVE SERVICE | 00 | 00 | 00 |
| | f FOREIGN SERVICE | 00 | 00 | 00 |
| | g SEA SERVICE | 00 | 00 | 00 |
| | h INITIAL ENTRY TRAINING | 00 | 01 | 04 |
| | i EFFECTIVE DATE OF PAY GRADE | 2011 | 01 | 01 |

| 13 DECORATIONS MEDALS BADGES CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)<br>National Defense Service Medal, Rifle Expert Badge | 14 MILITARY EDUCATION (Course title number of weeks and month and year completed)<br>Aircraft Ordinance Technician 5 wks 02/11<br>F/A 18 Armorment System 4 wks 3/11 |
|---|---|

| 15a COMMISSIONED THROUGH SERVICE ACADEMY | YES | ☒ NO |
|---|---|---|
| b COMMISSIONED THROUGH ROTC SCHOLARSHIP (10 USC Sec 2107b) | YES | ☒ NO |
| c ENLISTED UNDER LOAN REPAYMENT PROGRAM (10 USC Chap 109) (If yes years of commitment _____ ) | YES | ☒ NO |

| 16 DAYS ACCRUED LEAVE PAID 1 0 | 17 MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO |
|---|---|---|---|
| | | | ☒ |

18 REMARKS
Not a final discharge
Date detached separation activity 20110316 1 day travel time
While a member of the Marine Corps Reserve you will keep the CG, Marine Corps Reserve Support Command (toll free 1-800 255-5802) informed of any change of address, martial status, number of dependants, civilian employment, or physical standards S/N 06116-2011-0003

The information contained here in is subject to computer matching within the Department of Defense or with any other affected Federal or non Federal agency for verification purposes and to determine eligibility for and/or continued compliance with the requirements of a Federal benefit program

| 19a MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) 165 Lake Trail Drive Double Oak TX 75077-0000 | b NEAREST RELATIVE (Name and address Include Zip Code) Judy Dunn (Mother) 165 Lake Trail Drive Double Oak TX 75077-0000 |
|---|---|

| 20 MEMBER REQUESTS COPY 6 BE SENT TO (Specify state/locality) TX | OFFICE OF VETERANS AFFAIRS | ☒ YES | NO |
|---|---|---|---|
| a MEMBER REQUESTS COPY 3 BE SENT TO THE CENTRAL OFFICE OF THE DEPARTMENT OF VETERANS AFFAIRS (WASHINGTON, DC) | | ☒ YES | NO |

| 21a MEMBER SIGNATURE | b DATE (YYYYMMDD) 20110309 | 22a OFFICIAL AUTHORIZED TO SIGN (Typed name grade title signature) Christopher L Richardson CWO2 PRSO | b DATE (YYYYMMDD) 20110310 |
|---|---|---|---|

| SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only) | |
|---|---|
| 23 TYPE OF SEPARATION Released from IADT | 24 CHARACTER OF SERVICE (Include upgrades) HONORABLE |
| 25 SEPARATION AUTHORITY MARCORSEPMAN par 1005 | 26 SEPARATION CODE MBK2 | 27 REENTRY CODE RE-1A |

| 28 NARRATIVE REASON FOR SEPARATION COMPLETION OF REQUIRED ACTIVE SERVICE |
|---|

| 29 DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) None | 30 MEMBER REQUESTS COPY 4 (Initials) |
|---|---|

| DD FORM 214, AUG 2009 | PREVIOUS EDITION IS OBSOLETE | SERVICE - 7 |
|---|---|---|

Adobe Designer 8 0



**UNITED STATES MARINE CORPS**
Headquarters 4th Marine Logistics Group
2000 Opelousas Avenue, Building 1
NEW ORLEANS, LA 70146-0000

IN REPLY REFER TO:
1910

04 Dec 12

SECOND ENDORSEMENT on INSPECTOR-INSTRUCTOR, B D/S Motor Transport Company,
Sixth Motor Transport Battalion, Fourth Marine Logistic
Group ltr 1910 of 28 Nov 12

From:  Commanding General, 4th Marine Logistics Group, 2000 Opelousas Avenue,
       Building 1, NEW ORLEANS, LA  70146-0000
To:    COMMANDANT OF THE MARINE CORPS (MMSB-20), HEADQUARTERS, U.S. MARINE
       CORPS, QUANTICO, VA  22134-5002

Subj:  RECOMMENDATION FOR ADMINISTRATIVE DISCHARGE OF LANCE CORPORAL DANIEL A
       DUNN, USMCR

Ref:   (a) MCO P1900.16 (MARCORSEPMAN)

1.  Readdressed and forwarded for filing in accordance with section 6311.6 of
reference (a).

2.  The recommendation that the respondent be administratively discharged from
the United States Marine Corps Reserve is approved.  By copy of this letter,
the Respondent's Commanding Officer is directed to take those administrative
steps necessary to effect subject Marine's separation within 20 days from the
date of receipt of this letter under the following criteria:

        a.  Characterization of Service: Other Than Honorable

        b.  Authority for Discharge:      MARCORSEPMAN, par.6210.6

        c.  Separation Code:              HKQ1 - MISCONDUCT

        d.  Reenlistment Code:            RE-4

        e.  Suspension:                   None

3.  The Respondent's command will also forward the closed-out service record
book of subject Marine to the Commandant of the Marine Corps (MMSB-20) and, by
separate correspondence, inform this Headquarters (SJA), of the date of
separation.

                        R. R. MACHUT
                        _____



**UNITED STATES MARINE CORPS**
HEADQUARTERS 4TH MARINE LOGISTICS GROUP
2000 Opelousas Avenue, Building 1
NEW ORLEANS, LA 70146-0000

IN REPLY REFER TO:
1910

01 Dec 12

MEMORANDUM OF REVIEW

From:   Staff Judge Advocate, 4th Marine Logistics Group, 2000 Opelousas
        Avenue, Building 1, NEW ORLEANS, LA 70146-0000
To:     Commanding General, 4th Marine Logistics Group, 2000 Opelousas Avenue,
        Building 1, NEW ORLEANS, LA 70146-0000

Subj:   RECOMMENDATION FOR ADMINISTRATIVE DISCHARGE OF LANCE CORPORAL DANIEL A
        DUNN, USMCR

1.  SJA Opinion under paragraph 6308.1c of MCO P1900.16 (MARCORSEPMAN):  the
proceedings have been reviewed and found sufficient in law and in fact.

2.  Recommended basis for discharge: Misconduct / Commission of a Serious
                                     Offense

3.  Recommended characterization of discharge: Other Than Honorable

4.  Suspension: None

5.  SJA Comments:  Legally and factually sufficient.  On 23 Sep 12, SNM was
arrested for two felonies and two misdemeanors.  The charge of Retaliation
carries a possible sentence of 2-10 years in prison and fines up to $10K. Due
to SNM's prior actions, command has a concern that he is a risk to other unit
members and has no potential for future service in the Marine Corps Reserve.
Per MARADMIN 328/10, SNM has not been mobilized or deployed and is exempt from
the required medical screening for PTSD or TBI. I recommend that LCpl Dunn be
separated from the Marine Corps with an Other Than Honorable Characterization
of service.

