IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:20CR142 |
| | § | Judge Jordan |
| DANIEL AUSTIN DUNN | § | |
|   a.k.a. Whiskey.Tango10 | § | |
|   a.k.a. Osama Bin Drinking | § | |
|   a.k.a. @SirAustinofDunn | § | |

## UNITED STATES' RESPONSE TO DEFENDANT'S SPEEDY TRIAL DEMAND

The United States files this response to Defendant's Demand for Speedy Trial. Consistent with the pattern of challenging even the most routine and benign procedural events in this case, the defendant now demands a speedy trial less than three months after his arrest—in the midst of a global pandemic. In what simply amounts to a diatribe against the Court's rulings thus far, the defendant's motion actually provides no legal basis for the relief he seeks, and in fact, conveniently ignores key exemptions under the Speedy Trial Act and established Supreme Court and Fifth Circuit precedent. Therefore, as set forth below, the defendant's motion should be denied.

### PROCEDURAL HISTORY

The defendant was arrested by way of complaint less than three months ago on June 9, 2020. ECF No. 3. A grand jury sitting in the Eastern District of Texas returned an eight-count indictment against this defendant shortly afterwards on June 11, 2020. ECF No. 9. Following his arrest, the Magistrate Court held two detention hearings, the first on June 18, 2020 and the second on June 30, 2020. ECF No. 21, 34. The Government

appealed the Magistrate Judge's decision to release the defendant pending trial (ECF No. 41), and this Court held a detention hearing on July 22, 2020.   ECF No. 47.   On August 6, 2020, this Court revoked the defendant's pretrial release and ruled that the defendant be detained pending trial.   ECF No. 58.

While litigating the detention issue, the parties filed multiple motions, including:

- Government's Motion for Protective Order, ECF No. 24.

- Defendant's Motion for Memorandum Opinion on Order Granting Motion to Reopen Detention, ECF. No. 32.

- Government's Motion to Continue Pretrial Conference, ECF No. 43.

- Government's Motion to Inquire, ECF. No. 46.

The Court granted the protective order governing discovery on July 20, 2020.   ECF No. 44.   In addition, on August 12, 2020, after the Court ordered the defendant detained pending trial, the Court ruled that the defendant's motion for a memorandum opinion was moot.   ECF No. 60.   This Court also granted a 90-day continuance on July 31, 2020, stating that "it appears that the relative anticipated complexity of the case and the additional time that may be required for both parties to sufficiently prepare this case for trial justify granting an ends-of-justice continuance that tolls the speedy trial clock."   ECF No. 55 at 4.   In reaching its decision to grant the continuance, the Court also noted that "Dunn, for his part, has presented no evidence or argument to dispel concern about the delays in both parties obtaining and reviewing evidence and preparing for trial, particularly in the midst of the COVID-19 pandemic."   ECF No. 55 at 3.

Still pending before the Court is the Government's unsealed Motion to Inquire (ECF

No. 46), which seeks clarification on whether defense counsel represents both the defendant and an important fact witness in this case. Because the Government filed this motion on July 22, 2020, per Local Rules, defense counsel's response was due no later than August 5, 2020. Given that no response was filed, on August 7, 2020, the Court ordered defense counsel to file a response to the Government's motion. ECF No. 59. Defense counsel claims to have complied with the Court's order on August 14, 2020, but as of August 25, 2020, a response to the Government's unsealed motion to inquire still does not appear on the electronic case docketing system. Two days prior to allegedly complying with the Court's order, on August 12, 2020, defense counsel filed the current speedy trial demand. The case is currently set for final pretrial conference for November 2, 2020, approximately five months after the defendant's arrest.

## APPLICABLE LAW

The Sixth Amendment of the Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The parameters of this right have been codified in the Speedy Trial Act ("STA") as set forth in 18 U.S.C. §§ 3161 – 3174. However, while the STA does require that trial commence within 70 days of indictment or arrest, this rule is not absolute. The STA outlines several periods of delay that are excluded from computing time limitations. 18 U.S.C. § 3161(d)(2). Specifically, the STA provides a non-exhaustive list of delays to be excluded from calculating time limitations, including:

- Delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. 18 U.S.C. § 3161(h)(1)(D).

- Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The Supreme Court and Fifth Circuit have both held that "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." *Barker v. Wingo*, 407 U.S. 514, 522 (1972); *United States v. Frye*, 372 F.3d 729, 736 (5th Cir. 2004). Because the right is so context-specific, it is "impossible to do more than generalize" about when it is violated. *Barker*, 407 U.S. at 522. The Supreme Court has also cautioned that "the amorphous quality of the [speedy trial] right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived[,] a serious consequence because it means that a defendant who may be guilty of a serious crime will go free." *Id.*

## ARGUMENT

**A. The Defendant's Speedy Trial Claim Does Not Even Trigger Judicial Analysis.**

The Court can and should dispose of the defendant's claim by looking no further than the Speedy Trial Act and relevant exemptions. As noted by the Supreme Court, in order to dive into a more involved analysis under the "Barker factors,"[1] there should be a

---

[1] The Supreme Court has outlined four issues—"*Barker* factors"—to consider in a speedy trial analysis: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992). However, the first issue, length of delay, acts as a threshold inquiry, because the defendant must show

threshold showing that the delay "stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett v. United States*, 505 U.S. 647, 652 (1992). The Fifth Circuit has held that minimum to be one year. *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993). This case is hardly two months old, far short of the time suggested by the Fifth Circuit to trigger judicial review. Save for an extended and unfounded criticism aimed at the Government and the Court about the progress of the case thus far, the defendant's motion offers no explanation as to why the Court should even entertain a speedy trial claim at this time, let alone grant it. Moreover, as explained below, the defendant conveniently ignores the speedy trial tolls that register under the STA when motions are filed or when the Court grants a continuance in the interest of justice.

