



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

OCT 0 5 2021

Clerk, U.S. District Court
Eastern District of Texas

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:20CR142 |
| | § | Judge Jordan |
| DANIEL AUSTIN DUNN | § | |
| a/k/a Whiskey.Tango10 | § | |
| a/k/a Osama bin Drinkin | § | |
| a/k/a @SirAustinOfDunn | § | |

## PLEA AGREEMENT

The defendant, **Daniel Austin Dunn**, the defendant's attorney, Patrick McLain, and the United States Attorney for the Eastern District of Texas agree to the following, pursuant to **FED. R. CRIM. P. 11(c)(1)(C)**:

1.  **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have guilt proved beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in defense; and

    e.  to not be compelled to testify against oneself.

2.  **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 875(c), Interstate Communications (Threats). The defendant

understands the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE:** The maximum penalties the Court can impose include:

   a. Imprisonment for a period not to exceed five years;

   b. a fine not to exceed $250,000.00; or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

   d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

   e. forfeiture of property involved in or traceable to the criminal offense;

   f. restitution to victims or to the community; and

   g. costs of incarceration and supervision.

4. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C):** The parties agree that the following stipulations yield the appropriate sentence in this case:

   a. The defendant will be sentenced to a term of 4 years 6 months' probation.

   b. The defendant will pay the mandatory special assessment of $100.00 at or prior to the sentencing hearing.

   c. The Court will determine and impose any fine or restitution deemed appropriate.

   d. You must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of

that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

e. The defendant shall participate in inpatient mental health treatment at Help for Heroes located in Georgetown, Texas and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with the treatment program.

f. The defendant shall submit his person, residence, office, vehicle, or an area under his control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The defendant shall warn any other residents or third parties that the premises and areas under his control may be subject to searches pursuant to this condition.

g. You must not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials, other than that approved by the U.S. Probation Office. **You are restricted to one approved device**. You must allow the U.S. Probation Office to install software on any approved device that is designed to record any and all activity on the device the defendant may use, including but not limited to capture of keystrokes, application information, Internet use history, e-mail correspondence, pictures, and chat conversations. You will pay any costs related to the monitoring of their authorized device and must advise anyone in your household that may use any authorized device in question that monitoring software has been installed. If you need access to an employer owned Internet-equipped device for employment purposes, you must advise your probation officer before using the device. The probation officer will ensure your employer is aware of your criminal history, and you must agree to use the device for work purposes only.

h. You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must disclose all on-line account information, including usernames and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware

on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage.

The defendant shall not access Internet Relay Chats or newsgroups or participate in any online social environment (i.e., Facebook, Twitter, Second Life, LinkedIn, Craigslist, FaceTime, WhatsApp, video/audio, etc.) or texting applications, which allow the user interaction unless pre-approved and authorized by the probation officer and Court.

i. The defendant's written online communications, if any, shall be conducted in the English language, unless the defendant receives the approval of the supervising officer.

j. The defendant shall not possess, view, access, or otherwise use material that reflects extremist or terroristic views or is deemed to be inappropriate by the United States Probation Office.

k. The defendant shall surrender his passport and any travel documents and must not apply for a new passport or travel documents.

l. The defendant shall not possess any firearms, destructive devices, or other dangerous weapons. The defendant further agrees that any and all guns currently in his possession will be surrendered to his father, Rick Dunn.

m. The defendant shall participate in a drug treatment program as directed by the United States Probation Office. The defendant further agrees to submit to urinalysis tests during the term of his probation.

n. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program and pay any costs associated with testing as required by the U.S. Probation Office.

The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, the defendant will be given the opportunity to withdraw from the plea.

5. **ACCEPTANCE OF RESPONSIBILITY:** The defendant understands that by

accepting responsibility and giving truthful and complete information concerning his participation in the offense of conviction he may be entitled to a reduction in his offense level under § 3E1.1 of the Sentencing Guidelines. The defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities. Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding his ability to satisfy any fines or restitution to be imposed.

6. **RESTITUTION**: The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

7. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

8.  **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

9.  **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

10. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

11. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought

under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

12.  **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

13.  **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

14.  **ENTIRETY OF AGREEMENT**: <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.</u> The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is

in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

Dated: 9/10/21

_____
TRACEY M. BATSON
Assistant United States Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 20210905

_____
DANIEL AUSTIN DUNN
Defendant

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 5 Sep 21

_____
PATRICK J. McLAIN
Attorney for Defendant