6.  The Respondent is a SMCR Marine with no combat service or deployment, and
no diagnosis of PTSD or TBI.  Therefore, Respondent is exempt from the medical
evaluation requirements of MARADMIN 328/10.

_____
A. J. CHARANZA JR





UNITED STATES MARINE CORPS
B D/S Motor Transport Company, Sixth Motor Transport Battalion, Fourth Marine
Logistic Group
301 E REGIS ST SUITE 1137
LUBBOCK, TX 79403-1137

IN REPLY REFER TO:
1910
S-1
02 Oct 12

From:   Commanding Officer, B D/S Motor Transport Company, Sixth Motor
        Transport Battalion, Fourth Marine Logistic Group, 301 E REGIS ST SUITE
        1137, LUBBOCK, TX 79403-1137

To:     Commanding General, 4th Marine Logistics Group, 2000 Opelousas Avenue,
        Building 1, NEW ORLEANS, LA 70146-0000

Subj:   RECOMMENDATION FOR ADMINISTRATIVE DISCHARGE OF LANCE CORPORAL DANIEL A
        DUNN, USMCR

Ref:    (a) MCO P1900.16 (MARCORSEPMAN)
        (b) MARADMIN 328/10

Encl:   (1) Notification of Separation Proceedings
        (2) Acknowledgment of Rights
        (3) Purpose and Scope of BCNR and NDRB
        (4) Personal Receipt of Notification of Separation Proceedings
        (5) Supporting Documents

1.  I recommend that DANIEL A. DUNN be separated from the United States
Marine Corps Reserve with an Other Than Honorable characterization of
service.

2.  Per the references, the notification package (enclosures (1), (2), and
(3)) was delivered in person to the Marine.  See enclosure (4).

3.  Enclosure (5) includes pages from the service record book and
documentation supporting the basis for separation.  On 23 September 2012 on or
about 0230, Lance Corporal Daniel A. Dunn, was arrested by the Lubbock Police
Department.  He was charged with the following offenses:  Felony Charges (2) -
Retaliation and Stalking; Misdemeanor Charges (2) - Unlawful carry of a weapon
and public intoxication.  It is my recommendation that LCpl Dunn be separated
from the Marine Corps with an Other Than Honorable Characterization of
service.  LCpl Dunn's actions have tainted the Marine Corps' Image and of this
Unit and are detrimental to our Esprit de Corps and Mobilization readiness.
LCpl Dunn has not deployed or participated in a combat operation during his
service.

4.  The Marine submitted no statement.

5.  I have reviewed the Respondent's records and certify that SNM has no
combat service or deployment and the Respondent was not diagnosed with Post-
Traumatic Stress Disorder or Traumatic Brain Injury.

6.  The Reserve Unit Commanding Officer or Officer in Charge is in agreement
with the recommendation.

E. M. PARDO

001006

☎ 972-724-8181                                          04:24:39 p.m.   10-16-2012   1/10



# ORIGINAL

**UNITED STATES MARINE CORPS**
B D/S Motor Transport Company, Sixth Motor Transport Battalion, Fourth
Marine Logistic Group
301 E REGIS ST SUITE 1137
LUBBOCK, TX. 79403-1137

IN REPLY REFER TO:
1910
S-1
02 Oct 12

CERTIFIED # 7005 1160 0000 1093 7701

From: Commanding Officer, B D/S Motor Transport Company, Sixth Motor
      Transport Battalion, Fourth Marine Logistic Group, 301 E REGIS ST SUITE
      1137, LUBBOCK, TX  79403-1137

To:   Lance Corporal DANIEL A. DUNN, USMCR

Subj: NOTIFICATION OF SEPARATION PROCEEDINGS  (BOARD CASE)

Ref:  (a) MCO P1900.16 (MARCORSEPMAN)

Encl: (1) Purpose and Scope of the BCNR and NDRB
      (2) Acknowledgement of Respondent's Rights

1.  You are hereby notified that I intend to recommend to the Commanding
General, 4th Marine Logistics Group that you be discharged from the U.S.
Marine Corps / U.S. Marine Corps Reserve in accordance with paragraph(s)
6210.6 of the reference by reason of:

    a.  Primary Basis
        (1) GENERAL BASIS:  Misconduct
        (2) SPECIFIC BASIS:  Commission of a Serious Offense
        (3) FACTUAL BASIS:  On 23 September 2012 on or about 0230, Lance
Corporal Dunn, Daniel A. was arrested by the Lubbock Police Department. He was
charged with the following offenses: Felony Charges (2) - retaliation and
stalking; Misdemeanor Charges (2) - unlawful carry of a weapon and public
intoxication.

2.  The least favorable characterization of service which you may receive is
Other Than Honorable.  Although the Commanding General, 4th Marine Logistics
Group will make the determination of characterization if you are separated, I
am recommending you receive an Other Than Honorable characterization of
service.

3.  You are advised that if a Marine serving in pay grade E-4 or above is
administratively separated under other than honorable characterization of
service, the Marine will be administratively reduced to pay grade E-3
effective upon separation in accordance with paragraph 6311.8 of the
reference.

4.  As a result of these separation proceedings, you have the following
rights:

    a.  You have the right to consult with qualified counsel prior to electing
or waiving any of your rights.  It is in your best interest to do so prior to
waiving any of your rights.

    b.  You have the right to request a hearing before an Administrative
Discharge Board in accordance with paragraph 6304 of the reference.

# ORIGINAL

Subj: NOTIFICATION OF SEPARATION PROCEEDINGS (BOARD CASE)

c. You have the right to present written statements to the Commanding General, 4th Marine Logistics Group, in rebuttal to this proposed separation, and in lieu of having a hearing.

d. You have the right to obtain copies of documents that will be forwarded to Commanding General, 4th Marine Logistics Group, supporting the basis of this proposed separation. Classified documents shall be summarized.

e. You may waive any of these rights after being afforded an opportunity to consult with counsel.

f. If you have a history of Combat Service or Deployment, as defined by MARADMIN 328/10, you are required to be screened for Post-Traumatic Stress Disorder (PTSD) and Traumatic Brain Injury (TBI). You are hereby directed to contact this command to schedule an appointment for medical evaluation within 45 days of receipt of this notification. Failure to complete this action will NOT delay these proceedings.