### B. The Motions Filed by the Parties Render the Speedy Trial Claim Premature and Invalid.

The STA expressly excludes from the speedy trial calculation any "delay resulting from ***any pretrial motion***, from the filing of the motion through the conclusion of the

---

that the delay "stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* at 652. A delay of one year or more is generally sufficient to trigger judicial review. *Nelson v. Hargett*, 989 F.2d 847, 851-52 (5th Cir. 1993). If the defendant clears that threshold hurdle, the court must weigh the "first three *Barker* factors—length of the delay, reason for the delay, and defendant's diligence in asserting his right—against any prejudice suffered by the defendant due to the delay in prosecution." *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003) (citing *Robinson v. Whitley,* 2 F.3d 562, 570 (5th Cir.1993)).

Ordinarily, the defendant bears the burden of showing actual prejudice resulting from the delay. *Serna-Villarreal*, 352 F.3d at 230–31 (5th Cir. 2003). That burden may be relieved if the *Barker* factors weigh so heavily in the defendant's favor that prejudice is to be presumed. *Robinson*, 2 F.3d at 570 (describing situations in which the defendant would have to show varying degrees of prejudice). But the Fifth Circuit and other courts around the country have only "presumed prejudice" in cases where the delay lasted at least five years. *Serna-Villarreal*, 352 F.3d at 232.

hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D) (emphasis added). The law's broad language makes no distinction as to who files the motion or the content of the motion; any motion filed by any party qualifies. Here, in the approximately two months since the defendant's arrest, the parties have filed multiple motions and responses and litigated several issues, including three separate detention hearings and the prudence of a protective order. The motions, responses, and hearings related to the defendant's detention alone tolled the speedy trial clock by at least 8 weeks, as the Government first moved to detain the defendant on June 10, 2020 (ECF No. 7), and this Court ruled on the issue, following three hearings and extensive briefing, on August 6, 2020 (ECF No. 58).

Not only does the defendant fail to address why these pretrial motions fall outside the STA exemption, the defendant also completely ignores that the Government's Motion to Inquire (ECF No. 46) remains pending before the Court. Specifically, at issue is whether defense counsel, Temani Adams, simultaneously represents the defendant and a fact witness currently being investigated by the FBI for making false statements to the Court. Regardless of the how this issue is resolved, at the very least, its litigation likewise tolls the speedy trial clock. Moreover, this Court should not lose sight of the irony of the current speedy trial motion, which defense counsel filed *before* addressing the Court's order to respond to the Government's motion to inquire. Indeed, based solely on the delays caused by motions filed in this case, this Court can and should deny defendant's demand for a speedy trial.

### C. The Court Has Already Continued the Trial in the Interests of Justice.

The defendant ignores another relevant statutory provision of the STA, which allows for delays caused by Court's granting of a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Here, the Court provided a lengthy and reasoned opinion finding precisely this:

> From the assertions made by the Government, it appears that the relative anticipated complexity of the case and the additional time that may be required for both parties to sufficiently prepare this case for trial justify granting an ends-of-justice continuance that tolls the speedy trial clock. Given these findings, the Court will grant the Government's motion in part and continue the final pretrial conference.

ECF No. 55 at 4.  Indeed, the Court expressly found "that the ends of justice require that the continuance be excluded from speedy trial time."  ECF No. 55 at 4.  Curiously, when given the opportunity, the defendant filed no response to the Government's request for a continuance and offered nothing to the Court to suggest that a continuance would be prejudicial in any way.  In fact, counsel for the defendant offered to agree to the continuance if, in exchange, the Government withdrew its motion to revoke pretrial release. Ex. A.  The Court even noted in its Order that "Dunn, for his part, has presented no evidence or argument to dispel concern about the delays in both parties obtaining and reviewing evidence and preparing for trial, particularly in the midst of the COVID-19 pandemic."  ECF No. 55 at 3.  Indeed, it was not until nearly two weeks after the continuance was granted, and only after the Court made a final ruling on the defendant's detention, when the defendant first raised an issue with the timeline for trial.  Taken all

together, such actions suggest that the defendant's current speedy trial motion has little to do with securing a prompt and just resolution of this case.

## CONCLUSION

For the reasons above, including the defendant's failure to explain why the STA exemptions do not apply here, the United States respectfully requests that this Court deny the defendant's demand for speedy trial.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

*/s/ Anand Varadarajan*
Anand Varadarajan
Tracey Batson
Christopher A. Eason
G.R. Jackson
Assistant United States Attorneys

Texas State Bar No. 24088576
101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201
Fax: 972-509-1209
Email:   anand.varadarajan@usdoj.gov

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this motion was served on defense counsel by ECF on this 26th day of August 2020.

*/s/ Anand Varadarajan*
Anand Varadarajan