5. Should you request a hearing before an Administrative Separation Board, you will be afforded the following rights:

a. To appear in person before such a board or be represented by counsel if you are confined by civil authorities.

b. To be represented by appointed military counsel, or military counsel of your choice if available.

c. To be represented by civilian counsel if you desire and at your own expense.

d. To challenge voting members of the board or the legal advisor, if any, for cause only.

e. To testify in your own behalf, subject to the provisions of Article 31, UCMJ (Compulsory Self-Incrimination Prohibited).

f. At any time during the proceedings, you or your counsel may submit written or recorded matter for consideration by the board.

g. You or your counsel may call witnesses on your behalf.

h. You or your counsel may question any witness who appears before the board.

i. You or your counsel may present argument prior to the board closing the hearing for deliberation on findings and recommendations.

j. Upon written request to the Convening Authority, to be provided a copy of the report of the board and the endorsement thereon.

k. Failure to appear at a hearing without good cause constitutes a waiver of your right to be present at the hearing.

l. You have the right to make a sworn or unsworn statement.

m. You have the right to examine evidence presented by the board, to cross examine witnesses appearing before the board, to submit evidence before the board, and to present final argument before the board.

2

# ORIGINAL

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS  (BOARD CASE)

    n.  Failure to respond after being afforded a reasonable opportunity to consult with counsel constitutes waiver of the rights in paragraph 6304.1d to 6304.1m of the reference.

6.  Information on the Navy Discharge Review Board and the Board for Correction of Naval Records is provided to you as enclosure (1).

7.  You are directed to respond in writing to this notification by completing and returning enclosure (2) within the following timeframes after receiving notification:  two working days if you are on active duty and received it in person; or twenty days if you are a reservist not on active duty and received it in person or by mail.

8.  If you are separated *before* you complete an active duty service requirement incurred because you received advanced education assistance, bonuses, or special pays, you may be required to reimburse the U.S. Government on a pro rata basis for the unserved portion of the active service requirement.

E. M. PARDO
Inspector-Instructor

3





UNITED STATES MARINE CORPS
B D/S Motor Transport Company, Sixth Motor Transport Battalion, Fourth Marine
Logistic Group
301 E REGIS ST SUITE 1137
LUBBOCK, TX 79403-1137

IN REPLY REFER TO:
1900
SJA
02 Oct 12

From: Lance Corporal DANIEL A. DUNN, USMCR

To:   Commanding Officer, B D/S Motor Transport Company, Sixth Motor
      Transport Battalion, Fourth Marine Logistic Group, 301 E REGIS ST SUITE
      1137, LUBBOCK, TX 79403-1137

Subj: PERSONAL RECEIPT OF NOTIFICATION OF SEPARATION PROCEEDINGS

1. On the ___16___ day of ___October___, at ___1030___, I personally
received the original Notification of Separation Proceedings dated
___02 OCTOBER 2012___ and the Purpose and Scope of the BCNR and NDRB.

_____
Signature of Marine

_____ 121016
Witness

972-724-8181

04:26:06 p.m.    10-16-2012    4/10



## Purpose and Scope of Board of Correction of Naval Records (BCNR) and the Naval Discharge Review Board (NDRB)

1.  The Board for Correction of Naval Records (BCNR), consisting of not less than three members, was established pursuant to 10 U.S.C. 1552, and considers all applications properly before it for the purpose of determining the existence of an error or an injustice, and to make appropriate recommendations to the Secretary of the Navy. Application may be made by the member or former member, or such other persons as the board determines to be competent for such purpose. The Board for Correction of Naval Records, unlike the Naval Discharge Review Board (NDRB), may review discharges awarded by a general court-martial. Other types of cases reviewed by the board include, but are not limited to: those involving requests for physical disability retirement; the cancellation of a physical disability discharge, and substituting, in lieu thereof, retirement for disability; an increase in the percentage of physical disability; the removal of derogatory material from an official record; the review of nonjudicial punishment; and the restoration of rank, grade, or rating. Also, this board will review the case of a person who is in a Reserve component and who contends that the release from active duty should have been honorable, rather than general (under honorable conditions).

The law requires that application be filed with the Board for Correction of Naval Records within three years of the date of the discovery of the error or injustice. However, the board is authorized to excuse the fact that the application was filed at a later date, if it finds it to be in the interest of justice to consider the application. The board is empowered to deny an application without a hearing, if it determines that there is insufficient evidence to indicate the existence of probable material error or injustice to the applicant.

No application will be considered by the board until the applicant has exhausted all other effective administrative remedies afforded by existing law or regulations, and such other legal remedies as the board shall determine are practical and appropriately available to the applicant.

An application to the board for the correction of a record shall not operate as a stay of any proceedings being taken with respect to the person involved. The board will consider the applicant's case on the basis of all the material before it, including but not limited to: the application for correction filed by the applicant, any documentary evidence filed in support of such applications, any brief submitted by or in behalf of the applicant, and all available pertinent records in the Department of the Navy. The applicant's service record is but one of the records which may be considered by the board.

In cases other than denied applications, the record of proceedings of the board will be forwarded to the Secretary of the Navy, who will direct such actions as determined to be appropriate.

In connection with review of executed discharges by the Board for Correction of Naval Records, there is no law or regulation which provides that an unfavorable discharge may be changed to a more favorable discharge solely because of the expiration of a period of time after discharge during which the respondent's behavior has been exemplary. To permit relief, an error or injustice must be found to have existed during the period of the enlistment in question and the respondent's good conduct after discharge, in and of itself, is not sufficient to warrant changing an unfavorable discharge to a

Enclosure (1)



ORIGINAL

more favorable type of discharge.

Applications for review and explanatory matter may be obtained by writing the Board for Correction of Naval Records, Department of the Navy, Washington, DC 20370-5100.

2. The Naval Discharge Review Board (NDRB), consisting of five members, was established pursuant to 10 U.S.C. 1553, to review, on its own motion, or upon the request of any former member of the Navy or Marine Corps; or in the case of a deceased member of the Navy or Marine Corps, upon the request of the surviving spouse, next of kin, or legal representative, or if incompetent by the member's guardian; the type and nature of final discharge to determine whether or not, under reasonable standards of naval law and discipline, the type and nature of the discharge should be changed, corrected, or modified, and if so, to decide what modification should be made. The board may also issue a new discharge in accordance with the facts presented to it.

The NDRB may review all final separations from the naval service, irrespective of the manner evidenced or brought about, except a discharge awarded by a general court-martial, or a discharge executed more than 15 years before date of review application. Such review is based on all available records of the Department of the Navy pertaining to the former member and such evidence as may be presented or obtained by the board.

NDRB has no authority to revoke any discharge; nor to reinstate any person in the military service subsequent to discharge; nor to recall any person to active duty; nor to waive prior disqualifying discharges to permit enlistment in the naval service or any other branch of the Armed Forces; nor to cancel enlistment contracts; nor to change the reason for discharge from or to physical disability; nor to determine eligibility for veterans benefits. Relevant and material facts germane to the former member concerned found by a general or special court-martial, or by a court of inquiry or board of investigation where the former member was in the status of a defendant or an interested party, as approved by the reviewing authorities, shall be accepted by the board as established facts in the absence of manifest error or unusual circumstances clearly justifying a different conclusion. Relevant and material facts stated in a specification to which the former member concerned pleaded guilty before a general or special court-martial, or where, upon being confronted by such a specification, the former member elected to request discharge for the good of the service, shall be accepted by the board as established facts in the absence of manifest error or unusual circumstances clearly justifying a different conclusion, or unless the former member shall show to the board's satisfaction, or it shall otherwise appear, that arbitrary or coercive action was taken against the member at the time, which action was not apparent to the reviewing authority from the face of the record.

The evidence before the board which may be considered in connection with a particular discharge document will normally be restricted to that which is relevant and material to the former member's particular term of Marine Corps service or during that term of Marine Corps service, or at the time of separation.

To warrant a change, correction, or modification of the original document evidencing separation from the Marine Corps, the former member concerned must show to the satisfaction of the board, or it must otherwise satisfactorily appear, that the original document was improperly or inequitably issued under standards of naval law and discipline existing at the time of the former

2



member's original separation, or under such standards differing therefrom in the former member's favor which subsequent to separation, were made expressly retroactive to separations of the type and character had by the former member.

In connection with review of executed discharges by the NDRB, there is no law or regulation which provides that an unfavorable discharge may be changed to a more favorable discharge solely because of the expiration of a period of time after discharge during which the respondent's behavior has been exemplary. To permit relief, an error or injustice must be found to have existed during the period of the enlistment in question and the respondent's good conduct after discharge, in and of itself, is not sufficient to warrant changing an unfavorable discharge.

Applications for review and general information may be obtained by writing to the *Naval Discharge Review Board*, 801 North Randolph Street, Arlington, VA 22203-1989.

3. Statement of the Individual

I have been advised of the purpose and procedure for making application to the Board for Correction of Naval Records and the Naval Discharge Review Board.

I have also been advised that a discharge under other than honorable conditions resulting from a period of continuous unauthorized absence of 180 days or more, is a conditional bar to benefits administered by the Veterans Administration notwithstanding any action by the Naval Discharge Review Board.

| Witness Signature | Date | Marine Signature | Date |
|---|---|---|---|
| | 121016 | | 20121016 |

3

From: Lance Corporal, DANIEL A. DUNN, USMCR
To: Commanding Officer, B D/S Motor Transport Company, Sixth Motor Transport Battalion, Fourth Marine Logistic Group, 301 E REGIS ST SUITE 1137, LUBBOCK, TX 79403-1137

Subj: ACKNOWLEDGEMENT OF RIGHTS TO BE EXERCISED OR WAIVED IN CONNECTION WITH DISCHARGE PROCEEDINGS (BOARD CASE)

Ref: (a) Yr ltr 1910 S-1 of 02 Oct 12
(b) MCO P1900.16 (MARCORSEPMAN)

1. _____ I acknowledge receipt of reference (a) notifying me that I am being recommended for administrative separation from the U.S. Marine Corps / U.S. Marine Corps Reserve in accordance with paragraph(s) 6210.6 of reference (b) by reason of:

   a. Primary Basis

      (1) GENERAL BASIS: Misconduct

      (2) SPECIFIC BASIS: Commission of a Serious Offense

      (3) FACTUAL BASIS: On 23 September 2012 on or about 0230, Lance Corporal Dunn, Daniel A. was arrested by the Lubbock Police Department. He was charged with the following offenses: Felony Charges (2) - retaliation and stalking; Misdemeanor Charges (2) - unlawful carry of a weapon and public intoxication.

2. _____ I understand that I am being recommended for separation with an Other Than Honorable characterization of service and that the least favorable characterization of service which I may receive is Other Than Honorable.

3. _____ I understand that if I am serving in a pay grade E-4 or above and administratively separated with other than honorable characterization of service that I will be administratively reduced to pay grade E-3 effective upon discharge in accordance with paragraph 6311.8 of reference (b).

4. In view of the above, I choose to exercise the following rights by initialing each choice.

   a. _____ I ____ (have) / _____ (have NOT) consulted with counsel. I understand it is in my best interests to do so before exercising or waiving any of my rights. My counsel's name, grade, and Armed Force is:
   N/A

   b. _____ I ____ (do) / _____ (do NOT) request a hearing before an administrative discharge board.

   c. _____ In lieu of a hearing, I ____ (have) / _____ (have NOT) included written statements in rebuttal to this proposed separation.

   d. _____ I _____ (do) / ____ (do NOT) desire to obtain copies of documents that will be forwarded to the Separation Authority, supporting this proposed discharge.

   e. _____ I understand if I have a history of combat service/deployment, as

Enclosure (2)



defined by MARADMIN 328/10, I must contact this command within 45 days to be screened for PTSD or TBI.

5.   If I requested a hearing before an Administrative Separation Board, I realize I have the following rights:

   a. _____ To be present or represented by counsel if I am confined by civil authorities.

   b. _____ To be represented by appointed military counsel (or military counsel of my choice, if available).

   c. _____ To be represented by civilian counsel if I desire and at my own expense.

   d. _____ To challenge voting members of the board or the legal advisor, if any, for cause only.

   e. _____ To testify in my own behalf, subject to the provisions of Article 31, UCMJ (Compulsory Self-Incrimination Prohibited).

   f. _____ At any time during the proceedings I or my counsel may submit recorded matter for consideration by the board.

   g. _____ I or my counsel may call witnesses on my behalf.

   h. _____ I or my counsel may question any witnesses who appear before the board.

   i. _____ I or my counsel may present argument prior to the board's closing the hearing for deliberations on findings and recommendations.

   j. _____ Upon written request to the Convening Authority, to be provided with a copy of the report of the board and the endorsement.

   k. _____ Failure to appear without good cause at a hearing constitutes waiver of rights to be present at the hearing.

   l. _____ I have the right to make a sworn or unsworn statement.

   m. _____ I have the right to examine evidence presented by the board, to cross-examine witnesses appearing before the board, to submit evidence before the board, and to present final argument before the board.

   n. _____ Failure to respond after being afforded a reasonable opportunity to consult with counsel constitutes waiver of the rights in paragraphs 6304.1d to 1m of the reference.

6.   _____ I have read and fully understand the Purpose and Scope of the BCNR and NDRB.

7.   _____ I understand that if I am separated before I complete an active duty service requirement incurred because I received advanced education assistance, bonuses, or special pays, I may be required to reimburse the U.S. Government on a pro rata basis for the unserved portion of the active service

2

972-724-8181

04:28:57 p.m.    10-16-2012        9/10

# ORIGINAL

Subj:  ACKNOWLEDGEMENT OF RIGHTS TO BE EXERCISED OR WAIVED IN CONNECTION WITH
       DISCHARGE PROCEEDINGS (BOARD CASE)

requirement.

8.  ___ I SPECIFICALLY ACKNOWLEDGE THAT I UNDERSTAND THAT PROCESSING FOR
ADMINISTRATIVE SEPARATION DOES NOT RELIEVE ME FROM ANY OBLIGATION TO SERVE ON
ACTIVE AND/OR INACTIVE DUTY (INCLUDING ATTENDING RESERVE DRILLS) PENDING FINAL
DECISION ON MY DISCHARGE.  I MUST CONTINUE MY NORMAL ACTIVE AND/OR INACTIVE
DUTY UNLESS AND UNTIL MY COMMAND INFORMS ME IN WRITING THAT (1) I AM EXCUSED
FROM ACTIVE AND/OR INACTIVE DUTY OR (2) I AM DISCHARGED.

_____        12 10 16        _____        28 12 16
Witness              Date            Respondent          Date

FOR COMMAND USE ONLY(When AOR is not returned or is returned but is unsigned
or improperly or incompletely executed):

The Marine (INITIAL ONE):

_____  did not return the AOR within the time limit indicated on the
notification letter to acknowledge receipt of the notification package.
_____  refused to acknowledge receipt of the notification package.
_____  returned the AOR but did not sign it.
_____  returned the AOR but did not make a selection of rights.


_____        _____
Signature of person initialing blank        Date

3

From: Lance Corporal, DANIEL A. DUNN, USMCR

To: Commanding Officer, B D/S Motor Transport Company, Sixth Motor Transport Battalion, Fourth Marine Logistic Group, 301 E REGIS ST SUITE 1137, LUBBOCK, TX 79403-1137

Subj: ACKNOWLEDGEMENT OF RIGHTS TO BE EXERCISED OR WAIVED IN CONNECTION WITH DISCHARGE PROCEEDINGS (BOARD CASE)

Ref: (a) Yr ltr 1910 S-1 of 02 Oct 12
(b) MCO P1900.16 (MARCORSEPMAN)

1. ___ I acknowledge receipt of reference (a) notifying me that I am being recommended for administrative separation from the U.S. Marine Corps / U.S. Marine Corps Reserve in accordance with paragraph(s) 6210.6 of reference (b) by reason of:

    a. Primary Basis

        (1) GENERAL BASIS: Misconduct

        (2) SPECIFIC BASIS: Commission of a Serious Offense

        (3) FACTUAL BASIS: On 23 September 2012 on or about 0230, Lance Corporal Dunn, Daniel A. was arrested by the Lubbock Police Department. He was charged with the following offenses: Felony Charges (2) - retaliation and stalking; Misdemeanor Charges (2) - unlawful carry of a weapon and public intoxication.

2. ___ I understand that I am being recommended for separation with an Other Than Honorable characterization of service and that the least favorable characterization of service which I may receive is Other Than Honorable.

3. ___ I understand that if I am serving in a pay grade E-4 or above and administratively separated with other than honorable characterization of service that I will be administratively reduced to pay grade E-3 effective upon discharge in accordance with paragraph 6311.8 of reference (b).

4. In view of the above, I choose to exercise the following rights by initialing each choice.

    a. ___ I ___ (have) / ___ (have NOT) consulted with counsel. I understand it is in my best interests to do so before exercising or waiving any of my rights. My counsel's name, grade, and Armed Force is:
N/A

    b. ___ I ___ (do) / ___ (do NOT) request a hearing before an administrative discharge board.

    c. ___ In lieu of a hearing, I ___ (have) / ___ (have NOT) included written statements in rebuttal to this proposed separation.

    d. ___ I ___ (do) / ___ (do NOT) desire to obtain copies of documents that will be forwarded to the Separation Authority, supporting this proposed discharge.

    e. ___ I understand if I have a history of combat service/deployment, as

Enclosure (2)

ORIGINAL

Subj:   ACKNOWLEDGEMENT OF RIGHTS TO BE EXERCISED OR WAIVED IN CONNECTION WITH
        DISCHARGE PROCEEDINGS (BOARD CASE)

defined by MARADMIN 328/10, I must contact this command within 45 days to be
screened for PTSD or TBI.

5.  If I requested a hearing before an Administrative Separation Board, I
realize I have the following rights:

    a.  _____ To be present or represented by counsel if I am confined by civil
authorities.

    b.  _____ To be represented by appointed military counsel (or military
counsel of my choice, if available).

    c.  _____ To be represented by civilian counsel if I desire and at my own
expense.

    d.  _____ To challenge voting members of the board or the legal advisor, if
any, for cause only.

    e.  _____ To testify in my own behalf, subject to the provisions of Article
31, UCMJ (Compulsory Self-Incrimination Prohibited).

    f.  _____ At any time during the proceedings I or my counsel may submit
recorded matter for consideration by the board.

    g.  _____ I or my counsel may call witnesses on my behalf.

    h.  _____ I or my counsel may question any witnesses who appear before the
board.

    i.  _____ I or my counsel may present argument prior to the board's closing
the hearing for deliberations on findings and recommendations.

    j.  _____ Upon written request to the Convening Authority, to be provided
with a copy of the report of the board and the endorsement.

    k.  _____ Failure to appear without good cause at a hearing constitutes
waiver of rights to be present at the hearing.

    l.  _____ I have the right to make a sworn or unsworn statement.

    m.  _____ I have the right to examine evidence presented by the board, to
cross-examine witnesses appearing before the board, to submit evidence before
the board, and to present final argument before the board.

    n.  _____ Failure to respond after being afforded a reasonable opportunity
to consult with counsel constitutes waiver of the rights in paragraphs 6304.1d
to 1m of the reference.

6.  _____ I have read and fully understand the Purpose and Scope of the BCNR
and NDRB.

7.  _____ I understand that if I am separated before I complete an active duty
service requirement incurred because I received advanced education assistance,
bonuses, or special pays, I may be required to reimburse the U.S. Government
on a pro rata basis for the unserved portion of the active service

2

972-724-8181

04:28:57 p.m.   10-16-2012    9/10

ORIGINAL

Subj: ACKNOWLEDGEMENT OF RIGHTS TO BE EXERCISED OR WAIVED IN CONNECTION WITH
DISCHARGE PROCEEDINGS (BOARD CASE)

requirement.

8. ___ I SPECIFICALLY ACKNOWLEDGE THAT I UNDERSTAND THAT PROCESSING FOR
ADMINISTRATIVE SEPARATION DOES NOT RELIEVE ME FROM ANY OBLIGATION TO SERVE ON
ACTIVE AND/OR INACTIVE DUTY (INCLUDING ATTENDING RESERVE DRILLS) PENDING FINAL
DECISION ON MY DISCHARGE.  I MUST CONTINUE MY NORMAL ACTIVE AND/OR INACTIVE
DUTY UNLESS AND UNTIL MY COMMAND INFORMS ME IN WRITING THAT (1) I AM EXCUSED
FROM ACTIVE AND/OR INACTIVE DUTY OR (2) I AM DISCHARGED.

_____      12/10/16        _____      2012/10/16
Witness                      Date            Respondent            Date

FOR COMMAND USE ONLY(When AOR is not returned or is returned but is unsigned
or improperly or incompletely executed):

The Marine (INITIAL ONE):

_____ did not return the AOR within the time limit indicated on the
notification letter to acknowledge receipt of the notification package.
_____ refused to acknowledge receipt of the notification package.
_____ returned the AOR but did not sign it.
_____ returned the AOR but did not make a selection of rights.


_____      _____
Signature of person initialing blank      Date

3

972-724-8181                                           04:26:06 p.m.    10-16-2012    4/10



Purpose and Scope of Board of Correction of Naval Records (BCNR)
and the Naval Discharge Review Board (NDRB)

1. The Board for Correction of Naval Records (BCNR), consisting of not less than three members, was established pursuant to 10 U.S.C. 1552, and considers all applications properly before it for the purpose of determining the existence of an error or an injustice, and to make appropriate recommendations to the Secretary of the Navy. Application may be made by the member or former member, or such other persons as the board determines to be competent for such purpose. The Board for Correction of Naval Records, unlike the Naval Discharge Review Board (NDRB), may review discharges awarded by a general court-martial. Other types of cases reviewed by the board include, but are not limited to: those involving requests for physical disability retirement; the cancellation of a physical disability discharge, and substituting, in lieu thereof, retirement for disability; an increase in the percentage of physical disability; the removal of derogatory material from an official record; the review of nonjudicial punishment; and the restoration of rank, grade, or rating. Also, this board will review the case of a person who is in a Reserve component and who contends that the release from active duty should have been honorable, rather than general (under honorable conditions).

The law requires that application be filed with the Board for Correction of Naval Records within three years of the date of the discovery of the error or injustice. However, the board is authorized to excuse the fact that the application was filed at a later date, if it finds it to be in the interest of justice to consider the application. The board is empowered to deny an application without a hearing, if it determines that there is insufficient evidence to indicate the existence of probable material error or injustice to the applicant.

No application will be considered by the board until the applicant has exhausted all other effective administrative remedies afforded by existing law or regulations, and such other legal remedies as the board shall determine are practical and appropriately available to the applicant.

An application to the board for the correction of a record shall not operate as a stay of any proceedings being taken with respect to the person involved. The board will consider the applicant's case on the basis of all the material before it, including but not limited to: the application for correction filed by the applicant, any documentary evidence filed in support of such applications, any brief submitted by or in behalf of the applicant, and all available pertinent records in the Department of the Navy. The applicant's service record is but one of the records which may be considered by the board.

In cases other than denied applications, the record of proceedings of the board will be forwarded to the Secretary of the Navy, who will direct such actions as determined to be appropriate.

In connection with review of executed discharges by the Board for Correction of Naval Records, there is no law or regulation which provides that an unfavorable discharge may be changed to a more favorable discharge solely because of the expiration of a period of time after discharge during which the respondent's behavior has been exemplary. To permit relief, an error or injustice must be found to have existed during the period of the enlistment in question and the respondent's good conduct after discharge, in and of itself, is not sufficient to warrant changing an unfavorable discharge to a

Enclosure (1)



more favorable type of discharge.

Applications for review and explanatory matter may be obtained by writing the
Board for Correction of Naval Records, Department of the Navy, Washington, DC
20370-5100.

2.   The Naval Discharge Review Board (NDRB), consisting of five members, was
established pursuant to 10 U.B.C. 1553, to review, on its own motion, or upon
the request of any former member of the Navy or Marine Corps, or in the case
of a deceased member of the Navy or Marine Corps, upon the request of the
surviving spouse, next of kin, or legal representative, or if incompetent by
the member's guardian; the type and nature of final discharge to determine
whether or not, under reasonable standards of naval law and discipline, the
type and nature of the discharge should be changed, corrected, or modified,
and if so, to decide what modification should be made.   The board may also
issue a new discharge in accordance with the facts presented to it.

The NDRB may review all final separations from the naval service, irrespective
of the manner evidenced or brought about, except a discharge awarded by a
general court-martial, or a discharge executed more than 15 years before date
of review application.   Such review is based on all available records of the
Department of the Navy pertaining to the former member and such evidence as
may be presented or obtained by the board.

NDRB has no authority to revoke any discharge; nor to reinstate any person in
the military service subsequent to discharge; nor to recall any person to
active duty; nor to waive prior disqualifying discharges to permit enlistment
in the naval service or any other branch of the Armed Forces; nor to cancel
enlistment contracts; nor to change the reason for discharge from or to
physical disability; nor to determine eligibility for veterans benefits.
Relevant and material facts germane to the former member concerned found by a
general or special court-martial, or by a court of inquiry or board of
investigation where the former member was in the status of a defendant or an
interested party, as approved by the reviewing authorities, shall be accepted
by the board as established facts in the absence of manifest error or unusual
circumstances clearly justifying a different conclusion.   Relevant and
material facts stated in a specification to which the former member concerned
pleaded guilty before a general or special court-martial, or where, upon being
confronted by such a specification, the former member elected to request
discharge for the good of the service, shall be accepted by the board as
established facts in the absence of manifest error or unusual circumstances
clearly justifying a different conclusion, or unless the former member shall
show to the board's satisfaction, or it shall otherwise appear, that arbitrary
or coercive action was taken against the member at the time, which action was
not apparent to the reviewing authority from the face of the record.

The evidence before the board which may be considered in connection with a
particular discharge document will normally be restricted to that which is
relevant and material to the former member's particular term of Marine Corps
service or during that term of Marine Corps service, or at the time of
separation.

To warrant a change, correction, or modification of the original document
evidencing separation from the Marine Corps, the former member concerned must
show to the satisfaction of the board, or it must otherwise satisfactorily
appear, that the original document was improperly or inequitably issued under
standards of naval law and discipline existing at the time of the former

2



member's original separation, or under such standards differing therefrom in the former member's favor which subsequent to separation, were made expressly retroactive to separations of the type and character had by the former member.

In connection with review of executed discharges by the NDRB, there is no law or regulation which provides that an unfavorable discharge may be changed to a more favorable discharge solely because of the expiration of a period of time after discharge during which the respondent's behavior has been exemplary. To permit relief, an error or injustice must be found to have existed during the period of the enlistment in question and the respondent's good conduct after discharge, in and of itself, is not sufficient to warrant changing an unfavorable discharge.

Applications for review and general information may be obtained by writing to the *Naval Discharge Review Board*, 801 North Randolph Street, Arlington, VA 22203-1989.

3.   Statement of the Individual

I have been advised of the purpose and procedure for making application to the Board for Correction of Naval Records and the Naval Discharge Review Board.

I have also been advised that a discharge under other than honorable conditions resulting from a period of continuous unauthorized absence of 180 days or more, is a conditional bar to benefits administered by the Veterans Administration notwithstanding any action by the Naval Discharge Review Board.

| | 121016 | | 20121016 |
|---|---|---|---|
| Witness Signature | Date | Marine Signature | Date |

3



ORIGINAL

### AFFIDAVIT OF SERVICE

I certify that attempts to serve the Notification (dated 02 Oct 12),
Acknowledgement of Rights, and BCNR/NDRB information on LCpl DANIEL A DUNN,
USMCR were made as follows:

**SECTION I. SERVICE IN PERSON:**

WAS ATTEMPTED: See the attached PERSONAL RECEIPT OF NOTIFICATION OF
SEPARATION PROCEEDINGS.

Address: 301 E. Regis Street Suite 1137, Lubbock, TX 79403-113

**SECTION II. SERVICE BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED:**

Date mailed:

Mailed from:

Mailed by:

Address mailed to:

IF DELIVERED, ATTACH ORIGINAL PS FORM 3800 (WHITE RECEIPT) AND PS FORM 3811
(GREEN CARD) SHOWING DELIVERY; IF NOT DELIVERED, ATTACH ENVELOPE SHOWING
POSTAL STAMPS AND MARKING INDICATING REASON FOR NO DELIVERY.  IF DELIVERY NOT
SUCCESSFUL, SERVE BY FIRST CLASS MAIL-SEE SECTION III.

**SECTION III.  RESULT OF SERVICE (IN PERSON OR MAIL):**

Marine DID return the Acknowledgement of Rights.

**SECTION IV.  CERTIFICATION SIGNED/SWORN BEFORE COMMISSIONED OFFICER**

Signature of person certifying information: _____
Misrayn O. Cardona

Grade: SSgt            Billet: Admin Chief

Command: I-I Staff, Lubbock TX 79403

**SWORN AND SUBSCRIBED**  before me on 2012/10/16

Signature of commissioned officer: _____
Eric M. Pardo

Grade: Capt            Billet: I-I

Command: I-I Staff, Lubbock TX 79403

972-724-8181

04:29:16 p.m. 10-16-2012 10/10

# ORIGINAL



UNITED STATES MARINE CORPS
B D/S Motor Transport Company, Sixth Motor Transport Battalion, Fourth Marine
Logistic Group
301 E REGIS ST SUITE 1137
LUBBOCK, TX 79403-1137

IN REPLY REFER TO:
1900
SJA
02 Oct 12

From: Lance Corporal DANIEL A. DUNN, USMCR

To: Commanding Officer, B D/S Motor Transport Company, Sixth Motor
Transport Battalion, Fourth Marine Logistic Group, 301 E REGIS ST SUITE
1137, LUBBOCK, TX 79403-1137

Subj: PERSONAL RECEIPT OF NOTIFICATION OF SEPARATION PROCEEDINGS

1. On the ___16___ day of ___October___, at ___1030___, I personally
received the original Notification of Separation Proceedings dated
___02 OCTOBER 2012___, and the Purpose and Scope of the BCNR and NDRB.

_____
Signature of Marine

_____ 121016
Witness

INDIVIDUAL SEPARATION INFORMATION

1 OF 7

SSN: █████████         NAME: DUNN, DANIEL A.
PRES-GRADE: E3            DATE: 20130314

PAY ENTRY DATE: 20100712      DATE OF ENL / ACCEPT: 20100712
ACTIVE DUTY DATE:             TOTAL COMM SVC: 000000

ORIG ENTRY DATE: 20100608

DISCHARGE DATE: 20121205      DCTB: 20110129

END OBLIG SVC: 20180607       GEODCTB: 00
                              OVERSEAS CONTROL DATE: 20090312

REENLISTMENT ID: 04
SEPARATION CODE: HKQ1         RETIREMENT GRADE:
                              EFFECTIVE DATE:
CSB ELECT DATE:               HIGHEST GRADE HELD:
CSB ELECT CD/DESC:

ACTIVE SVC: 000000            CONSTRUCTIVE SVC: 0
INACTIVE SVC: 000000          RETIREMENT PAY MULT SVC:
TOTAL ACT CONSEC SVC: 0       CAREER SVC PAY: 0
TOTAL CONSEC SVC: 0           INACDU POINTS:
TOTAL SVC: 0                  INACDU POINTS EQ: 000000
TOTAL QUAL SVC: 2-05-28       PLAN RETIREMENT REQ:

MAND REMOVAL DATE:            TOTAL RETIREMENT POINTS: 400
ANNIV DATE: 20130608          TOTAL QUAL SERVICE: 2-05-28
DATE ELIG TO RET:             TOTAL SATISFACTORY YEARS: 2
CRCR CERT DATE: 201105
RCRSBP DATE:                  COMBAT SERVICE CODE: 0
RCSBP OPTION                  COMBAT DSBL
RCSBP TYPE CVG                LAST COMBAT TOUR
RCSBP LEVEL                   HEROISM: 0
RCSBP AMT CVG: 0

INDIVIDUAL SEPARATION INFORMATION
2 OF 7

SSN: ████████            NAME: DUNN, DANIEL A.
PRES-GRADE: E3            DATE: 20130314

HOME OF RECORD STATE: DENTON  TX          COUNTRY OF ORIGIN: US
RELIGION: 13 CHRISTIAN - NO DENOMINATIONAL PREFERENCE

PHONE: 214-850-3866
STREET ADDRESS: 3703 30TH APT A
CITY: LUBBOCK            STATE: TX   ZIP CODE: 794100000

ACTIVE DUTY MGIB STATUS:

PMOS: 6531               ADMOS1:
JMOS:                    ADMOS2:
JMOS DATE:               ADMOS3:
                        ADMOS4:

                              PROFICENCY     CONDUCT
AVERAGE MARKS IN GRADE:           3.6          3.6
AVERAGE MARKS IN SERVICE:         3.9          4.0
AVERAGE MARKS IN ENLISTMENT:      3.9          4.0


                         TIME LOST
SEQ   EFF DATE      TERM DATE     NR DAYS        REASON      CMP CDE
00001                                0

INDIVIDUAL SEPARATION INFORMATION

3 OF 7

SSN: ▐████████▌                      NAME: DUNN, DANIEL A.
PRES-GRADE: E3                       DATE: 20130314

RIFLE QUAL DATE: 20100827            PISTOL QUAL DATE: 000000
RIFLE SCORE: 315                     PISTOL SCORE:
RIFLE CLASS: E                       PISTOL CLASS:
EXPERT RIFLE QUAL: 1                 EXPERT PISTOL QUAL: 0

                                     SECRTY COMP:
SECURITY ELIGIBILITY:                SECRTY ELIG:
CODE:                                DATE:

CODE            COMPL DATE           RECERT DATE        DESC
MMB             20100915                                TAN BELT

CLAS/ASGN TEST-TYPE:                 ASVAB TEST
DATE: 20100301   GT/GCT: 0           AFQT: 88
                 RV: 0               GT: 129
                 AR: 0               MM: 124
                 AC: 0               EL: 122
                 PA: 0               CL: 117

DLAB SCORE: 0
DATE:

CODE      SCHOOLS/SPECIAL SKILLS              ST      DATE
M92       MARINE COMBAT TRAINING              PA      2010
808       RECRUIT TRAINING, MALE              PA      2010
G3L       AIRCRAFT ORDNANCE TECHNICIAN        PA      2011

INDIVIDUAL SEPARATION INFORMATION

4 OF 7

SSN: ███████████          NAME: DUNN, DANIEL A.
PRES-GRADE: E3            DATE: 20130314


FROM      TO        COMBAT OP LOC        COMBAT OP DESC


FROM      TO        VESSEL NAME                 NET SEA DAYS

SSN: ███████████                NAME: DUNN, DANIEL A.
PRES-GRADE: E3                  DATE: 20130314

AWARDS

| FROM | TO | TYPE | CODE | ENGLISH |
|------|-----|------|------|---------|
| 20100712 | 20101008 | 2 | NN | NATIONAL DEFENSE SERVICE MEDAL |
| 20110415 | 20110417 | 4 | CE | CERTIFICATE OF APPRECIATION |
| 20111210 | 20111210 | 4 | CE | CERTIFICATE OF APPRECIATION |
| 20111211 | 20111211 | 4 | CE | CERTIFICATE OF APPRECIATION |

GOOD CONDUCT MEDAL DATE:
SMCR MEDAL DATE: 20100712
ARMED FORCES RESERVE MEDAL DATE: 2010-07-12

INDIVIDUAL SEPARATION INFORMATION

6 OF 7

SSN: ██████████                    NAME: DUNN, DANIEL A.
PRES-GRADE: E3                     DATE: 20130314

VA CODE   EFFECTIVE DATE    VA CODE   EFFECTIVE DATE     VA CODE   EFFECTIVE DATE
0

INDIVIDUAL SEPARATION INFORMATION

7 OF 7

SSN: ▮▮▮▮▮▮▮▮▮                    NAME: DUNN, DANIEL A.
PRES-GRADE: E3                     DATE: 20130314

| Unit Organization | Primary Duty | Remarks |
| --- | --- | --- |
| D/S MT CO B(-) 6THMTBN 4TH MLG LUBBOCK 14652 | AIRCRAFT ORDNANCE TECHNICIAN 6531 | 20120723 JOIN RUC 14652 MCC SY4 DU |
| | MOTOR VEHICLE OPERATOR 3531 | 20120920 CHPRIDU |
| | MOTOR VECH OPR 3531 | 20120920 CHPRIDU |
| | | 20121205 DROP SPD HKQ1 C RE 04 ED 20121205 |

SSN: ██████████                    NAME: DUNN, DANIEL A.
PRES-GRADE: E3                     DATE: 20130314

| Unit Organization | Primary Duty | Remarks |
| --- | --- | --- |
| | AVIATION ORDNANCE 6531 | 20110322 CHPRIDU |
| | | 20110601 COMPL ACDUTRA 20110524 TO 20110531 TYPE D3 FLAG C |
| | | 20110607 COMPL ACDUTRA 20110601 TO 20110607 TYPE D3 FLAG F |
| | | 20110916 COMPL ACDUTRA 20110908 TO 20110916 TYPE A1 FLAG C |
| | | 20110922 COMPL ACDUTRA 20110917 TO 20110921 TYPE A1 FLAG F |
| | | 20120313 TR RUC 01773 EDA 20120403 |
| HMLA-773 (-) MAG-49 4TH MAW ROBINS AFB GA 01773 | AIRCRAFT ORDNANCE TECHNICIAN 6531 | 20120314 JOIN RUC 01773 MCC S7F DU |
| | | 20120410 COMPL ACDUTRA 20120403 TO 20120410 TYPE D3 FLAG C |
| | | 20120417 COMPL ACDUTRA 20120411 TO 20120417 TYPE D3 FLAG C |
| | | 20120424 COMPL ACDUTRA 20120418 TO 20120424 TYPE D3 FLAG C |
| | | 20120429 COMPL ACDUTRA 20120425 TO 20120429 TYPE D3 FLAG F |
| | | 20120717 TR RUC 14652 EDA 20120804 |

INDIVIDUAL SEPARATION INFORMATION

7 OF 7

SSN: ████████          NAME: DUNN, DANIEL A.
PRES-GRADE: E3          DATE: 20130314

RUC: 00000          COMPANY CODE:          RECSTAT: E
COMP CODE:          PLT CODE:          TRNGRP: A
R-RECSTAT: 9          RCOMP CODE: K4

| Unit Organization | Primary Duty | Remarks |
| --- | --- | --- |
| RECRUIT PERSONNEL SUPPORT BN RTR SAN DIEGO 34022 | BASIC MARINE W/ENL GUARANTEE 8011 | 20100712 JOIN RUC 34022 MCC 017 RECRUIT |
|  |  | 20101008 TR MCC J9Y DU EDA 20101019 |
| SCHOOL OF INFANTRY (STUD PERS) CAMP PENDLETON 33353 |  | 20101020 JOIN RUC 33353 MCC J9Y GND ENTLEVEL STUD M92 |
|  |  | 20101116 TR MCC J9M DU EDA 20101117 |
| AVIATION A&C SCHOOL (STUD) PENSACOLA 06050 |  | 20101119 JOIN RUC 06050 MCC J9M TEMINS AVNTRNG |
|  | STUD | 20101122 CHPRIDU |
|  |  | 20110128 TR MCC JAM TEM AVNTRNG EDA 20110129 |
| CTR NAVAL AVN TECH TRNG (CNATT) (STUD PERS) VIRGINIA BEACH 06116 | AIRCRAFT ORDNANCE TECHNICIAN 6531 | 20110130 JOIN RUC 06116 MCC JAM AVN ENTLEVEL STUD G3L |
|  | STUDENT 6531 | 20110201 CHPRIDU |
|  |  | 20110317 DROP SPD MBK2 H RE 1A ED 20110317 |
| VMFA-112 MAG-41 4THMAW FORT WORTH 01130 | AIRCRAFT ORDNANCE TECHNICIAN 6531 | 20110318 JOIN RUC 01130 MCC S3C DU FR IADT IDT REQ 48 |